# U.S. District Court
## District of North Dakota (Eastern)
## CIVIL DOCKET FOR CASE #: <u>3:13–cv–00003–RRE–ARS</u>
### *Internal Use Only*

Ireland et al v. Anderson et al
Assigned to: Chief Judge Ralph R. Erickson
Referred to: Magistrate Judge Alice R. Senechal
Cause: 42:1983 Civil Rights Act

Date Filed: 02/12/2013
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Rodney J. Ireland**     represented by     **Christopher Brancart**
BRANCART & BRANCART
PO BOX 686
PESCADERO, CA 94060
650–879–0141
Email: cbrancart@brancart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
FREMSTAD LAW
3003 32ND AVENUE SOUTH
SUITE 240
FARGO, ND 58103
701–478–7620
Email: james@fremstadlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
FREMSTAD LAW
3003 32ND AVENUE SOUTH
SUITE 240
FARGO, ND 58103
701–478–7620
Email: joel@fremstadlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
BRANCART & BRANCART
PO BOX 686
PESCADERO, CA 94060
650–879–0141
Email: ebrancart@brancart.com
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**

BRANCART & BRANCART
77 WEST WASHINGTON
SUITE 1313
CHICAGO, IL 60602
312–857–8665
Email: tkayes@sidley.com
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Lester McGillis**                          represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Gerald DeCoteau**                          represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**William Carter**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Ryan Corman**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Dustin Dean**                                    represented by    **Christopher Brancart**
*TERMINATED: 08/03/2015*                                            (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Joel M. Fremstad**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Matthew Graham**                                 represented by    **Christopher Brancart**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **James Arthur Teigland**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Joel M. Fremstad**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Elizabeth N. Brancart**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Thomas Kayes**
                                                                    (See above for address)
                                                                    *TERMINATED: 11/21/2016*
                                                                    *PRO HAC VICE*

**Plaintiff**

**Terry Greak**                                    represented by    **Christopher Brancart**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **James Arthur Teigland**
                                                                    (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

<u>**Plaintiff**</u>

**Glenn Halton**                   represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

<u>**Plaintiff**</u>

**Robert Hoff**                    represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

<u>**Plaintiff**</u>

**Monte Hojian**                          represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

<u>**Plaintiff**</u>

**Jeremy Johnson**                          represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Joel M. Fremstad
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Elizabeth N. Brancart
(See above for address)
*ATTORNEY TO BE NOTICED*

Thomas Kayes
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Michael Kruk**                    represented by    Christopher Brancart
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

James Arthur Teigland
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Joel M. Fremstad
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Elizabeth N. Brancart
(See above for address)
*ATTORNEY TO BE NOTICED*

Thomas Kayes
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Garrett Loy**                    represented by    Christopher Brancart
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

James Arthur Teigland
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Kevette Moore**                    represented by  **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Cruz Muscha**                    represented by  **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Darin Napier**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Paul Oie**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Timothy Olpin**                  represented by  **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Larry Rubey**                  represented by  **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Christopher Simon**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Kelly Tanner**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**John Westlie**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Robert Lilley**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Darl Hehn**                                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Oliver Wardlow**                               represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Joshua Keeping**                    represented by  **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Matthew Dyer**                      represented by  **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Travis Wedmore**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Kyle Aune**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

<u>**Plaintiff**</u>

**Marcus Bartole**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

<u>**Plaintiff**</u>

**Jason Gores**                    represented by    **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

Estel Naser                            represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

Andrew Olafson                     represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**

(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Stanton Quilt**                    represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Raymond Voisine**                  represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)

*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Eugene Wegley**                    represented by    **Christopher Brancart**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **James Arthur Teigland**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Joel M. Fremstad**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Elizabeth N. Brancart**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Thomas Kayes**
                                                    (See above for address)
                                                    *TERMINATED: 11/21/2016*
                                                    *PRO HAC VICE*

**Plaintiff**

**David Anderson**                   represented by    **Christopher Brancart**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **James Arthur Teigland**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Joel M. Fremstad**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Elizabeth N. Brancart**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Thomas Kayes**
                                                    (See above for address)
                                                    *TERMINATED: 11/21/2016*

*PRO HAC VICE*

**Plaintiff**

**Eugene Fluge**                    represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Robert Beauchamp**                represented by   **Christopher Brancart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Arthur Teigland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel M. Fremstad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth N. Brancart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Kayes**
(See above for address)
*TERMINATED: 11/21/2016*
*PRO HAC VICE*

**Plaintiff**

**Sandy Mangelsen**                  represented by   **Christopher Brancart**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **James Arthur Teigland**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Joel M. Fremstad**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Elizabeth N. Brancart**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas Kayes**
                                                     (See above for address)
                                                     *TERMINATED: 11/21/2016*
                                                     *PRO HAC VICE*

**Plaintiff**

**Eugene Hinson**                    represented by   **Joel M. Fremstad**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Christopher Brancart**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Elizabeth N. Brancart**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Carol Olson**
*Executive Director*
*TERMINATED: 11/01/2013*

**Defendant**

**Maggie D. Anderson**               represented by   **Daniel L. Gaustad**
*Executive Director, North Dakota*                   PEARSON CHRISTENSEN, PLLP

*Department of Human Services, in her individual (dismissed – see Order at 244) and official capacity*
*TERMINATED: 03/21/2017*

PO BOX 5758
GRAND FORKS, ND 58206–5758
701–775–0521
Email: dan@grandforkslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph E. Quinn**
PEARSON CHRISTENSEN, PLLP
PO BOX 5758
GRAND FORKS, ND 58206–5758
701–775–0521
Email: jquinn@grandforkslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald F. Fischer**
PEARSON CHRISTENSEN
PO BOX 5758
GRAND FORKS, ND 58206–5758
701–775–0521
Email: rfischer@grandforkslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Alan Bahr**
Crowley Fleck PLLP (Bismarck)
100 West Broadway, Suite 250
P.O. Box 2798
Bismarck, ND 58502–2798
701–223–6585
Email: dbahr@crowleyfleck.com
*TERMINATED: 11/29/2016*

**Troy Thomas Seibel**
ND Labor Commissioner
600 E. Boulevard Avenue, Dept. 406
Bismarck, ND 58505
701–328–2660
Email: ttseibel@nd.gov
*TERMINATED: 09/26/2014*

**Defendant**

**Alex Schweitzer**
*in his individual capacity*
*TERMINATED: 09/30/2015*

represented by **Douglas Alan Bahr**
(See above for address)
*TERMINATED: 11/29/2016*

**Troy Thomas Seibel**
(See above for address)
*TERMINATED: 09/26/2014*

**Defendant**

**Deb Eissinger**
*Director of Nursing Quality*
*TERMINATED: 11/01/2013*

<u>Defendant</u>

**Ken Schulz**
*Chief Operating Officer*
*TERMINATED: 11/01/2013*

<u>Defendant</u>

**Dr. Ed Yabut**
*Medical Director*
*TERMINATED: 11/01/2013*

<u>Defendant</u>

**Dr. Rosalie Etherington**
*Clinical Director for Inpatient Services*
*TERMINATED: 11/01/2013*

<u>Defendant</u>

**John Doe/Jane Doe #1**
*Representative of the Fiscal Management*
*TERMINATED: 11/01/2013*

<u>Defendant</u>

**John Doe/Jane Doe #2**
*Director of Divisions of Mental Health*
*Services*
*TERMINATED: 11/01/2013*

<u>Defendant</u>

**John Doe/Jane Doe #3**
*Mental Health Service Consumer*
*TERMINATED: 11/01/2013*

<u>Defendant</u>

**John Doe/Jane Doe #4**
*Legislator*
*TERMINATED: 11/01/2013*

<u>Defendant</u>

**Kerry Wicks**
*Program Director*
*TERMINATED: 11/01/2013*

<u>Defendant</u>

**Travis Bullock**
*Security Supervisor*

Appellate Case: 17-1923    Page: 23    Date Filed: 05/01/2017 Entry ID: 4530774

*TERMINATED: 11/01/2013*

**Defendant**

**Chad Schultz**
*Security Officer*
*TERMINATED: 11/01/2013*

**Defendant**

**Jane Does/John Does #5**
*Behavioral Health Supervisors and/or*
*Direct Care Supervisors*
*TERMINATED: 11/01/2013*

**Defendant**

**Jane Does/John Does #6**
*Behavioral Health Supervisors and/or*
*Direct Care Supervisors*
*TERMINATED: 11/01/2013*

**Defendant**

**Leann Bertsch**                              represented by    **Elizabeth Ann Fischer**
*Director, North Dakota Department of*                          Office of the Attorney General
*Corrections and Rehabilitation, in her*                        500 N. 9th St.
*individual (dismissed – see Order at 244)*                     Bismarck, ND 58501
*and official capacity*                                         701–328–3621
                                                                Email: elifischer@nd.gov
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Douglas Alan Bahr**
                                                                (See above for address)
                                                                *TERMINATED: 11/29/2016*

                                                                **Troy Thomas Seibel**
                                                                (See above for address)
                                                                *TERMINATED: 09/26/2014*

**Defendant**

**State of North Dakota**                      represented by    **Daniel L. Gaustad**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Elizabeth Ann Fischer**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Joseph E. Quinn**
                                                                (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie Lawyer**
Burleigh County State's Attorney's Office
514 E. Thayer Avenue
Bismarck, ND 58501
701–222–6672
Email: jlawyer@nd.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald F. Fischer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Alan Bahr**
(See above for address)
*TERMINATED: 11/29/2016*

**Troy Thomas Seibel**
(See above for address)
*TERMINATED: 09/26/2014*

**Defendant**

**North Dakota Department of Human Services**                represented by        **Daniel L. Gaustad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph E. Quinn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald F. Fischer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Alan Bahr**
(See above for address)
*TERMINATED: 11/29/2016*

**Troy Thomas Seibel**
(See above for address)
*TERMINATED: 09/26/2014*

**Defendant**

represented by

**North Dakota Department of Corrections and Rehabilitation**

**Elizabeth Ann Fischer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Alan Bahr**
(See above for address)
*TERMINATED: 11/29/2016*

**Troy Thomas Seibel**
(See above for address)
*TERMINATED: 09/26/2014*

**Defendant**

**North Dakota State Hospital**          represented by          **Daniel L. Gaustad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph E. Quinn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald F. Fischer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Alan Bahr**
(See above for address)
*TERMINATED: 11/29/2016*

**Troy Thomas Seibel**
(See above for address)
*TERMINATED: 09/26/2014*

**Defendant**

**Dr. Rosalie Etherington**
*Superintendent of the North Dakota State Hospital*          represented by          **Daniel L. Gaustad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph E. Quinn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald F. Fischer**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Douglas Alan Bahr**
(See above for address)
*TERMINATED: 11/29/2016*

**Defendant**

**Christopher D. Jones**                    represented by  **Daniel L. Gaustad**
*Executive Director of the North Dakota*                    (See above for address)
*Department of Human Services*                              *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Joseph E. Quinn**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ronald F. Fischer**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Movant**

**Mitchell David Holbach**
*TERMINATED: 12/02/2013*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/12/2013 | 1 | | MOTION for Leave to Proceed in forma pauperis by Rodney J. Ireland. (Attachments: # 1 Proposed Complaint, # 2 Mailing Envelope, # 3 Mailing Envelope)(as) (Entered: 02/13/2013) |
| 02/13/2013 | 2 | | NOTICE of Direct Assignment as to Rodney J. Ireland. Consent/Reassignment Form due by 2/27/2013. (mailed to pro se plaintiff at NDSH)(as) (Entered: 02/13/2013) |
| 02/20/2013 | 3 | | MOTION for Leave to Proceed in forma pauperis by Gerald DeCoteau. (Attachments: # 1 Receipt Showing Account Balance, # 2 Mailing Envelope) (See proposed complaint at Doc. 1 ).(as) (Entered: 02/20/2013) |
| 02/20/2013 | 4 | | MOTION for Leave to Proceed in forma pauperis by Lester McGillis. (Attachments: # 1 Receipt Showing Account Balance, # 2 Mailing Envelope) (See proposed complaint at Document 1 ).(as) (Entered: 02/20/2013) |
| 02/20/2013 | 5 | | NOTICE of Direct Assignment as to Gerald DeCoteau. Consent/Reassignment Form due by 3/6/2013. (as) (Entered: 02/20/2013) |
| 02/20/2013 | 6 | | NOTICE of Direct Assignment as to Lester McGillis. Consent/Reassignment Form due by 3/6/2013. (as) (Entered: 02/20/2013) |
| 02/26/2013 | 7 | | CONSENT/REASSIGNMENT FORM by Gerald DeCoteau. (Attachments: # 1 Mailing Envelope)(lh) (Entered: 02/26/2013) |

| | | | |
|---|---|---|---|
| 02/26/2013 | 8 | | CONSENT/REASSIGNMENT FORM by Lester McGillis. (Attachments: # 1 Mailing Envelope)(lh) (Entered: 02/26/2013) |
| 02/27/2013 | 9 | | MOTION to have Civil Rights, Property, Possessions and Patient Rights restored to individuals by Gerald DeCoteau, Lester McGillis. (Attachments: # 1 Information on Civil Commitment, # 2 ND State Prison Treatment and Conditions vs. ND State Hospital Treatment and Conditions, # 3 Mailing Envelope)(as) (Entered: 02/27/2013) |
| 02/28/2013 | 10 | | SECOND NOTICE of Direct Assignment as to Rodney J. Ireland. Consent/Reassignment Form due by 3/7/2013. (mailed to pro se plaintiff at NDSH)(as) (Entered: 02/28/2013) |
| 03/04/2013 | 11 | | CONSENT/REASSIGNMENT FORM by Rodney J. Ireland. (Attachments: # 1 Mailing Envelope)(lh) (Entered: 03/04/2013) |
| 03/04/2013 | 14 | | SUPPLEMENT to document: 9 MOTION to have Civil Rights, Property, Possessions and Patient Rights restored to individuals by Lester McGillis. (Attachments: # 1 Mailing Envelope)(as) (Entered: 03/08/2013) |
| 03/05/2013 | 12 | | ORDER by Magistrate Judge Karen K. Klein granting 1 Motion for Leave to Proceed in forma pauperis; granting 3 Motion for Leave to Proceed in forma pauperis; granting 4 Motion for Leave to Proceed in forma pauperis. The filing fee is waived. (AS) (Entered: 03/05/2013) |
| 03/05/2013 | 13 | | COMPLAINT against All Defendants filed by Lester McGillis, Rodney J. Ireland, Gerald DeCoteau. (lh) (Entered: 03/06/2013) |
| 03/22/2013 | 15 | | SUPPLEMENT to document: 9 MOTION to have Civil Rights, Property, Possessions and Patient Rights restored to individuals by Gerald DeCoteau. (Attachments: # 1 Health and Welfare Checklist, # 2 Mailing Envelope)(as) Modified on 3/26/2013 to correct typo in docket text. (as) (Entered: 03/25/2013) |
| 03/22/2013 | 16 | | SUPPLEMENT to document: 9 MOTION to have Civil Rights, Property, Possessions and Patient Rights restored to individuals by Lester McGillis. (Attachments: # 1 Health and Welfare Checklist, # 2 Mailing Envelope)(as) (Entered: 03/25/2013) |
| 03/29/2013 | 18 | | SUPPLEMENT to document: 9 MOTION to have Civil Rights, Property, Possessions and Patient Rights restored to individuals by Lester McGillis. (Attachments: # 1 Mailing Envelope)(as) (Entered: 04/05/2013) |
| 05/06/2013 | 20 | | MOTION to Amend/Correct 13 Complaint (Motion to Amend Proper Names of Defendants on Lawsuit Filed and Add Names of Defendants Responsible for Violations Against the Plaintiffs) by Gerald DeCoteau and Lester McGillis. Note: Rodney J. Ireland did not sign pleading. (Attachments: # 1 Mailing Envelope)(lh) Modified on 5/7/2013 to remove Rodney Ireland as a filer (lf). (Entered: 05/06/2013) |
| 05/23/2013 | 23 | | SUPPLEMENT to document: 9 MOTION to have Civil Rights, Property, Possessions and Patient Rights restored to individuals by Lester McGillis. (Attachments: # 1 Mailing Envelope)(as) (Entered: 05/30/2013) |
| 05/30/2013 | 22 | | ORDER by Magistrate Judge Karen K. Klein. (AS) (Entered: 05/30/2013) |

| 06/06/2013 | 24 | | BRIEF (Memorandum of Law in Support of Constitutional Challenge to Civil Commitment of Lester D. McGillis) by Lester McGillis. (Attachments: # 1 Letter to Judge Klein, # 2 Mailing Envelope)(as) (Entered: 06/06/2013) |
|---|---|---|---|
| 06/13/2013 | 26 | | MOTION for Writ of Mandamus, MOTION for Preliminary Injunction by Rodney J. Ireland. (Attachments: # 1 Mailing Envelope)(as) (Entered: 06/13/2013) |
| 06/18/2013 | 27 | | ORDER by Magistrate Judge Karen K. Klein appointing counsel. (AS) (Entered: 06/18/2013) |
| 06/18/2013 | 28 | | ORDER by Magistrate Judge Karen K. Klein denying without prejudice 9 Motion to have Civil Rights, Property, Possessions and Patient Rights restored to individuals; denying without prejudice 20 Motion to Amend/Correct names of Defendants; denying without prejudice 26 Motion for Writ of Mandamus; denying without prejudice 26 Motion for Preliminary Injunction. (AS) (Entered: 06/18/2013) |
| 07/20/2013 | 29 | | STATUS REPORT by Gerald DeCoteau, Rodney J. Ireland, Lester McGillis. (Brancart, Christopher) (Entered: 07/20/2013) |
| 08/26/2013 | 30 | | STATUS REPORT – *SECOND* by Gerald DeCoteau, Rodney J. Ireland, Lester McGillis. (Brancart, Christopher) (Entered: 08/26/2013) |
| 08/28/2013 | 31 | | ORDER by Magistrate Judge Karen K. Klein. (AS) (Entered: 08/28/2013) |
| 10/02/2013 | 32 | | STATUS REPORT by Gerald DeCoteau, Rodney J. Ireland, Lester McGillis. (Attachments: # 1 Exhibit 1 – Petition to NDSH)(Brancart, Christopher) Modified on 10/3/2013 to add exhibit number and complete exhibit description. (rh) (Entered: 10/02/2013) |
| 10/03/2013 | | | DOCKET CORRECTION re: 32 Status Report. Clerk's office added exhibit letter and completed exhibit description. (rh) (Entered: 10/03/2013) |
| 10/11/2013 | 34 | | ORDER by Magistrate Judge Karen K. Klein. (AS) (Entered: 10/11/2013) |
| 10/20/2013 | 35 | | STATUS REPORT by Gerald DeCoteau, Rodney J. Ireland, Lester McGillis. (Brancart, Christopher) (Entered: 10/20/2013) |
| 10/22/2013 | 36 | | (Text Only) ORDER by Magistrate Judge Karen K. Klein. The amended complaint is due by 10/28/2013. (AS) (Entered: 10/22/2013) |
| 10/28/2013 | 37 | | ORDER by Magistrate Judge Karen K. Klein granting e−mail request for an extension of time to file an amended complaint. Amended complaint due by 10/30/2013. (Attachments: # 1 E−mail request for an extension of time, # 2 Order confirmation for tech support). (AS) (Entered: 10/28/2013) |
| 10/30/2013 | 38 | | STATUS REPORT by Gerald DeCoteau, Rodney J. Ireland, Lester McGillis. (Brancart, Christopher) (Entered: 10/30/2013) |
| 10/31/2013 | 39 | | ORDER by Magistrate Judge Karen K. Klein. The amended complaint is due by 10/31/2013. (AS) (Entered: 10/31/2013) |
| 11/01/2013 | 40 | | AMENDED COMPLAINT *for Injunctive and Declaratory Relief (Class Action)* against All Defendants filed by Lester McGillis, Rodney J. Ireland, Gerald DeCoteau, William Carter, Ryan Corman, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Jeremy |

| | | Johnson, Michael Kruk, Garrett Loy, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie.(Brancart, Christopher) Modified on 11/7/2013 to add filers (lf). (Entered: 11/01/2013) |
|---|---|---|
| 11/07/2013 | 41 | Summons Issued as to Maggie D. Anderson, Leann Bertsch, Alex Schweitzer. (lh) (Entered: 11/07/2013) |
| 11/07/2013 | 42 | MOTION *for Permission to Serve Subpoenas for Production* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Attachments: # 1 Proposed order)(Brancart, Christopher) (Entered: 11/07/2013) |
| 11/12/2013 | 43 | ORDER by Magistrate Judge Karen K. Klein granting 42 Motion for Permission to Serve Subpoenas for Production. (AS) (Entered: 11/12/2013) |
| 11/13/2013 | 44 | ORDER by Magistrate Judge Karen K. Klein granting plaintiffs leave to proceed in forma pauperis. (AS) (Entered: 11/13/2013) |
| 11/15/2013 | 45 | MOTION to Intervene filed in pro se status by movant Mitchell David Holbach. (Attachments: # 1 Mailing Envelope)(lc) Modified on 11/26/2013 to correct file date. Pleading was received in Clerk's Office on 11/15/13, filing instructions received by Chambers on 11/26/13. NEF regenerated. (lc) (Entered: 11/26/2013) |
| 12/02/2013 | 46 | ORDER by Magistrate Judge Karen K. Klein denying 45 Motion to Intervene. (AS) (Entered: 12/02/2013) |
| 12/03/2013 | 47 | STATUS REPORT *re Service of Subpoenas* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) (Entered: 12/03/2013) |
| 12/05/2013 | 48 | SUMMONS Returned Executed by Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Dustin Dean, Glenn Halton, Cruz Muscha, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Michael Kruk, Timothy Olpin, Matthew Graham, Garrett Loy, Kevette Moore, Robert Hoff, Gerald DeCoteau, Jeremy Johnson, William Carter, Kelly Tanner, Larry Rubey, Christopher Simon. Maggie D. Anderson served on 11/26/2013, answer due 12/17/2013 (Fremstad, Joel) (Entered: 12/05/2013) |
| 12/05/2013 | 49 | SUMMONS Returned Executed by Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Dustin Dean, Glenn Halton, Cruz Muscha, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Michael Kruk, Timothy Olpin, Matthew Graham, Garrett Loy, Kevette Moore, Robert Hoff, Gerald DeCoteau, Jeremy Johnson, William Carter, Kelly Tanner, Larry Rubey, Christopher Simon. Leann Bertsch served on 11/26/2013, answer due 12/17/2013 (Fremstad, Joel) (Entered: 12/05/2013) |
| 12/05/2013 | 50 | |

| | | | SUMMONS Returned Executed by Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Dustin Dean, Glenn Halton, Cruz Muscha, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Michael Kruk, Timothy Olpin, Matthew Graham, Garrett Loy, Kevette Moore, Robert Hoff, Gerald DeCoteau, Jeremy Johnson, William Carter, Kelly Tanner, Larry Rubey, Christopher Simon. Alex Schweitzer served on 11/25/2013, answer due 12/16/2013 (Fremstad, Joel) (Entered: 12/05/2013) |
|---|---|---|---|
| 12/12/2013 | 51 | | MOTION to Dismiss for Lack of Jurisdiction by Maggie D. Anderson, Leann Bertsch, Alex Schweitzer. (Bahr, Douglas) (Entered: 12/12/2013) |
| 12/12/2013 | 52 | | MEMORANDUM in Support re 51 MOTION to Dismiss for Lack of Jurisdiction filed by Maggie D. Anderson, Leann Bertsch, Alex Schweitzer. (Bahr, Douglas) (Entered: 12/12/2013) |
| 12/13/2013 | 54 | | NOTICE of Direct Assignment as to William Carter. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 55 | | NOTICE of Direct Assignment as to Ryan Corman. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 56 | | NOTICE of Direct Assignment as to Dustin Dean. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 57 | | NOTICE of Direct Assignment as to Matthew Graham. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 58 | | NOTICE of Direct Assignment as to Terry Greak. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 59 | | NOTICE of Direct Assignment as to Glenn Halton. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 60 | | NOTICE of Direct Assignment as to Robert Hoff. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 61 | | NOTICE of Direct Assignment as to Monte Hojian. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 62 | | NOTICE of Direct Assignment as to Jeremy Johnson. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 63 | | NOTICE of Direct Assignment as to Michael Kruk. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 64 | | NOTICE of Direct Assignment as to Garrett Loy. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 65 | | NOTICE of Direct Assignment as to Kevette Moore. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 66 | | NOTICE of Direct Assignment as to Cruz Muscha. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 67 | | NOTICE of Direct Assignment as to Darin Napier. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 68 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Direct Assignment as to Paul Oie. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 69 | | NOTICE of Direct Assignment as to Timothy Olpin. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 70 | | NOTICE of Direct Assignment as to Larry Rubey. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 71 | | NOTICE of Direct Assignment as to Christopher Simon. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 72 | | NOTICE of Direct Assignment as to Kelly Tanner. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 73 | | NOTICE of Direct Assignment as to John Westlie. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 74 | | NOTICE of Direct Assignment as to Maggie D. Anderson. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 75 | | NOTICE of Direct Assignment as to Alex Schweitzer. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/13/2013 | 76 | | NOTICE of Direct Assignment as to Leann Bertsch. Consent/Reassignment Form due by 12/27/2013. (lf) (Entered: 12/13/2013) |
| 12/18/2013 | 77 | | CONSENT/REASSIGNMENT FORM by Maggie D. Anderson, Leann Bertsch, Alex Schweitzer. (lh) (Entered: 12/18/2013) |
| 12/18/2013 | 78 | | (Text Only) ORDER REASSIGNING CASE by Chief Judge Ralph R. Erickson. Case reassigned to Chief Judge Ralph R. Erickson and referred to Magistrate Judge Karen K. Klein for all further proceedings. (lh) (Entered: 12/18/2013) |
| 01/06/2014 | 80 | | MOTION for Extension of Time to File Response/Reply as to 51 MOTION to Dismiss for Lack of Jurisdiction by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) (Entered: 01/06/2014) |
| 01/07/2014 | 81 | | (Text Only) ORDER by Magistrate Judge Karen K. Klein granting 80 Motion for Extension of Time to File Response re 51 MOTION to Dismiss for Lack of Jurisdiction. Response due by 1/20/2014. (AS) (Entered: 01/07/2014) |
| 01/21/2014 | 82 | | MOTION to Amend/Correct , MOTION for Leave to File *Second Amended Complaint* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Attachments: # 1 [Proposed] Second Amended Complaint)(Brancart, Christopher) Modified on 2/10/2014 to correct Typo. (as) (Entered: 01/21/2014) |

| 02/03/2014 | 83 | | RESPONSE to Motion re 82 MOTION to Amend/Correct MOTION for Leave to File *Second Amended Complaint* filed by Maggie D. Anderson, Leann Bertsch, Alex Schweitzer. (Bahr, Douglas) (Entered: 02/03/2014) |
|---|---|---|---|
| 02/07/2014 | 84 | | MOTION for Extension of Time to File Response/Reply as to 83 Response to Motion *for Permission to File a Second Amended Complaint* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Deb Eissinger, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) (Entered: 02/07/2014) |
| 02/10/2014 | 85 | | (Text Only) ORDER by Magistrate Judge Karen K. Klein granting 84 Motion for Extension of Time to File Reply re 82 MOTION to Amend/Correct, MOTION for Leave to File Second Amended Complaint. Reply due by 3/6/2014. (AS) (Entered: 02/10/2014) |
| 03/06/2014 | 86 | | MOTION for Leave to File Excess Pages *for REPLY in Support of Motion for Leave to File Second Amended Complaint* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Attachments: # 1 [Proposed] Plaintiffs' Reply in Support of Motion for Leave to File Second Amended Complaint)(Brancart, Christopher) (Additional attachment(s) added on 3/25/2014: # 2 [Proposed] Affidavit of Christopher Brancart, # 3 [Proposed] Motion for Judicial Notice, # 4 [Proposed] Motion to File Partial Transcript, # 5 [Proposed] Affidavit of Tyler Morrow) (as). (Entered: 03/06/2014) |
| 03/06/2014 | 87 | | *RESTRICTED – SHOULD BE ATTACHED TO MOTION AT 86 * AFFIDAVIT *of Christopher Brancart* re 86 MOTION for Leave to File Excess Pages *for REPLY in Support of Motion for Leave to File Second Amended Complaint* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Attachments: # 1 Exhibit Transcript of Mar. 8, 2012 Review Hearing in In the Interest of GLD (excerpt), # 2 Exhibit Order dated Jun. 13, 2007 in In re GLD)(Brancart, Christopher) Modified on 3/25/2014 to restrict access. (as) (Entered: 03/06/2014) |
| 03/06/2014 | 88 | | *RESTRICTED – SHOULD HAVE BEEN ATTACHED TO MOTION at 86 * MOTION re 86 MOTION for Leave to File Excess Pages *for REPLY in Support of Motion for Leave to File Second Amended Complaint Request for Judicial Notice* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) Modified on 3/25/2014 to restrict access. (as) |

| | | | |
|---|---|---|---|
| | | | (Entered: 03/06/2014) |
| 03/06/2014 | 89 | | *RESTRICTED – SHOULD HAVE BEEN ATTACHED TO MOTION at 86 * MOTION re 87 Affidavit,, *of Christopher Brancart, Exhibit 1* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) Modified on 3/25/2014 to restrict access. (as) (Entered: 03/06/2014) |
| 03/06/2014 | 90 | | *RESTRICTED – SHOULD HAVE BEEN ATTACHED TO MOTION at 86 * AFFIDAVIT *of Tyler Morrow* re 86 MOTION for Leave to File Excess Pages *for REPLY in Support of Motion for Leave to File Second Amended Complaint* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) Modified on 3/25/2014 to restrict access. (as) (Entered: 03/06/2014) |
| 03/25/2014 | | | DOCKET CORRECTION re: 87 AFFIDAVIT, 88 MOTION, 89 MOTION, and 90 AFFIDAVIT. Pleadings should have been filed as proposed documents with the MOTION at 86 . Clerk's office restricted access to documents and attached them to the Motion at 86 . (as) (Entered: 03/25/2014) |
| 03/25/2014 | 91 | | (Text Only) ORDER by Magistrate Judge Karen K. Klein granting 86 Motion for Leave to File Excess Pages. (AS) (Entered: 03/25/2014) |
| 03/25/2014 | 92 | | REPLY to Response to Motion re 82 MOTION to Amend/Correct MOTION for Leave to File *Seond Amended Complaint* filed by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) (Entered: 03/25/2014) |
| 03/25/2014 | 93 | | AFFIDAVIT *of Tyler Morrow* re 92 Reply to Response to Motion,, by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) (Entered: 03/25/2014) |
| 03/25/2014 | 94 | | MOTION for Leave to File *Partial Reporter's Transcript [LR 7(D)(1)]* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Attachments: # 1 Declaration of Christopher Brancart, # 2 Exhibit Partial Transcript of Review Hearing, Case No. 30–04–R–44, # 3 Exhibit Order in Case No. |

| | | |
|---|---|---|
| | | 30–04–R–44)(Brancart, Christopher) (Entered: 03/25/2014) |
| 03/26/2014 | 95 | (Text Only) ORDER by Magistrate Judge Karen K. Klein granting 94 Motion for Leave to File Partial Reporter's Transcript. (AS) (Entered: 03/26/2014) |
| 03/26/2014 | 96 | AFFIDAVIT of Christopher Brancart re 92 Reply to Response to Motion,, by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Attachments: # 1 Exhibit 1 – Transcript of Mar. 8, 2012 Review Hearing in In the Interest of GLD (excerpt), # 2 Exhibit 2 – Order dated Jun. 13, 2007 in In re GLD)(Brancart, Christopher) Modified on 4/2/2014 to add exhibit numbers to attachment descriptions (lh). (Entered: 03/26/2014) |
| 03/26/2014 | 97 | MOTION re 96 Affidavit,, 92 Reply to Response to Motion,, to Take Judicial Notice by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) (Entered: 03/26/2014) |
| 04/02/2014 | | *RESTRICTED – FILED IN ERROR* DOCKET CORRECTION re: 96 Affidavit, attachment 1. Partial transcript filed. Per Local Rule, filer should re–file a complete transcript using the Supplement event and link it to document 96 . (lh) Modified on 4/3/2014 to restrict docket correction; per 95 Order, the court allowed the filing of this partial transcript; NEF regenerated (lh). (Entered: 04/02/2014) |
| 05/29/2014 | 98 | ORDER by Magistrate Judge Karen K. Klein granting 97 Motion to Take Judicial Notice. (AS) (Entered: 05/29/2014) |
| 06/24/2014 | 99 | REPORT AND RECOMMENDATIONS by Magistrate Judge Karen K. Klein RECOMMENDING the 82 MOTION for Leave to File Second Amended Complaint filed by Paul Oie, Jeremy Johnson, Ryan Corman, Robert Hoff, John Westlie, Michael Kruk, Monte Hojian, Gerald DeCoteau, Darin Napier, William Carter, Cruz Muscha, Kevette Moore, Larry Rubey, Terry Greak, Garrett Loy, Kelly Tanner, Matthew Graham, Glenn Halton, Dustin Dean, Timothy Olpin, Lester McGillis, Christopher Simon, and Rodney J. Ireland be GRANTED, and the 51 MOTION to Dismiss filed by Alex Schweitzer, Maggie D. Anderson, and Leann Bertsch be found as MOOT. (Objections to R&R due by 7/11/2014. Responses to Objections due by 7/28/2014). (AS) (Entered: 06/24/2014) |
| 07/07/2014 | 100 | OBJECTION by Leann Bertsch, Alex Schweitzer, Maggie D. Anderson to 99 Report and Recommendations . (Bahr, Douglas) (Entered: 07/07/2014) |
| 07/21/2014 | 101 | RESPONSE to Motion re 99 REPORT AND RECOMMENDATIONS re 82 MOTION to Amend/Correct MOTION for Leave to File Seond Amended Complaint filed by Paul Oie, Jeremy Johnson, Ryan Corman, Robert Hoff, John Westlie, Michael Kruk, Monte Hojian, Gerald DeCoteau, filed by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Mitchell David Holbach, Rodney J. |

| | | | |
|---|---|---|---|
| | | | Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) (Entered: 07/21/2014) |
| 07/25/2014 | 102 | | ORDER ADOPTING 99 REPORT AND RECOMMENDATION; denying 51 Motion to Dismiss for Lack of Jurisdiction; granting 82 Motion to Amend/Correct; granting 82 Motion for Leave to File Second Amended Complaint by Chief Judge Ralph R. Erickson.(SH) (Entered: 07/25/2014) |
| 08/01/2014 | 103 | | MOTION for Discovery *Permitting Deposition of Inmate Confined to Prison* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) (Entered: 08/01/2014) |
| 08/01/2014 | 104 | | *RESTRICTED – WRONG EVENT SELECTED* MOTION for Discovery *Declaration of Christopher Brancart in support of Motion (Doc. 103)* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) Modified on 8/4/2014 to restrict access to document. (as) (Entered: 08/01/2014) |
| 08/01/2014 | 105 | | AFFIDAVIT of Christopher Brancart re 103 MOTION for Discovery *Permitting Deposition of Inmate Confined to Prison* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Attachments: # 1 Exhibit 1 – Belanger's Bureau of Prison's inmate locator page, # 2 Exhibit 2 – Cover and front matter to Sexually Dangerous Individual – Guilty Innocence SDI)(as) (Entered: 08/04/2014) |
| 08/04/2014 | | | DOCKET CORRECTION re: 104 MOTION. Wrong event selected. Clerk's office restricted access to document, terminated motion and refiled as AFFIDAVIT at 105 . Clerk's office also separated attachments. Pursuant to Administrative Policy Governing Electronic Filing and Service Section XIII(A) "Each individual attachment must be filed separately and must contain an exhibit letter or number, if applicable, and a description of sufficient detail to make the attachment readily identifiable to the court." SEE Guide to Filing attachments on our website (www.ndd.uscourts.gov) for further information. (as) (Entered: 08/04/2014) |
| 08/15/2014 | 106 | | RESPONSE to Motion re 103 MOTION for Discovery *Permitting Deposition of Inmate Confined to Prison* filed by Maggie D. Anderson, Leann Bertsch, Alex Schweitzer. (Attachments: # 1 Exhibit Affidavit of Kerry Wicks)(Seibel, Troy) (Entered: 08/15/2014) |

| | | | |
|---|---|---|---|
| 08/26/2014 | 107 | | REPLY to Response to Motion re 103 MOTION for Discovery *Permitting Deposition of Inmate Confined to Prison* filed by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Brancart, Christopher) (Entered: 08/26/2014) |
| 08/26/2014 | 108 | | AFFIDAVIT re 107 Reply to Response to Motion, by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie. (Attachments: # 1 Exhibit 1 – Copies of cover matter from book, Guilty Innocence, # 2 Exhibit 2 – Copies of cover matter from book, Guilty Innocence, # 3 Exhibit 3 – Copies of cover matter from book, Guilty Innocence)(Brancart, Christopher) Modified on 8/28/2014 to add descriptions to attachments(jt). (Entered: 08/27/2014) |
| 08/27/2014 | 109 | | NOTICE by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Michael Kruk, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie re 102 Order Adopting Report and Recommendations, Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Amend/Correct, Order on Motion for Leave to File, Order on Report and Recommendations,,,,, *Of The Filing Of The Second Amended Complaint* (Attachments: # 1 Second Amended Complaint)(Brancart, Christopher) (Entered: 08/27/2014) |
| 08/27/2014 | 110 | | ORDER for Rule 26(f) Planning Meeting and Rule 16(b) Scheduling Conference, and ORDER Regarding Resolution of Discovery Disputes by Magistrate Judge Karen K. Klein. (Scheduling Conference set for 9/16/2014 at 11:00 AM). (AS) (Entered: 08/27/2014) |
| 08/27/2014 | 111 | | ORDER by Magistrate Judge Karen K. Klein directing defendants to provide response. Response due by 9/8/2014. (AS) (Entered: 08/27/2014) |
| 08/27/2014 | 112 | | SECOND AMENDED COMPLAINT against All Defendants filed by Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Dustin Dean, Glenn Halton, Cruz Muscha, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Michael Kruk, Timothy Olpin, Matthew Graham, Garrett Loy, Kevette Moore, Robert Hoff, Gerald DeCoteau, Jeremy Johnson, William Carter, Kelly Tanner, Larry Rubey, Christopher Simon, Travis Wedmore, Matthew Dyer, Joshua Keeping, Oliver Wardlow, Darl Hehn, Robert Lilley.(jt) (Entered: 08/28/2014) |
| 08/28/2014 | 113 | | Summons Issued as to North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (jt) (Entered: 08/28/2014) |
| 08/28/2014 | | | DOCKET CORRECTION re: 108 Affidavit. Clerk's office added descriptions to attachments. (jt) (Entered: 08/28/2014) |
| 08/28/2014 | 114 | | |

| | | | *RESTRICTED – DUPLICATE PLEADING FILED, SEE DOCUMENT 112 * AMENDED COMPLAINT against All Defendants filed by Paul Oie, Ryan Corman, Lester McGillis, Dustin Dean, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Travis Wedmore, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Garrett Loy, Kevette Moore, Robert Hoff, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Kelly Tanner, Joshua Keeping, Larry Rubey, Christopher Simon.(Brancart, Christopher) Modified on 9/4/2014 to restrict access (lh). (Entered: 08/28/2014) |
|---|---|---|---|
| 08/28/2014 | 115 | | MOTION to Dismiss for Failure to State a Claim *(as to certain claims & parties)* by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Bahr, Douglas) (Entered: 08/28/2014) |
| 08/28/2014 | 116 | | ANSWER to 112 Amended Complaint, by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota.(Bahr, Douglas) (Entered: 08/28/2014) |
| 08/28/2014 | 117 | | MOTION for Leave to File Under Seal by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Memorandum in Support, # 2 Proposed Sealed Document, # 3 Proposed Sealed Document, # 4 Proposed Sealed Document, # 5 Proposed Sealed Document, # 6 Proposed Sealed Document, # 7 Proposed Sealed Document)(Seibel, Troy) (Entered: 08/28/2014) |
| 09/04/2014 | | | DOCKET CORRECTION re: 114 Amended Complaint. Duplicate pleading, see 112 . Clerk's office restricted access to document. (lh) (Entered: 09/04/2014) |
| 09/04/2014 | 118 | | RESPONSE to Motion re 103 MOTION for Discovery *Permitting Deposition of Inmate Confined to Prison* filed by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Seibel, Troy) (Entered: 09/04/2014) |
| 09/16/2014 | 120 | | Minute Entry for proceedings held before Magistrate Judge Karen K. Klein: Scheduling Conference held on 9/16/2014. (jo) (Entered: 09/17/2014) |
| 09/17/2014 | 119 | | MOTION for Extension of Time to File Response/Reply re: 115 MOTION to Dismiss by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Brancart, Christopher) Modified on 9/18/2014 to correct motion relief. (as) (Entered: 09/17/2014) |
| 09/18/2014 | | | DOCKET CORRECTION re: 119 MOTION for Extension of Time to File Document. Clerk's office corrected motion relief to MOTION for Extension of |

| | | | |
|---|---|---|---|
| | | | Time to File Response/Reply and linked to the MOTION to Dismiss at 115 . (as) (Entered: 09/18/2014) |
| 09/18/2014 | 121 | | (Text Only) ORDER by Magistrate Judge Karen K. Klein granting 119 Motion for Extension of Time to File Response re 115 MOTION to Dismiss for Failure to State a Claim. Response due by 10/6/2014. (AS) (Entered: 09/18/2014) |
| 09/19/2014 | 122 | | SUPPLEMENT to document: 117 MOTION for Leave to File Under Seal by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Bahr, Douglas) (Entered: 09/19/2014) |
| 09/26/2014 | 123 | | ORDER by Magistrate Judge Karen K. Klein finding as moot 117 Motion for Leave to File Under Seal. (AS) (Main Document 123 replaced on 10/3/2014 to correct plaintiff's name. NEF regenerated.) (lf). (Entered: 09/26/2014) |
| 09/26/2014 | 124 | | ORDER by Magistrate Judge Karen K. Klein granting 103 Motion for Discovery. (AS) (Main Document 124 replaced on 10/3/2014 to correct plaintiff's name. NEF regenerated.) (lf). (Entered: 09/26/2014) |
| 09/26/2014 | 125 | | SCHEDULING ORDER by Magistrate Judge Karen K. Klein. Discovery due by 12/15/2015. Plaintiff(s) Expert Witness Disclosures and Reports due by 2/15/2016. Defendant(s) Expert Witness Disclosures and Reports due by 4/15/2016. Joinder of Parties due by 4/15/2015. Amended Pleadings due by 4/15/2015. Other Nondispositive Motions due by 4/15/2015. Threshold Motions due by 10/15/2015. Dispositive Motions due by 6/15/2016. (AS) (Main Document 125 replaced on 10/3/2014 to correct plaintiff's name. NEF regenerated.) (lf). (Entered: 09/26/2014) |
| 09/26/2014 | 126 | | NOTICE of Hearing: Status Conference set for 12/23/2014 at 10:00 AM by telephone before Magistrate Judge Karen K. Klein. Defendants shall initiate the call. The telephone number for chambers is 701−297−7070. (AS) (Entered: 09/26/2014) |
| 09/26/2014 | 127 | | MEMORANDUM in Support re 115 MOTION to Dismiss for Failure to State a Claim *(as to certain claims & parties)* filed by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Order for Temporary Release, # 2 Order to Withdraw Petition, # 3 Order on Annual Review, # 4 Order, # 5 Order on Petition for Discharge)(Seibel, Troy) (Entered: 09/26/2014) |
| 09/26/2014 | 128 | | CERTIFICATE OF SERVICE by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota re 127 MEMORANDUM in Support,, (Seibel, Troy) (Entered: 09/26/2014) |
| 09/26/2014 | 129 | | NOTICE by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota *of Withdrawal of Co−Counsel for Defendants* (Seibel, Troy) (Entered: |

| | | | |
|---|---|---|---|
| | | | 09/26/2014) |
| 10/02/2014 | <u>130</u> | | ORDER by Magistrate Judge Karen K. Klein. Final Pretrial Conference set for 1/17/2017 at 10:30 AM in Chambers before Magistrate Judge Karen K. Klein. (AS) (Main Document 130 replaced on 10/3/2014 to correct plaintiff's name. NEF regenerated.) (lf). (Entered: 10/02/2014) |
| 10/02/2014 | 131 | | NOTICE of Hearing: Pretrial Conference set for 2/7/2017 at 09:00 AM in Fargo Courtroom 1 before Chief Judge Ralph R. Erickson. Trial set for 2/7/2017 at 09:30 AM in Fargo Courtroom 1 before Chief Judge Ralph R. Erickson. It has not been determined whether the trial will be by jury or whether it will be a bench trial. The trial estimate is 12 weeks. (AS) (Entered: 10/02/2014) |
| 10/03/2014 | <u>132</u> | | MOTION for Extension of Time to File Response/Reply as to <u>115</u> MOTION to Dismiss for Failure to State a Claim *(as to certain claims & parties)* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Brancart, Christopher) (Entered: 10/03/2014) |
| 10/06/2014 | 133 | | (Text Only) ORDER by Magistrate Judge Karen K. Klein granting <u>132</u> Motion for Extension of Time to File Response re <u>115</u> MOTION to Dismiss for Failure to State a Claim. Response due by 10/13/2014. (AS) (Entered: 10/06/2014) |
| 10/07/2014 | <u>134</u> | | MOTION for Extension of Time to File Response/Reply to <u>115</u> MOTION To Dismiss by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Brancart, Christopher) Modified on 10/8/2014 to correct motion relief and add link. (as) (Entered: 10/07/2014) |
| 10/08/2014 | | | DOCKET CORRECTION re: <u>134</u> MOTION for Extension of Time to File Document. Clerk's offie corrected motion relief to MOTION for Extension of Time to File Response/Reply and added a link to the Motion to Dismiss at <u>115</u>. (as) (Entered: 10/08/2014) |
| 10/08/2014 | 135 | | (Text Only) ORDER by Magistrate Judge Karen K. Klein granting <u>134</u> Motion for Extension of Time to File Response re <u>115</u> MOTION to Dismiss for Failure to State a Claim. Response due by 10/14/2014. (AS) (Entered: 10/08/2014) |
| 10/14/2014 | <u>136</u> | | RESPONSE to Motion re <u>115</u> MOTION to Dismiss for Failure to State a Claim *(as to certain claims & parties)* filed by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, |

| | | | |
|---|---|---|---|
| | | | Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Brancart, Christopher) (Entered: 10/14/2014) |
| 10/14/2014 | 137 | | AFFIDAVIT *of Christopher Brancart* re 136 Response to Motion,, by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Attachments: # 1 Exhibit Statement of Account)(Brancart, Christopher) (Entered: 10/14/2014) |
| 10/31/2014 | 138 | | REPLY to Response to Motion re 115 MOTION to Dismiss for Failure to State a Claim *(as to certain claims & parties)* filed by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Exhibit McGillis Order)(Bahr, Douglas) (Entered: 10/31/2014) |
| 11/20/2014 | 139 | | STIPULATION *re. Confidentiality Order* by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Proposed Confidentiality Order)(Bahr, Douglas) (Entered: 11/20/2014) |
| 12/03/2014 | 140 | | (Text Only) ORDER by Magistrate Judge Karen K. Klein adopting the 139 Stipulation filed by North Dakota State Hospital, State of North Dakota, North Dakota Department of Corrections and Rehabilitation, Maggie D. Anderson, Leann Bertsch, North Dakota Department of Human Services, and Alex Schweitzer. (AS) (Entered: 12/03/2014) |
| 12/03/2014 | 141 | | PROTECTIVE ORDER by Magistrate Judge Karen K. Klein. (AS) (Entered: 12/03/2014) |
| 12/15/2014 | 142 | | NOTICE of Hearing: Status Conference RESET for 3/19/2015 at 10:00 AM by telephone before Magistrate Judge Karen K. Klein. (Previously set for 12/23/2014 at 10:00 AM). Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 12/15/2014) |
| 01/13/2015 | 143 | | MOTION to Dismiss for Failure to State a Claim */Mootness* by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Bahr, Douglas) (Entered: 01/13/2015) |
| 01/13/2015 | 144 | | MEMORANDUM in Support re 143 MOTION to Dismiss for Failure to State a Claim */Mootness as to Ireland & McGillis* filed by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Ireland Order, # 2 McGillis Order)(Bahr, Douglas) (Entered: 01/13/2015) |
| 01/14/2015 | 145 | | |

| | | | |
|---|---|---|---|
| | | | Letter from Lester McGillis (Attachments: # 1 Mailing Envelope) (as) (Entered: 01/14/2015) |
| 01/23/2015 | 146 | | (Text Only) ORDER REASSIGNING CASE to Magistrate Judge Alice R. Senechal as referral judge for all further proceedings by Chief Judge Ralph R. Erickson. Magistrate Judge Karen K. Klein no longer referral judge on the case. Any previously scheduled hearings remain set for the same date and time. (kmk) (Entered: 01/23/2015) |
| 02/03/2015 | 147 | | MOTION for Extension of Time to File Response/Reply as to 143 MOTION to Dismiss for Failure to State a Claim */Mootness* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon. (Brancart, Christopher) (Entered: 02/03/2015) |
| 02/04/2015 | 148 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 147 Motion for Extension of Time to File Response re 143 MOTION to Dismiss for Failure to State a Claim – Mootness. Response due by 2/9/2015. (AS) (Entered: 02/04/2015) |
| 02/10/2015 | 149 | | MOTION for Extension of Time to File *Response and Third Amended Complaint* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin. (Brancart, Christopher) (Entered: 02/10/2015) |
| 02/11/2015 | 150 | | MOTION to Amend/Correct *Complaint and Requesting Permission to File a Third Amended Complaint* by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier. (Brancart, Christopher) Modified on 2/23/2015: SEE Proposed Revised Third Amended Complaint at 158 . (lc) (Entered: 02/11/2015) |
| 02/11/2015 | 151 | | PROPOSED THIRD AMENDED COMPLAINT against All Defendants filed by Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Dustin Dean, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Garrett Loy, Kevette Moore, Robert Hoff, Gerald DeCoteau, Jeremy Johnson, William Carter, Joshua Keeping.(Brancart, Christopher) Modified on 2/12/2015 to add text "proposed" (jt). Modified on 2/23/2015 to add link to 150 MOTION to Amend/Correct Complaint. (lc) (Entered: 02/11/2015) |
| 02/16/2015 | 152 | | NOTICE by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin re 151 Proposed |

| | | | |
|---|---|---|---|
| | | | Third Amended Complaint, *and lodging of Proposed Revised Third Amended Complaint 158* (Brancart, Christopher) Modified on 2/23/2015 to correct link and edit text. (lc) (Entered: 02/16/2015) |
| 02/16/2015 | 153 | | *RESTRICTED – WRONG EVENT SELECTED* AMENDED COMPLAINT – *Proposed Revised Third Amended Complaint* against All Defendants filed by Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Dustin Dean, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Travis Wedmore, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Garrett Loy, Kevette Moore, Robert Hoff, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Kelly Tanner, Joshua Keeping, Larry Rubey, Christopher Simon.(Brancart, Christopher) Modified on 2/23/2015 to restrict access. (lc) (Entered: 02/16/2015) |
| 02/16/2015 | 158 | | SUPPLEMENT (Proposed Revised Third Amended Complaint) to document: 150 MOTION to Amend/Correct *Complaint and Requesting Permission to File a Third Amended Complaint* filed by plaintiffs.(lc) (Entered: 02/23/2015) |
| 02/18/2015 | 154 | | MOTION for Extension of Time to File Response/Reply as to 150 MOTION to Amend/Correct *Complaint and Requesting Permission to File a Third Amended Complaint* by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Bahr, Douglas) (Entered: 02/18/2015) |
| 02/19/2015 | 155 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 154 Motion for Extension of Time to File Response re 150 MOTION to Amend/Correct Complaint and Requesting Permission to File a Third Amended Complaint. Response due by 3/15/2015. (AS) (Entered: 02/19/2015) |
| 02/19/2015 | 156 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 149 Motion for Extension of Time to File Motion for Leave to File Third Amended Complaint. (AS) (Entered: 02/19/2015) |
| 02/19/2015 | 157 | | NOTICE of Change of Address by Ryan Corman (Attachments: # 1 Mailing Envelope)(lf) (Entered: 02/19/2015) |
| 02/23/2015 | | | DOCKET CORRECTION re: # 153 Amended Complaint. Wrong event selected. Clerk's office restricted access to document and re–filed as Supplement at 158 . (lc) (Entered: 02/23/2015) |
| 02/24/2015 | 159 | | REPORT AND RECOMMENDATIONS by Magistrate Judge Alice R. Senechal re 115 MOTION to Dismiss for Failure to State a Claim *(as to certain claims & parties)* filed by North Dakota State Hospital, State of North Dakota, North Dakota Department of Corrections and Rehabilitation, Maggie D. Anderson, Leann Bertsch, North Dakota Department of Human Services, Alex Schweitzer, and 143 MOTION to Dismiss for Failure to State a Claim */Mootness* filed by North Dakota State Hospital, State of North Dakota, North Dakota Department of Corrections and Rehabilitation, Maggie D. Anderson, Leann Bertsch, North Dakota Department of Human Services, Alex Schweitzer. (Objections to R&R due by 3/10/2015). (AS) (Entered: 02/24/2015) |

| 03/02/2015 | 160 | | Letter from Lester McGillis (Attachments: # 1 Letter to Clerk's Office, # 2 Mailing Envelope) (Copy of letter mailed to Lester)(as) (Entered: 03/02/2015) |
|---|---|---|---|
| 03/05/2015 | 161 | | NOTICE of Hearing: Status Conference RESET for 4/22/2015 at 11:00 AM by telephone before Magistrate Judge Alice R. Senechal. (Previously set for 3/19/2015 at 10:00 AM). Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 03/05/2015) |
| 03/06/2015 | 162 | | OBJECTION by Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Dustin Dean, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Travis Wedmore, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Garrett Loy, Kevette Moore, Robert Hoff, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Kelly Tanner, Joshua Keeping, Larry Rubey, Christopher Simon to 159 Report and Recommendations . (Brancart, Christopher) (Entered: 03/06/2015) |
| 03/09/2015 | 163 | | OBJECTION by State of North Dakota, North Dakota State Hospital, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, Alex Schweitzer, Maggie D. Anderson to 159 Report and Recommendations . (Bahr, Douglas) (Entered: 03/09/2015) |
| 03/09/2015 | 164 | | RESPONSE to Motion re 150 MOTION to Amend/Correct *Complaint and Requesting Permission to File a Third Amended Complaint* filed by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Moore Order, # 2 Corman Order)(Bahr, Douglas) (Entered: 03/09/2015) |
| 03/31/2015 | 165 | | ORDER ADOPTING 159 REPORT AND RECOMMENDATION; staying 115 Motion to Dismiss for Failure to State a Claim pending receipt of additional briefing and a decision on the motion for leave to file an amended complaint; staying 143 Motion to Dismiss for Failure to State a Claim pending receipt of additional briefing and a decision on the motion for leave to file an amended complaint by Chief Judge Ralph R. Erickson.(SH) (Entered: 03/31/2015) |
| 04/14/2015 | 166 | | REPLY to Response to Motion re 150 MOTION to Amend/Correct *Complaint and Requesting Permission to File a Third Amended Complaint* filed by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Attachments: # 1 Exhibit Proposed Third Amended Complaint (Bookmarked))(Brancart, Christopher) (Entered: 04/14/2015) |
| 04/14/2015 | 167 | | MOTION to Amend/Correct 125 Scheduling Order,, by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, |

| | | | |
|---|---|---|---|
| | | | Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Brancart, Christopher) (Entered: 04/14/2015) |
| 04/20/2015 | 168 | | RESPONSE to Motion re 167 MOTION to Amend/Correct 125 Scheduling Order,, filed by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Bahr, Douglas) (Entered: 04/20/2015) |
| 04/21/2015 | 169 | | STATUS REPORT by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie, Rodney J. Ireland, Joshua Keeping, Michael Kruk, Jeremy Johnson, Christopher Simon, . (Brancart, Christopher) Modified on 4/22/2015 to add filers(jt). (Entered: 04/21/2015) |
| 04/21/2015 | 170 | | MOTION for Preliminary Injunction by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Brancart, Christopher) (Entered: 04/21/2015) |
| 04/21/2015 | 171 | | MEMORANDUM in Support re 170 MOTION for Preliminary Injunction filed by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Brancart, Christopher) (Entered: 04/21/2015) |
| 04/21/2015 | 172 | | AFFIDAVIT of Christopher Brancart re 170 MOTION for Preliminary Injunction by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore, John Westlie. (Attachments: # 1 Exhibit 1 – Declaration of Leslie Johnson Aldrich, # 2 Exhibit 2 – Declaration of Gregory Runge, # 3 Exhibit 3 – Declaration of Rodney Ireland, # 4 Exhibit 4 – Correspondence re Document Confiscation)(Brancart, Christopher) Modified on 4/22/2015 to add exhibit numbers to attachments(jt). (Entered: 04/21/2015) |
| 04/21/2015 | 173 | | AFFIDAVIT of Kyle Schneider re 170 MOTION for Preliminary Injunction by William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, John Westlie, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua |

| | | |
|---|---|---|
| | | Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, Oliver Wardlow, Travis Wedmore. (Attachments: # 1 Exhibit 1 – Draft Declaration of Kyle Aune, # 2 Exhibit 2 – Draft Declaration of Larry Rubey)(Brancart, Christopher) Modified on 4/22/2015 to add missing filer and exhibit numbers to attachments(jt). (Entered: 04/21/2015) |
| 04/22/2015 | | DOCKET CORRECTION re: 169 Status Report. Clerk's office added missing filers. RE 172 Affidavit of Christopher Brancart. Clerk's office added exhibit numbers to attachments. RE 173 Affidavit of Kyle Schneider. Clerk's office added missing filer and exhibit numbers to attachments. (jt) (Entered: 04/22/2015) |
| 04/22/2015 | 174 | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 167 Motion to Amend/Correct 125 Scheduling Order. Plaintiffs shall have until October 15, 2015, to file a motion for class certification. (AS) (Entered: 04/22/2015) |
| 04/22/2015 | 175 | ORDER by Magistrate Judge Alice R. Senechal amending the 125 Scheduling Order. (Discovery due by 3/15/2016. Dispositive Motions due by 8/15/2016. Other Nondispositive Motions due by 7/15/2015.) (AS) (Entered: 04/22/2015) |
| 04/22/2015 | 176 | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference held on 4/22/2015. (DR #150422–000) (lc) (Entered: 04/23/2015) |
| 04/23/2015 | 177 | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 5/12/2015 11:00 AM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 04/23/2015) |
| 04/23/2015 | 178 | NOTICE of Hearing: Status Conference set for 8/11/2015 at 11:00 AM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 04/23/2015) |
| 05/06/2015 | 179 | ORDER by Magistrate Judge Alice R. Senechal granting in part and denying in part the 150 Motion to File a Third Amended Complaint. The Clerk of Court is directed to file the Third Amended Complaint. (LS) (Entered: 05/06/2015) |
| 05/06/2015 | 180 | THIRD AMENDED COMPLAINT against Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota filed by Raymond Voisine, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Andrew Olafson, Dustin Dean, Stanton Quilt, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Eugene Wegley, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Marcus Bartole, Garrett Loy, Robert Hoff, Kyle Aune, Kevette Moore, Jason Gores, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Kelly Tanner, Joshua Keeping, Larry Rubey, Christopher Simon.(as) (Entered: 05/07/2015) |

| | | | |
|---|---|---|---|
| 05/07/2015 | 181 | | RESPONSE to Motion re 170 MOTION for Preliminary Injunction filed by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Carr Affidavit, # 2 Everson Affidavit, # 3 Lee Affidavit, # 4 Marsolek Affidavit, # 5 Welk Affidavit, # 6 Flynn Affidavit, # 7 Exhibit 1 – Attorney Visitation Policy, # 8 Exhibit 2 – Phone Policy, # 9 Exhibit 3 – Mail Policy, # 10 Exhibit 4 – Personal Property Policy, # 11 Exhibit 5 – Visitation Policy, # 12 Exhibit 6 – Grievance Policy, # 13 Exhibit Leer Email to Brancart)(Bahr, Douglas) Modified on 5/8/2015 to add exhibit numbers to attachment descriptions (lh). (Entered: 05/07/2015) |
| 05/12/2015 | 182 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 5/12/2015. (DR #150512–000) (lc) (Additional attachment(s) added on 7/14/2015: # 1 Positional Statement) (as). (Entered: 05/12/2015) |
| 05/14/2015 | 183 | | REPLY to Response to Motion re 170 MOTION for Preliminary Injunction filed by Kyle Aune, Marcus Bartole, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Christopher Brancart, # 2 Exhibit 1 – Declaration of Kyle Aune, # 3 Exhibit 2 – Declaration of Larry Rubey, # 4 Exhibit 3 – Declaration of John Westlie, # 5 Exhibit 4 – Declaration of Gerald DeCoteau with Exhibits)(Brancart, Christopher) Modified on 5/19/2015 to add descriptions to exhibits. (as) (Entered: 05/14/2015) |
| 05/19/2015 | | | DOCKET CORRECTION re: 183 REPLY to Response. Clerk's office added descriptions to exhibits. Pursuant to Administrative Policy Section XIII(A) each attachment must contain a "description of sufficient detail to make the attachment readily identifiable to the court." (as) (Entered: 05/19/2015) |
| 06/03/2015 | 184 | | ANSWER to 180 Amended Complaint,,, by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota.(Bahr, Douglas) (Entered: 06/03/2015) |
| 06/12/2015 | 185 | | REPLY to Response to Motion re 115 MOTION to Dismiss for Failure to State a Claim *(as to certain claims & parties) Supplemental Memo* filed by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Exhibit Corman Discharge Order)(Bahr, Douglas) (Entered: 06/12/2015) |
| 06/18/2015 | 186 | | MOTION to Compel by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Bahr, Douglas) (Entered: 06/18/2015) |

| 06/18/2015 | 187 | | MEMORANDUM in Support re 186 MOTION to Compel filed by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Plaintiffs' Discovery Responses, # 2 Certification of Compliance)(Bahr, Douglas) (Entered: 06/18/2015) |
|---|---|---|---|
| 06/29/2015 | 188 | | NOTICE by Maggie D. Anderson, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota *Substitution of Public Officer* (Bahr, Douglas) (Entered: 06/29/2015) |
| 07/07/2015 | 189 | | RESPONSE to Motion re 186 MOTION to Compel filed by Kyle Aune, Marcus Bartole, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit Opinion Karsjens v. Jesson)(Brancart, Christopher) (Entered: 07/07/2015) |
| 07/10/2015 | 190 | | REPLY to Response to Motion re 186 MOTION to Compel filed by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Bahr, Douglas) (Entered: 07/10/2015) |
| 07/15/2015 | 191 | | REPORT AND RECOMMENDATIONS by Magistrate Judge Alice R. Senechal re 115 MOTION to Dismiss for Failure to State a Claim *(as to certain claims & parties)* filed by North Dakota State Hospital, State of North Dakota, North Dakota Department of Corrections and Rehabilitation, Maggie D. Anderson, Leann Bertsch, North Dakota Department of Human Services, and Alex Schweitzer; and re 143 MOTION to Dismiss for Failure to State a Claim */Mootness* filed by North Dakota State Hospital, State of North Dakota, North Dakota Department of Corrections and Rehabilitation, Maggie D. Anderson, Leann Bertsch, North Dakota Department of Human Services, and Alex Schweitzer. (Objections to R&R due by 7/29/2015). (AS) (Entered: 07/15/2015) |
| 07/15/2015 | 192 | | ORDER by Magistrate Judge Alice R. Senechal granting 186 Motion to Compel. (AS) (Entered: 07/15/2015) |
| 07/15/2015 | 193 | | MOTION for Extension of Time to Amend 175 Order, Set Deadlines by Kyle Aune, Marcus Bartole, William Carter, Ryan Corman, Gerald DeCoteau, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 07/15/2015) |
| 07/17/2015 | 194 | | |

| | | | |
|---|---|---|---|
| | | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 193 Motion for Extension of Time. Defense counsel informed the court by e–mail that he has no objection to the extension. Nondispositive motions due by 7/24/2015. (lf) (Entered: 07/19/2015) |
| 07/17/2015 | | | Set/Reset Deadlines: Other Nondispositive Motions due by 7/24/2015. See Text Only Order at #194 (lf) (Entered: 07/19/2015) |
| 07/21/2015 | 195 | | STIPULATION *for Leave to File Fourth Amended Complaint* by Kyle Aune, Marcus Bartole, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit [Proposed] Fourth Amended Complaint)(Brancart, Christopher) Modified on 7/22/2015 to remove incorrect filer (Mitchell David Holbach) (js). (Entered: 07/21/2015) |
| 07/22/2015 | | | DOCKET CORRECTION re: 195 STIPULATION. Modified entry to remove incorrect filer (Mitchell David Holbach). (js) (Entered: 07/22/2015) |
| 07/23/2015 | 196 | | MOTION for Leave to File *Fifth Amended Complaint* by Kyle Aune, Marcus Bartole, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Redlined Proposed Fifth Amended Complaint, # 2 Exhibit 2 – Proposed Fifth Amended Complaint)(Brancart, Christopher) Modified on 7/24/2015 to add exhibit numbers. (rh) (Entered: 07/23/2015) |
| 07/23/2015 | 197 | | OBJECTION by Raymond Voisine, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Andrew Olafson, Dustin Dean, Stanton Quilt, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Eugene Wegley, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Marcus Bartole, Garrett Loy, Robert Hoff, Kyle Aune, Kevette Moore, Jason Gores, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Kelly Tanner, Joshua Keeping, Larry Rubey, Christopher Simon to 191 Report and Recommendations . (Brancart, Christopher) (Entered: 07/23/2015) |
| 08/03/2015 | 198 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal adopting the 195 Stipulation for Leave to File Fourth Amended Complaint filed by Stanton Quilt, Gerald DeCoteau, Cruz Muscha, Raymond Voisine, Marcus Bartole, Kevette Moore, Larry Rubey, Terry Greak, Matthew Graham, Glenn Halton, Matthew Dyer, Travis Wedmore, Christopher Simon, Rodney J. Ireland, Paul Oie, Jeremy Johnson, Ryan Corman, Robert Hoff, Joshua Keeping, Michael Kruk, John Westlie, Robert Lilley, Oliver Wardlow, Monte Hojian, Darin Napier, William Carter, Jason Gores, Estel Naser, Eugene Wegley, Garrett |

| | | | Loy, Darl Hehn, Kelly Tanner, Dustin Dean, Lester McGillis, Timothy Olpin, Kyle Aune, Andrew Olafson. The Clerk of Court is directed to file the Fourth Amended Complaint. (AS) (Entered: 08/03/2015) |
|---|---|---|---|
| 08/03/2015 | 199 | | FOURTH AMENDED COMPLAINT against Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota filed by Raymond Voisine, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Andrew Olafson, Stanton Quilt, David Anderson, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Robert Beauchamp, Sandy Mangelsen, Eugene Wegley, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Marcus Bartole, Garrett Loy, Robert Hoff, Kyle Aune, Kevette Moore, Jason Gores, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Eugene Fluge, Kelly Tanner, Larry Rubey, Joshua Keeping, Christopher Simon.(as) (Entered: 08/04/2015) |
| 08/10/2015 | 200 | | ORDER by Magistrate Judge Alice R. Senechal granting 196 Motion for Leave to File Fifth Amended Complaint. The Clerk is directed to file the Fifth Amended Complaint. Supplemental briefing due by 8/21/2015. (AS) (Entered: 08/10/2015) |
| 08/10/2015 | 201 | | FIFTH AMENDED COMPLAINT against Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota filed by Raymond Voisine, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Andrew Olafson, Stanton Quilt, David Anderson, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Robert Beauchamp, Sandy Mangelsen, Eugene Wegley, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Marcus Bartole, Garrett Loy, Robert Hoff, Kyle Aune, Kevette Moore, Jason Gores, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Eugene Fluge, Kelly Tanner, Larry Rubey, Joshua Keeping, Christopher Simon.(as) (Entered: 08/10/2015) |
| 08/10/2015 | 202 | | NOTICE of Hearing: Status Conference RESET for 8/18/2015 at 10:00 AM in Fargo Courtroom 2 before Magistrate Judge Alice R. Senechal. (Previously set for 8/11/2015 at 11:00 AM by telephone). (AS) (Entered: 08/10/2015) |
| 08/10/2015 | 203 | | NOTICE of Hearing on 170 MOTION for Preliminary Injunction: Motion Hearing set for 8/18/2015 at 10:00 AM in Fargo Courtroom 2 before Magistrate Judge Alice R. Senechal. (AS) (Entered: 08/10/2015) |
| 08/14/2015 | 204 | | MOTION for Extension of Time to Complete Discovery *to Comply with Court Order re Supplementation of Interrogatories 7, 8 and 9* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, |

| | | | |
|---|---|---|---|
| | | | Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 08/14/2015) |
| 08/17/2015 | 205 | | STATUS REPORT by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit Sample SOTEP Forms, # 2 Exhibit SDI List)(Brancart, Christopher) (Entered: 08/17/2015) |
| 08/17/2015 | 206 | | SUPPLEMENT *Declaration of Christopher Brancart* to document: 172 Affidavit,,, by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Draft Supplemental Declaration of Kyle Aune, # 2 Exhibit 2 – Assignment – Core Group)(Brancart, Christopher) (Entered: 08/17/2015) |
| 08/17/2015 | 207 | | Proposed Findings of Fact by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 08/17/2015) |
| 08/18/2015 | 208 | | AFFIDAVIT *of Elizabeth Brancart* re 170 MOTION for Preliminary Injunction by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – High Risk Sex Offender Website Page)(Brancart, Christopher) (Entered: 08/18/2015) |
| 08/18/2015 | 212 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: |

| | | | Motion Hearing held on 8/18/2015 re <u>170</u> MOTION for Preliminary Injunction. Status Conference held on 8/18/2015. Attorney James Arthur Teigland added for plaintiffs. (Court Reporter Carolyn Pekas) (lc) (Additional attachment(s) added on 8/19/2015: # <u>1</u> *SEALED* Plaintiff's Exhibit 2 – Letter to Wayne Stenehjem, # <u>2</u> Defendant's Exhibit 4 – Visitation Policy, # <u>3</u> Defendant's Exhibit 5 – Phone Policy, # <u>4</u> Plaintiff's Exhibit 6 – ND Highway Patrol Case/Incident Report. NEF regenerated.) NOTE: Attorney Brancart has been notified to file a redacted version of Exhibit 2. (lc) (Entered: 08/19/2015) |
|---|---|---|---|
| 08/19/2015 | <u>209</u> | | ORDER Setting Deadlines by Magistrate Judge Alice R. Senechal. (AS) (Entered: 08/19/2015) |
| 08/19/2015 | <u>210</u> | | TRANSCRIPT REQUEST by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey for proceedings held on 08/18/2015 before Judge Senechal (Brancart, Christopher) (Entered: 08/19/2015) |
| 08/19/2015 | 211 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting <u>204</u> Motion for Extension of Time to Complete Discovery. Defense counsel has advised the court that he does not oppose the motion. Plaintiffs' supplemental answers are due by 9/4/2015. (AS) (Entered: 08/19/2015) |
| 08/19/2015 | 213 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 9/15/2015 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 08/19/2015) |
| 08/21/2015 | <u>214</u> | | SUPPLEMENT to document: <u>136</u> Response to Motion,, by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # <u>1</u> Declaration of Christopher Brancart, # <u>2</u> Exhibit 1 – Webpages from ND Sex Offender Website)(Brancart, Christopher) (Entered: 08/21/2015) |
| 08/22/2015 | <u>215</u> | | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re <u>212</u> Motion Hearing, Status Conference, Add |

| | | | |
|---|---|---|---|
| | | | and Terminate Attorneys *Plaintiffs' Resubmission of Exhibits and Declaration Originally Submitted at Hearing* (Attachments: # 1 Exhibit 1 – Compilation of letters, redacted (Exhibit 2 from hearing–see 212 ), # 2 Exhibit 2 – Executed and revised Declaration of Kyle Aune, # 3 Exhibit 3 – Case/Incident Report ND Highway Patrol 7/29/15 (Ex 6 from hearing))(Brancart, Christopher) Modified on 8/26/2015 to add attachment descriptions (lh). (Entered: 08/22/2015) |
| 08/24/2015 | 216 | | ORDER for Transcript and Payment Under Section 530.30.20 by Chief Judge Ralph R. Erickson.(SH) (Entered: 08/24/2015) |
| 08/26/2015 | | | DOCKET CORRECTION re: 215 Notice. Clerk's office added descriptions to attachments. (lh) (Entered: 08/26/2015) |
| 09/04/2015 | 217 | | AFFIDAVIT re 181 Response to Motion,,, by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Exhibit 1– Policies)(Bahr, Douglas) Modified on 9/8/2015 to add exhibit number. (mk) (Entered: 09/04/2015) |
| 09/04/2015 | 218 | | AFFIDAVIT re 181 Response to Motion,,, by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Exhibit A – Health & Welfare Checklist)(Bahr, Douglas) Modified on 9/8/2015 to exhibit letter.(mk). (Entered: 09/04/2015) |
| 09/04/2015 | 219 | | CERTIFICATE OF SERVICE by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota re 218 Affidavit, (Bahr, Douglas) (Entered: 09/04/2015) |
| 09/04/2015 | 220 | | CERTIFICATE OF SERVICE by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota re 217 Affidavit, (Bahr, Douglas) (Entered: 09/04/2015) |
| 09/08/2015 | 221 | | NOTICE of Appearance by Elizabeth N. Brancart on behalf of All Plaintiffs (Brancart, Elizabeth) (Entered: 09/08/2015) |
| 09/09/2015 | 222 | | SUPPLEMENTAL REPORT AND RECOMMENDATIONS by Magistrate Judge Alice R. Senechal, (supplement to 191 Report and Recommendations), re 115 MOTION to Dismiss for Failure to State a Claim *(as to certain claims & parties)* and 143 MOTION to Dismiss for Failure to State a Claim */Mootness* filed by North Dakota State Hospital, State of North Dakota, North Dakota Department of Corrections and Rehabilitation, Maggie D. Anderson, Leann Bertsch, North Dakota Department of Human Services, Alex Schweitzer. (Objections to R&R due by 9/21/2015). (AS) (Entered: 09/09/2015) |
| 09/10/2015 | 223 | | MOTION for Partial Summary Judgment by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and |

| | | |
|---|---|---|
| | | Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Bahr, Douglas) (Entered: 09/10/2015) |
| 09/10/2015 | 224 | *SEALED* MEMORANDUM in Support re 223 MOTION for Partial Summary Judgment filed by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, Alex Schweitzer, State of North Dakota. (Attachments: # 1 Exhibit Rubey Order, # 2 *SEALED* Exhibit Graham Petition, # 3 Exhibit Graham Notice, # 4 Exhibit Graham Attorney Appointment, # 5 Exhibit Graham Order Following Preliminary Hearing, # 6 Exhibit Graham Commitment Order, # 7 Exhibit Ireland Letter, # 8 *SEALED* Exhibit Ireland Petition, # 9 Exhibit Ireland Notice, # 10 Exhibit Ireland Attorney Appointment, # 11 Exhibit Ireland Waiver, # 12 Exhibit Ireland Evaluation Order, # 13 Exhibit Ireland Waiver, # 14 Exhibit Ireland Commitment Order, # 15 *SEALED* Exhibit Ireland Release Order, # 16 *SEALED* Exhibit Kruk Petition, # 17 Exhibit Kruk Attorney Appointment, # 18 Exhibit Kruk Evaluation Order, # 19 *SEALED* Exhibit Lilley Petition, # 20 Exhibit Lilley Notice, # 21 Exhibit Lilley Attorney Appointment, # 22 Exhibit Lilley Evaluation Order, # 23 *SEALED* Exhibit Simon Petition, # 24 Exhibit Simon Notice, # 25 Exhibit Simon Attorney Appointment, # 26 Exhibit Simon Waiver Application, # 27 Exhibit Simon Commitment Order, # 28 *SEALED* Exhibit Westlie Petition, # 29 Exhibit Westlie Notice, # 30 Exhibit Westlie Attorney Appointment, # 31 Exhibit Westlie Waiver, # 32 Exhibit Westlie Commitment Order, # 33 Exhibit NDSH Resident Statistics)(Bahr, Douglas) Modified on 10/6/2015 to seal main document and attachments 2, 8, 15, 16, 19, 23, and 28 per Order at 248 (js). (Entered: 09/10/2015) |
| 09/15/2015 | 225 | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 9/15/2015. (DR #150915–000) (lh) (Entered: 09/15/2015) |
| 09/16/2015 | 226 | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 10/2/2015 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 09/16/2015) |
| 09/16/2015 | 227 | (Text Only) ORDER by Magistrate Judge Alice R. Senechal, pursuant to agreement of counsel during the September 15, 2015 status conference, extending deadline to respond to 223 MOTION for Partial Summary Judgment. Response due by 11/2/2015. (AS) (Entered: 09/16/2015) |
| 09/21/2015 | 228 | OBJECTION by State of North Dakota, North Dakota State Hospital, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, Alex Schweitzer, Rosalie Etherington, Maggie D. Anderson to 222 Report and Recommendations . (Bahr, Douglas) (Entered: 09/21/2015) |
| 09/21/2015 | 229 | OBJECTION by Raymond Voisine, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Andrew Olafson, Stanton Quilt, David Anderson, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Robert Beauchamp, Sandy Mangelsen, Eugene Wegley, Michael Kruk, Matthew |

| | | | |
|---|---|---|---|
| | | | Dyer, Timothy Olpin, Matthew Graham, Marcus Bartole, Garrett Loy, Robert Hoff, Kyle Aune, Kevette Moore, Jason Gores, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Eugene Fluge, Kelly Tanner, Larry Rubey, Joshua Keeping, Christopher Simon to 222 Report and Recommendations . (Attachments: # 1 Exhibit 1 – Statement of Account)(Brancart, Christopher) (Entered: 09/21/2015) |
| 09/22/2015 | 230 | | MOTION to Amend/Correct 201 Amended Complaint,,, 194 Order on Motion for Extension of Time to Amend by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit Proposed Sixth Amended Complaint)(Brancart, Elizabeth) (Entered: 09/22/2015) |
| 09/22/2015 | 231 | | AFFIDAVIT *of Elizabeth Brancart* re 230 MOTION to Amend/Correct 201 Amended Complaint,,, 194 Order on Motion for Extension of Time to Amend by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Statement of Account)(Brancart, Elizabeth) (Entered: 09/22/2015) |
| 09/22/2015 | 240 | | MOTION to Amend/Correct 194 Order on Motion for Extension by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (SEE DOCUMENT 230 .) (as) (Entered: 09/29/2015) |
| 09/24/2015 | 232 | | ORDER by Magistrate Judge Alice R. Senechal regarding discovery dispute. (AS) (Entered: 09/24/2015) |
| 09/25/2015 | 233 | | MOTION for Extension of Time to File *Response and Joint Status Report per ECF 209* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, |

| | | |
|---|---|---|
| | | Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 09/25/2015) |
| 09/25/2015 | 234 | AMENDED DOCUMENT by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. Amendment to 233 MOTION for Extension of Time to File *Response and Joint Status Report per ECF 209* . (Brancart, Elizabeth) (Entered: 09/25/2015) |
| 09/28/2015 | 235 | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 233 Motion for Extension of Time to File as amended by Doc. # 234 . On or before October 2, 2015, plaintiffs shall advise defendants whether the revised policies adequately address plaintiffs concerns. The parties shall submit a joint status report to the court by the close of business on October 15, 2015. (AS) (Entered: 09/28/2015) |
| 09/28/2015 | 236 | MOTION to Compel *Responses to Interrogatories and Document Requests* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: *SEALED* # 1 Exhibit 1 – Sex Offender Website Excerpt)(Brancart, Elizabeth) Modified on 9/29/2015 to seal attachment # 1 per Order at 241 (js). (Entered: 09/28/2015) |
| 09/28/2015 | 237 | NOTICE OF FILING OF TRANSCRIPT (Motion for Preliminary Injunction) (kk) (Entered: 09/28/2015) |
| 09/28/2015 | 238 | TRANSCRIPT of Motion for Preliminary Injunction held on August 18, 2015, before Judge Alice R. Senechal. Court Reporter/Transcriber Carolyn Taylor Pekas, Telephone number 701–297–7000. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Request Redaction due 10/5/2015. Redaction Request due 10/19/2015. Redacted Transcript Deadline set for 10/29/2015. Release of Transcript Restriction set for 12/28/2015. (kk) (Entered: 09/28/2015) |
| 09/29/2015 | 239 | RESPONSE to Objection to Report & Recommendations by State of North Dakota, North Dakota State Hospital, Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of |

| | | | |
|---|---|---|---|
| | | | Human Services, Alex Schweitzer, Rosalie Etherington, Maggie D. Anderson re 229 Objection to Report and Recommendations,,. (Bahr, Douglas) (Entered: 09/29/2015) |
| 09/29/2015 | 241 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. The Clerk is directed to seal Attachment #1 (Exhibit 1) to the 236 Motion to Compel because it contains personally identifying information. Counsel is directed to submit a redacted version of Attachment #1 (Exhibit 1), within three business days, which includes only the year of the individual's birth, rather than the full date of birth. (AS) (Entered: 09/29/2015) |
| 09/29/2015 | 242 | | REDACTION *of Exhibit 1 [236−1]* to 236 MOTION to Compel *Responses to Interrogatories and Document Requests* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Redacted Sex Offender Website Excerpt)(Brancart, Elizabeth) (Entered: 09/29/2015) |
| 09/29/2015 | 243 | | RESPONSE to Objection to Report & Recommendations by Raymond Voisine, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Andrew Olafson, Stanton Quilt, David Anderson, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Robert Beauchamp, Sandy Mangelsen, Eugene Wegley, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Marcus Bartole, Garrett Loy, Robert Hoff, Kyle Aune, Kevette Moore, Jason Gores, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Eugene Fluge, Kelly Tanner, Larry Rubey, Joshua Keeping, Christopher Simon re 228 Objection to Report and Recommendations,. (Brancart, Elizabeth) (Entered: 09/29/2015) |
| 09/30/2015 | 244 | | ORDER ADOPTING, IN PART, 191 and 222 REPORT AND RECOMMENDATIONS ; granting in part and denying in part 115 Motion to Dismiss for Failure to State a Claim; granting in part and denying in part 143 Motion to Dismiss for Failure to State a Claim by Chief Judge Ralph R. Erickson.(SH) (Entered: 09/30/2015) |
| 10/02/2015 | 245 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting the 240 Motion to Amend the Scheduling Order for the purpose of allowing plaintiffs to seek leave to file a Sixth Amended Complaint, and granting the 230 Motion to file the Sixth Amended Complaint. At the October 2, 2015 status conference, defense counsel advised the court that the motions are unopposed. Plaintiffs are directed to file the Sixth Amended Complaint. Defendants' 184 Answer to the Third Amended Complaint, which was also deemed as defendants' Answers to the Fourth and Fifth Amended Complaints, shall be considered as defendants' Answer to the Sixth Amended Complaint. (AS) (Entered: 10/02/2015) |
| 10/02/2015 | 246 | | |

| | | | |
|---|---|---|---|
| | | | SIXTH AMENDED COMPLAINT against Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota filed by Raymond Voisine, Paul Oie, Ryan Corman, Rodney J. Ireland, Lester McGillis, Timothy Olpin, Andrew Olafson, Stanton Quilt, David Anderson, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Robert Beauchamp, Sandy Mangelsen, Eugene Wegley, Michael Kruk, Matthew Dyer, Matthew Graham, Marcus Bartole, Garrett Loy, Robert Hoff, Kyle Aune, Kevette Moore, Jason Gores, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Eugene Fluge, Kelly Tanner, Joshua Keeping, Larry Rubey, Christopher Simon.(as) Modified on 10/13/2015 to add filers. (as) (Entered: 10/02/2015) |
| 10/02/2015 | 247 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 10/2/2015. (DR #151002–000) (lc) (Entered: 10/02/2015) |
| 10/05/2015 | 248 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. The Clerk is directed to seal Doc. # 224 and Attachments 2, 8, 15, 16, 19, 23, and 28 because they contain personally identifying information. Counsel is directed to submit redacted versions of the documents, within five business days, which include only the years of each individual's birth, rather than the full date of birth. (AS) (Entered: 10/05/2015) |
| 10/06/2015 | 249 | | REDACTION to 224 MEMORANDUM in Support,,,,,, by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Attachments: # 1 Exhibit Graham Petition (224–2), # 2 Exhibit Ireland Petition (224–8), # 3 Exhibit Ireland Release (224–15), # 4 Exhibit Kruk Petition (224–16), # 5 Exhibit Lilley Petition (224–19), # 6 Exhibit Simon Petition (224–23), # 7 Exhibit Westlie Petition (224–28))(Bahr, Douglas) (Entered: 10/06/2015) |
| 10/08/2015 | 250 | | MOTION for Leave to File Under Seal by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (mk). (Entered: 10/08/2015) |
| 10/08/2015 | 251 | | MEMORANDUM in Support re 250 MOTION for Leave to File Under Seal filed by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (Entered: 10/08/2015) |
| 10/09/2015 | 252 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 250 Motion for Leave to File Under Seal. Per email correspondence from Plaintiffs' counsel, the motion is unopposed. (LS) (Entered: 10/09/2015) |
| 10/09/2015 | 253 | | RESPONSE to Motion re 236 MOTION to Compel *Responses to Interrogatories and Document Requests* filed by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and |

| | | | |
|---|---|---|---|
| | | | Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (Entered: 10/09/2015) |
| 10/12/2015 | 254 | | STIPULATION re 125 Scheduling Order,, 175 Order, Set Deadlines *and Application for Order Amending Deadlines* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 10/12/2015) |
| 10/13/2015 | 255 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal adopting in part the 254 Stipulation filed by Stanton Quilt, David Anderson, Eugene Fluge, Gerald DeCoteau, Cruz Muscha, Raymond Voisine, Marcus Bartole, Kevette Moore, Larry Rubey, Terry Greak, Matthew Graham, Glenn Halton, Matthew Dyer, Travis Wedmore, Christopher Simon, Rodney J. Ireland, Paul Oie, Jeremy Johnson, Robert Beauchamp, Ryan Corman, Robert Hoff, Joshua Keeping, Michael Kruk, John Westlie, Robert Lilley, Oliver Wardlow, Monte Hojian, Darin Napier, William Carter, Jason Gores, Sandy Mangelsen, Estel Naser, Eugene Wegley, Garrett Loy, Darl Hehn, Kelly Tanner, Lester McGillis, Timothy Olpin, Kyle Aune, Andrew Olafson. No final status conference is currently scheduled for 12/23/2016 at 10:00 AM, but, per the parties' request, the court will schedule a final status conference for 4/24/2017 at 10:00 AM. Trial will commence on 6/20/2017. (LS) (Entered: 10/13/2015) |
| 10/13/2015 | | | Set/Reset Deadlines: Discovery due by 7/15/2016. Plaintiff(s) Expert Witness Disclosures and Reports due by 5/6/2016. Defendant(s) Expert Witness Disclosures and Reports due by 7/6/2016. Dispositive Motions due by 1/27/2017. Other Nondispositive Motions due by 12/30/2016. (LS) (Entered: 10/13/2015) |
| 10/13/2015 | 256 | | NOTICE of Hearing: Status Conference set for 4/24/2017 at 10:00 AM by telephone before Magistrate Judge Alice R. Senechal. Plaintiff shall initiate the call. The telephone number for chambers is 701–297–7070. (LS) (Entered: 10/13/2015) |
| 10/13/2015 | 257 | | NOTICE of Hearing: Final Pretrial Conference RESET for 5/16/2017 at 10:00 AM in Chambers before Magistrate Judge Alice R. Senechal. (Previously set for 1/17/2017 at 10:30 AM). (LS) (Entered: 10/13/2015) |
| 10/13/2015 | 258 | | NOTICE of Hearing:Pretrial Conference RESET for 6/20/2017 at 09:00 AM in Fargo Courtroom 1 before Chief Judge Ralph R. Erickson. (Previously set for 2/7/2017 at 09:00 AM). Jury Trial RESET for 6/20/2017 at 09:30 AM in Fargo Courtroom 1 before Chief Judge Ralph R. Erickson. (Previously set for 2/7/2017 at 09:30 AM). (Trial est. 12 weeks). (LS) (Entered: 10/13/2015) |
| 10/13/2015 | 259 | | MOTION for Reconsideration re 255 Order, *and Clarification re Order Resetting Deadlines* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, |

| | | | |
|---|---|---|---|
| | | | Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) Modified on 10/19/2015 to include filer David Anderson (js). (Entered: 10/13/2015) |
| 10/14/2015 | 260 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 259 Motion for Clarification re 255 Order adopting in part the 254 Stipulation. Plaintiffs' motion for class certification due by 2/5/2016. Plaintiffs' rebuttal expert reports due by 8/5/2016. Discovery motions due by 7/15/2016. Expert discovery and expert discovery motions due by 11/10/2016. (LS) (Entered: 10/14/2015) |
| 10/14/2015 | | | Set/Reset Deadlines: Expert Discovery due by 11/10/2016. (LS) (Entered: 10/14/2015) |
| 10/14/2015 | 261 | | STATUS REPORT *re Preliminary Injunction Motion and Proposed Briefing Schedule* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 10/14/2015) |
| 10/15/2015 | 262 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal adopting the 261 Proposed Briefing Schedule regarding plaintiffs' 170 MOTION for Preliminary Injunction. Briefs on the outstanding issues are due by 10/30/2015 and are limited to five pages. Any responses are due by 11/6/2015 and are limited to five pages. (AS) (Entered: 10/15/2015) |
| 10/15/2015 | 263 | | ORDER by Magistrate Judge Alice R. Senechal regarding discovery dispute. (AS) (Entered: 10/15/2015) |
| 10/15/2015 | 264 | | STIPULATION *Regarding Secured Services* by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (Entered: 10/15/2015) |
| 10/16/2015 | 265 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal adopting the 264 Stipulation Regarding Secured Services filed by North Dakota State Hospital, State of North Dakota, North Dakota Department of Corrections and Rehabilitation, Maggie D. Anderson, Leann Bertsch, North Dakota Department of Human Services, and Rosalie Etherington. (AS) (Entered: 10/16/2015) |
| 10/16/2015 | 266 | | NOTICE of Hearing: Status Conference set for 12/18/2015 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 10/16/2015) |

| 10/16/2015 | 267 | | REPLY to Response to Motion re 236 MOTION to Compel *Responses to Interrogatories and Document Requests* filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Elizabeth Brancart, # 2 Exhibit 1 – Excerpt of "Behavior Health Services March 2011", # 3 Exhibit 2 – Email from Elizabeth Brancart to Court dated September 11, 2015, # 4 Exhibit 3 – Email from Douglas Bahr to Court dated September 21, 2015, # 5 Exhibit 4 – Answers to Plaintiffs' Sixth Set of Interrogatories to Defendant Maggie Anderson (Nos. 28–29))(Brancart, Elizabeth) Modified on 10/19/2015 to correct exhibit descriptions.(mk) (Entered: 10/16/2015) |
| 10/19/2015 | | | DOCKET CORRECTION re: 267 Reply to Response to Motion. Clerk's office corrected descriptions to attachments. (mk) (Entered: 10/19/2015) |
| 10/19/2015 | | | DOCKET CORRECTION re: 259 (MOTION for Reconsideration). Modified entry to reflect/include correct filer (David Anderson). (js) (Entered: 10/19/2015) |
| 10/20/2015 | 268 | | MOTION to Continue *Rule 72 filing deadline* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 10/20/2015) |
| 10/21/2015 | 269 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 268 Motion to Continue Rule 72 filing deadline. Plaintiffs' Rule 72 appeal of the 263 Order due by 11/23/2015. (LS) (Entered: 10/21/2015) |
| 10/26/2015 | 270 | | MOTION to Continue *Deadline for Filing Response to Defendants' Motion for Partial Summary Judgment* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 10/26/2015) |
| 10/27/2015 | 271 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 270 Motion to Continue Deadline for Filing Response to |

| | | | Defendants' 223 Motion for Partial Summary Judgment. Response due by 2/19/2016. (LS) (Entered: 10/27/2015) |
|---|---|---|---|
| 10/27/2015 | | | Set/Reset Deadlines as to 223 MOTION for Partial Summary Judgment . Responses due by 2/19/2016 (as) (Entered: 10/27/2015) |
| 10/30/2015 | 272 | | BRIEF re 261 Status Report,, by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (Entered: 10/30/2015) |
| 10/31/2015 | 273 | | *RESTRICTED – STRIKEN* BRIEF *In Support Of Motion For Preliminary Injunction* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Rodney J. Ireland, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore. (Brancart, Christopher) Modified on 11/3/2015 to restrict access per Order at 276 . (as) (Entered: 10/31/2015) |
| 11/02/2015 | 274 | | MOTION to Strike 273 Brief,, by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (Entered: 11/02/2015) |
| 11/02/2015 | 275 | | MOTION to Amend/Correct 273 Brief,, by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit Proposed Corrected Brief)(Brancart, Christopher) (Entered: 11/02/2015) |
| 11/03/2015 | 276 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 274 Motion to Strike 273 Brief, and granting 275 Motion to Correct 273 Brief. Plaintiffs are directed to file the corrected brief. (AS) (Entered: 11/03/2015) |
| 11/03/2015 | 277 | | MEMORANDUM in Support re 170 MOTION for Preliminary Injunction filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 11/03/2015) |
| 11/06/2015 | 278 | | |

| | | | BRIEF re 277 MEMORANDUM in Support,, by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (Entered: 11/06/2015) |
|---|---|---|---|
| 11/06/2015 | 279 | | REPLY to Response to Motion re 170 MOTION for Preliminary Injunction filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 11/06/2015) |
| 11/16/2015 | 280 | | MOTION for Extension of Time to File *Rule 72 Appeal re Discovery Order 263* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 11/16/2015) |
| 11/17/2015 | 281 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 280 Motion for Extension of Time to File Rule 72 Appeal re 263 Discovery Order. Appeal due by 12/14/2015. (AS) (Entered: 11/17/2015) |
| 11/24/2015 | 282 | | NOTICE of Appearance by Daniel L. Gaustad on behalf of Maggie D. Anderson, Rosalie Etherington, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota (Gaustad, Daniel) (Entered: 11/24/2015) |
| 11/24/2015 | 283 | | CERTIFICATE OF SERVICE by Maggie D. Anderson, Rosalie Etherington, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota re 282 Notice of Appearance (Gaustad, Daniel) (Entered: 11/24/2015) |
| 12/08/2015 | 284 | | REPORT AND RECOMMENDATIONS by Magistrate Judge Alice R. Senechal recommending the 170 MOTION for Preliminary Injunction filed by Paul Oie, Jeremy Johnson, Ryan Corman, Robert Hoff, Joshua Keeping, John Westlie, Michael Kruk, Robert Lilley, Oliver Wardlow, Monte Hojian, Gerald DeCoteau, Darin Napier, William Carter, Cruz Muscha, Kevette Moore, Larry Rubey, Darl Hehn, Terry Greak, Garrett Loy, Kelly Tanner, Matthew Graham, Glenn Halton, Matthew Dyer, Dustin Dean, Travis Wedmore, Timothy Olpin, Lester McGillis, Christopher Simon, and Rodney J. Ireland be denied. (Objections to R&R due by 12/22/2015). (AS) (Entered: 12/08/2015) |
| 12/10/2015 | 285 | | MOTION for Extension of Time to File *Rule 72 Appeal re Discovery Order 263* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene |

| | | | |
|---|---|---|---|
| | | | Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 12/10/2015) |
| 12/10/2015 | 286 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 285 Motion for Extension of Time to File Rule 72 Appeal re 263 Discovery Order. Appeal due by 1/11/2016. (AS) (Entered: 12/10/2015) |
| 12/15/2015 | 287 | | ORDER by Magistrate Judge Alice R. Senechal granting in part and denying in part 236 Motion to Compel Responses to Interrogatories and Document Requests. (AS) (Entered: 12/15/2015) |
| 12/17/2015 | 288 | | STATUS REPORT by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 12/17/2015) |
| 12/17/2015 | 289 | | STATUS REPORT by Maggie D. Anderson. (Gaustad, Daniel) (Entered: 12/17/2015) |
| 12/17/2015 | 290 | | CERTIFICATE OF SERVICE by Maggie D. Anderson re 289 Status Report (Gaustad, Daniel) (Entered: 12/17/2015) |
| 12/18/2015 | 291 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference held on 12/18/2015. (DR #151218–001 JS Chambers Recorder) (as) (Entered: 12/18/2015) |
| 12/21/2015 | 292 | | MOTION for Extension of Time to File *Rule 72 Objection to Report and Recommendation Denying Plaintiffs' Motion for Preliminary Injunction (ECF 284)* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 12/21/2015) |
| 12/22/2015 | 293 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 292 Motion for Extension of Time to File. Objections to 284 R&R due by 12/31/2015. (LS) (Entered: 12/22/2015) |
| 12/22/2015 | | | Set/Reset Deadlines as to 284 Report and Recommendations, Set Deadlines. Objections to R&R due by 12/31/2015 (as) (Entered: 12/22/2015) |

| 12/29/2015 | 294 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 1/5/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 12/29/2015) |
|---|---|---|---|
| 12/29/2015 | 295 | | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 263 Order and 287 Order on Motion to Compel (Attachments: # 1 Declaration of Christopher Brancart, # 2 Exhibit 1 – Draft Declaration of Eugene Hinson, # 3 Exhibit 2 – Draft Declaration of Patrick Seibel, # 4 Exhibit 3 – Draft Declaration of Nelson Whitetail)(Brancart, Christopher) Modified on 12/30/2015 to add link to 263 Order. (mk) (Entered: 12/29/2015) |
| 12/29/2015 | 296 | | *RESTRICTED – DUPLICATE PLEADING FILED, SEE DOCUMENT 295 * APPEAL OF MAGISTRATE JUDGE DECISION to District Court by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 263 Order (Attachments: # 1 Declaration of Christopher Brancart, # 2 Exhibit 1 – Draft Declaration of Eugne Hinson, # 3 Exhibit 2 – Draft Declaration of Patrick Seibel, # 4 Exhibit 3 – Draft Declaration of Nelson Whitetail)(Brancart, Christopher) Modified on 12/30/2015 to restrict access. (mk) (Entered: 12/29/2015) |
| 12/30/2015 | | | DOCKET CORRECTION re: 295 Appeal of Magistrate Judge Decision. Clerk's office added link to 263 Order. DOCKET CORRECTION re: 296 Appeal of Magistrate Judge Decision. Duplicate pleading, see 295 . Clerk's office restricted access to document. (mk) (Entered: 12/30/2015) |
| 12/31/2015 | 297 | | OBJECTION by Raymond Voisine, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Andrew Olafson, Dustin Dean, Stanton Quilt, David Anderson, Glenn Halton, Darl Hehn, Cruz Muscha, Robert Lilley, Darin Napier, Terry Greak, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Robert Beauchamp, Sandy Mangelsen, Eugene Wegley, Michael Kruk, Matthew Dyer, Timothy Olpin, Matthew Graham, Marcus Bartole, Garrett Loy, Robert Hoff, Kyle Aune, Kevette Moore, Jason Gores, Gerald DeCoteau, Oliver Wardlow, Jeremy Johnson, William Carter, Eugene Fluge, Kelly Tanner, Larry Rubey, Joshua Keeping, Christopher Simon to 284 Report and Recommendations *Re Plaintiffs' Motion for Preliminary Injunction*. (Brancart, Christopher) (Entered: 12/31/2015) |

| | | | |
|---|---|---|---|
| 01/01/2016 | 298 | | STATUS REPORT *for January 5, 2016 Conference* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie, Rodney Ireland, Paul Oie and Eugene Fluge. (Brancart, Christopher) Modified on 1/4/2016 to add missing filers. (mk) (Entered: 01/01/2016) |
| 01/04/2016 | | | DOCKET CORRECTION re: 298 Status Report. Modified entry to add missing filers: Rodney Ireland, Paul Oie and Eugene Fluge. (mk) (Entered: 01/04/2016) |
| 01/04/2016 | 299 | | STATUS REPORT by Maggie D. Anderson, Rosalie Etherington, North Dakota Department of Human Services, North Dakota State Hospital. (Gaustad, Daniel) (Entered: 01/04/2016) |
| 01/05/2016 | 300 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. Per discussion at the January 5, 2016 status conference, the defendants' response to the plaintiffs' 295 Appeal of Magistrate Judge Decision to District Court is due by 1/15/2016, the defendants' response to the plaintiffs' 297 Objection to 284 Report and Recommendations is due by 1/18/2016, the plaintiffs' response to the defendants' 223 Motion for Partial Summary Judgment is due by 5/1/2016, the plaintiffs' motion for class certification is due by 4/5/2016, and the expert witness deadlines, discovery deadline, and expert discovery deadline are suspended. (AS) (Entered: 01/05/2016) |
| 01/05/2016 | 301 | | NOTICE of Hearing: Status Conference set for 3/2/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 01/05/2016) |
| 01/05/2016 | 302 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 1/5/2016. (DR #160105–000) (lc) (Entered: 01/05/2016) |
| 01/05/2016 | | | Set/Reset Deadlines as to 223 MOTION for Partial Summary Judgment . Responses due by 5/1/2016 (js) (Entered: 01/05/2016) |
| 01/05/2016 | | | Set/Reset Deadlines as to 295 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl. Responses due by 1/15/2016 (js) (Entered: 01/05/2016) |
| 01/05/2016 | | | Expert witness deadlines, discovery deadline, and expert discovery deadline terminated. (js) (Entered: 01/06/2016) |
| 01/06/2016 | 303 | | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester |

| | | | McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 302 Status Conference – Discovery Dispute – *Request for Clarification* (Brancart, Christopher) (Entered: 01/06/2016) |
|---|---|---|---|
| 01/07/2016 | 304 | | ORDER by Magistrate Judge Alice R. Senechal re 303 Request for Clarification. (AS) (Entered: 01/07/2016) |
| 01/13/2016 | 305 | | RESPONSE to 297 Objection to Report and Recommendation re 284 Report and Recommendations, Set Deadlines,,,, filed by Maggie D. Anderson, Rosalie Etherington, North Dakota Department of Human Services, North Dakota State Hospital. (Gaustad, Daniel) Modified on 1/14/2016to add link (lh). (Entered: 01/13/2016) |
| 01/15/2016 | 306 | | BRIEF re 295 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (Entered: 01/15/2016) |
| 01/25/2016 | 307 | | NOTICE (Declaration of Kyle Schneider) re: 295 APPEAL OF MAGISTRATE JUDGE DECISION by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Mitchell David Holbach, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie (Attachments: # 1 Exhibit Declaration of Eugene Hinson, # 2 Exhibit Declaration of Patrick Seibel)(Brancart, Christopher) Modified on 1/26/2016 to add link. (as) (Entered: 01/25/2016) |
| 01/26/2016 | | | DOCKET CORRECTION re: 307 NOTICE. Clerk's office added link to 295 APPEAL OF MAGISTRATE JUDGE DECISION. (as) (Entered: 01/26/2016) |
| 02/02/2016 | 308 | | NOTICE (Declaration of Kyle Schneider) re 295 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Mitchell David Holbach, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie (Attachments: # 1 Exhibit Declaration of Nelson Whitetail)(Brancart, Christopher)(as) (Entered: 02/02/2016) |

| | | | |
|---|---|---|---|
| 02/08/2016 | 309 | | MOTION for Leave to Appear Pro Hac Vice Attorney Thomas Kayes (Filing fee $150, receipt number 316000171) by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (as) (Main Document 309 replaced on 2/10/2016 to remove ECF form.) (as) (Entered: 02/09/2016) |
| 02/10/2016 | 310 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 309 Motion for Leave to Appear Pro Hac Vice for Attorney Thomas Kayes. (LS) NEF regenerated to PHV attorney Thomas Kayes on 2/10/2016 (lf). (Entered: 02/10/2016) |
| 02/24/2016 | 311 | | MOTION to Compel *Responses to Interrogatories and Document Requests* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Elizabeth Brancart, # 2 Exhibit 1 – Answers to Plaintiffs Fourth Set of Interrogatories to Defendant Maggie Anderson (Nos. 9–24), # 3 Exhibit 2 – Answers to Plaintiffs Fifth Set of Interrogatories to Defendant Maggie Anderson (Nos. 25–27), # 4 Exhibit 3 – Answers to Plaintiffs Sixth Set of Interrogatories to Defendant Maggie Anderson (Nos. 28–29), # 5 Exhibit 4 – Answers to Plaintiffs Fifth Request for Production to Defendant State of North Dakota (Nos. 32–55), # 6 Exhibit 5 – SDI Annual Re–Evaluation (redacted), # 7 Exhibit 6 – SDI Order (redacted), # 8 Exhibit 7 – Order on Petition for Discharge, Case No. 28–10–R–00004, # 9 Exhibit 8 – Email from Mike Mullen to Kerry Wicks dated October 31, 2008)(Brancart, Elizabeth) (Entered: 02/24/2016) |
| 03/01/2016 | 312 | | STATUS REPORT *re ESI Conferences* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 03/01/2016) |
| 03/02/2016 | 313 | | STATUS REPORT *Re March 2, 2016 Conference* by Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy |

| | | | |
|---|---|---|---|
| | | | Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 03/02/2016) |
| 03/02/2016 | 314 | | BRIEF re 313 Status Report, *Defendants' Status Report & Response to #313* by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 03/02/2016) |
| 03/02/2016 | 315 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference held on 3/2/2016. (DR #160302–000.mp3 JS Chambers Recorder) (as) (Entered: 03/02/2016) |
| 03/02/2016 | 316 | | NOTICE of Hearing: Status Conference set for 4/27/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 03/02/2016) |
| 03/08/2016 | 317 | | RESPONSE to Motion re 311 MOTION to Compel *Responses to Interrogatories and Document Requests* filed by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Affidavit of Douglas A. Bahr, # 2 Exhibit A – Plaintiff David Anderson's Second Set of Interrogatories to Defendant Dr. Rosalie Etherington (Nos. 37–38), # 3 Plaintiff David Anderson's First Set of Interrogatories to Defendant Leeann Bertsch (No. 39))(Gaustad, Daniel) (Entered: 03/08/2016) |
| 03/14/2016 | 318 | | STATUS REPORT *Updating Relief sought in Pending Rule 72 Appeal [ECF 295] and Pending Motion to Compel 311* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 03/14/2016) |
| 03/15/2016 | 319 | | REPLY to Response to Motion re 311 MOTION to Compel *Responses to Interrogatories and Document Requests* filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Christopher Brancart, # 2 Exhibit 1 – Compilation of Text of Requests for Production of Documents)(Brancart, Christopher) Modified on 3/16/2016 to add exhibit number. (rh) (Entered: 03/15/2016) |
| 03/21/2016 | 320 | | MOTION for Hearing by William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, |

| | | | Glenn Halton, Darl Hehn, Monte Hojian, Joshua Keeping, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Andrew Olafson, Timothy Olpin, Stanton Quilt, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie *Request Discovery Conference* (Brancart, Christopher) Modified on 3/22/2016 to correct event and remove terminated filer. NEF Regenerated (js). (Entered: 03/21/2016) |
|---|---|---|---|
| 03/22/2016 | <u>321</u> | | STATUS REPORT by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (Entered: 03/22/2016) |
| 03/22/2016 | | | DOCKET CORRECTION re: <u>320</u> (NOTICE). Document should have been filed as a motion. Clerks Office corrected the event from (NOTICE) to (MOTION for Hearing) and regenerated the NEF. (js) (Entered: 03/22/2016) |
| 03/22/2016 | <u>322</u> | | RESPONSE to Motion re <u>320</u> MOTION for Hearing filed by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 03/22/2016) |
| 03/22/2016 | 323 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting <u>320</u> Motion for Hearing. Status Conference set for 4/1/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 03/22/2016) |
| 03/24/2016 | <u>324</u> | | ORDER ADOPTING <u>284</u> REPORT AND RECOMMENDATIONS; affirming in part and reversing in part October 15, 2015 Order and Affirming December 15, 2015 Order re <u>295</u> Appeal of Magistrate Judge Decision; and denying <u>170</u> Motion for Preliminary Injunction by Chief Judge Ralph R. Erickson.(SH) (Entered: 03/24/2016) |
| 03/31/2016 | <u>325</u> | | MOTION to Continue *Deadline for Filing Motion for Class Certification* by David Anderson, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 03/31/2016) |
| 04/01/2016 | <u>328</u> | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 4/1/2016. (DR #160401–000.mp3) (as) (Entered: 04/04/2016) |
| 04/04/2016 | 326 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed <u>325</u> Motion to Continue Deadline for Filing Motion for Class Certification. Plaintiffs' Motion for class certification is due by 4/22/2016. Per discussion at the 4/1/2016 status conference, defendants shall have 30 days to respond to the motion. (AS) (Entered: 04/04/2016) |
| 04/04/2016 | 327 | | |

| | | | |
|---|---|---|---|
| | | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. Per discussion at the 4/1/2016 status conference, plaintiffs' response to defendants' 223 MOTION for Partial Summary Judgment is due by 6/1/2016. (AS) (Entered: 04/04/2016) |
| 04/04/2016 | | | Set/Reset Deadlines as to 223 MOTION for Partial Summary Judgment. Response due by 6/1/2016. (AS) (Entered: 04/04/2016) |
| 04/06/2016 | 329 | | ORDER by Magistrate Judge Alice R. Senechal regarding discovery dispute. (AS) (Entered: 04/06/2016) |
| 04/06/2016 | 330 | | Plaintiffs Position Papers re 328 Status Conference – Discovery Dispute. (as) (Entered: 04/06/2016) |
| 04/06/2016 | 331 | | Defendants Position Papers re 328 Status Conference – Discovery Dispute. (as) (Entered: 04/06/2016) |
| 04/11/2016 | 332 | | OBJECTION *for Production of Documents by North Dakota State's Attorneys* by State of North Dakota. (Attachments: # 1 Exhibit Subpoena to Produce Documents, Information or Objects or to Permit Inspection, # 2 Exhibit Stipulation for Continuation)(Lawyer, Julie) (Entered: 04/11/2016) |
| 04/15/2016 | 333 | | MOTION for Leave to File Excess Pages *in Support and Response to Plaintiffs' Motion for Class Certification* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) Modified on 4/18/2016 to remove incorrect filer (Mitchell David Holbach) (as) (Entered: 04/15/2016) |
| 04/18/2016 | 334 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 333 Motion for Leave to File Excess Pages. The parties may file excess pages. (LS) (Entered: 04/18/2016) |
| 04/18/2016 | | | DOCKET CORRECTION re: 333 MOTION. Clerk's office removed incorrect filer (Mitchell David Holbach). (as) (Entered: 04/18/2016) |
| 04/19/2016 | 335 | | MOTION for Extension of Time to File *Motion for Class Certification* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) Modified on 4/21/2016 to remove terminated plaintiff (Dustin Dean) (js). (Entered: 04/19/2016) |
| 04/20/2016 | 336 | | |

| | | | |
|---|---|---|---|
| | | | Response to Motion re 335 MOTION for Extension of Time to File *Motion for Class Certification* filed by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) Modified on 4/28/2016 to edit text to "Response" not Reply (did not refile as motion has been ruled on) (lh). (Entered: 04/20/2016) |
| 04/20/2016 | 337 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 335 Motion for Extension of Time to File. Plaintiffs' motion for class certification is due by 4/29/2016. (LS) (Entered: 04/20/2016) |
| 04/21/2016 | | | DOCKET CORRECTION re: 335 (MOTION for Extension of Time to File). Modified entry to remove terminated Filer (Dustin Dean). (js) (Entered: 04/21/2016) |
| 04/27/2016 | 338 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference held on 4/27/2016. (DR #160427−000) (lc) (Additional attachment(s) added on 4/28/2016 per direction of Chambers: # 1 Defendants Response) (lc). (Additional attachment(s) added on 5/9/2016: # 2 Plaintiff's Follow−up, # 3 Defendant's Follow−Up) (as). (Entered: 04/27/2016) |
| 04/28/2016 | 339 | | NOTICE of Hearing: Status Conference set for 5/25/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701−297−7070. (AS) (Entered: 04/28/2016) |
| 04/28/2016 | 340 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. Per discussion at the April 27, 2016 status conference, plaintiffs' reply in support of its motion for class certification shall be due 21 days after defendants' response, and the reply brief shall not exceed fifteen pages. (AS) (Entered: 04/28/2016) |
| 04/29/2016 | 341 | | MOTION for Extension of Time to File *Motion for Class Certification* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 04/29/2016) |
| 04/30/2016 | 342 | | MOTION *to Add Additional Plaintiff as Class Representative Pursuant to FRCP 21* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 04/30/2016) |
| 04/30/2016 | 343 | | MOTION to Certify Class by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, |

| | | | |
|---|---|---|---|
| | | | Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Memorandum of Points and Authorities)(Brancart, Elizabeth) (Entered: 04/30/2016) |
| 04/30/2016 | 344 | | AFFIDAVIT *of Elizabeth Brancart* re 343 MOTION to Certify Class by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Sex Offender Treatment and Evaluation Program (June 19, 2007), # 2 Exhibit 2 – Email from Bahr to McGrath dated September 18, 2015, # 3 Exhibit 3 – 2015 SOTEP Resident Handbook, # 4 Exhibit 4 – 2013 SOTEP CTC Resident Handbook, # 5 Exhibit 5 – Organization Response to Complaint dated March 15, 2013, # 6 Exhibit 6 – NDSH Discharge and Aftercare Policy/Procedure, # 7 Exhibit 7 – Letter from Mullen to Schweitzer dated September 19, 2007, # 8 Exhibit 8 – Anderson Assessment (11/30/2009), # 9 Exhibit 9 – Anderson Evaluation (10/5/2008), # 10 Exhibit 10 – Anderson Evaluation Excerpts, # 11 Exhibit 11 – Order re William Carter (10/15/2014), # 12 Exhibit 12 – Dyer Riedel Evaluation Excertps (4/10/2011), # 13 Exhibit 13 – Dyer Evaluation Excerpts, # 14 Exhibit 14 – Gores 2013 Evaluation Excerpts, # 15 Exhibit 15 – Gores 2014 Evaluation Excerpts, # 16 Exhibit 16 – Gores Bill, # 17 Exhibit 17 – Order re Gores (3/25/2014), # 18 Exhibit 18 – Lilley 2014 Evaluation Excerpts, # 19 Exhibit 19 – Lilley 2015 Evaluation Excerpts, # 20 Exhibit 20 – DOCR Policy re Civil Commitment (2012), # 21 Exhibit 21 – McGillis Referral, # 22 Exhibit 22 – Naser Evaluation Excerpts, # 23 Exhibit 23 – Order re Rubey (6/23/2015), # 24 Exhibit 24 – Wardlow Evaluation Excerpts, # 25 Exhibit 25 – Wedmore Evaluation Excerpts, # 26 Exhibit 26 – Westlie 2013 Evaluation Excerpts, # 27 Exhibit 27 – Westlie Evaluation Excerpts, # 28 Exhibit 28 – Carter Evaluation Excerpts, # 29 Exhibit 29 – Halton Evaluation Excerpts, # 30 Exhibit 30 – Hehn Evaluation Excerpts, # 31 Exhibit 31 – Hojian Evaluation Excerpts, # 32 Exhibit 32 – Beauchamp Evaluation Excerpts, # 33 Exhibit 33 – Wardlow 2013 Evaluation Excerpts, # 34 Exhibit 34 – In re E.M. Bankruptcy Petition Excerpt, # 35 Exhibit 35 – Olpin Evaluation Excerpts, # 36 Exhibit 36 – NDSH Policy re Accounts Receivable Write–Offs, # 37 Exhibit 37 – DOCR Report on Mn–SOST–R, # 38 Exhibit 38 – DOCR Sex Offender Program (May 22, 2008), # 39 Exhibit 39 – Andersons Supplemental Response to Interrogatories, # 40 Exhibit 40 – Greak Evaluation Excerpts, # 41 Exhibit 41 – Behavioral Health Services – Secure Services (March 2011), # 42 Exhibit 42 – DOCR Policy re Civil Commitment (2012), # 43 Exhibit 43 – 1997 ND Legislative Council Report (Excerpt), # 44 Exhibit 44 – 2005 ND Legislative Council Report (Excerpt), # |

| | | |
|---|---|---|
| | | 45 Exhibit 45 – 2007 ND Legislative Council Report (Excerpt), # 46 Exhibit 46 – 2009 ND Legislative Council Report (Excerpt), # 47 Exhibit 47 – 2013 ND Legislative Council Report (Excerpt))(Brancart, Elizabeth) Modified on 5/6/2016 to add exhibit numbers to attachment descriptions (lh). (Entered: 05/01/2016) |
| 05/01/2016 | 345 | AFFIDAVIT – *Compendium of Declarations* re 343 MOTION to Certify Class by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Declaration of David Anderson, # 2 Exhibit 2 – Declaration of Matthew Dyer, # 3 Exhibit 3 – Declaration of Jason Gores, # 4 Exhibit 4 – Declaration of Terry Greak, # 5 Exhibit 5 – Declaration of Eugene Hinson, # 6 Exhibit 6 – Declaration of Robert Hoff, # 7 Exhibit 7 – Declaration of Rodney Ireland, # 8 Exhibit 8 – Declaration of Jeremy Johnson, # 9 Exhibit 9 – Declaration of Robert Lilley, # 10 Exhibit 10 – Declaration of Garrett Loy, # 11 Exhibit 11 – Declaration of Larry Rubey, # 12 Exhibit 12 – Declaration of Oliver Wardlow III, # 13 Exhibit 13 – Declaration of John Westlie, # 14 Exhibit 14 – Declaration of Kyle Schneider, # 15 Exhibit 15 – Declaration of Martha Letchinger, # 16 Exhibit 16 – Draft Declaration of Lester McGillis (Part 1 of 3), # 17 Exhibit 16 – Draft Declaration of Lester McGillis (Part 2 of 3), # 18 Exhibit 16 – Draft Declaration of Lester McGillis (Part 3 of 3), # 19 Exhibit 17 – Draft Declaration of Travis Wedmore)(Brancart, Elizabeth) Modified on 5/6/2016 to add exhibit numbers to attachment descriptions (lh). (Entered: 05/01/2016) |
| 05/02/2016 | 346 | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 341 Motion for Extension of Time to File Motion for Class Certification. (AS) (Entered: 05/02/2016) |
| 05/07/2016 | 347 | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie *Re Defendants' Confidentiality Assertions Blocking Plaintiffs' Discovery* (Attachments: # 1 Exhibit 1 – NDSH agreement with Robert McGrath, # 2 Exhibit 2 – Anderson Answer to Request for Admission 19)(Brancart, Christopher) Modified on 5/9/2016 to remove terminated plaintiff (Dustin Dean). (js) (Entered: 05/07/2016) |
| 05/09/2016 | | DOCKET CORRECTION re: 347 (NOTICE). Modified entry to remove terminated Filer (Dustin Dean). (js) (Entered: 05/09/2016) |
| 05/09/2016 | 348 | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert |

| | | | |
|---|---|---|---|
| | | | Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 345 Affidavit *Declaration of Lester McGillis Fully Executed* (Brancart, Christopher) Modified on 5/10/2016 to remove terminated plaintiffs as filers (Dustin Dean and Mitchell Holbach) (as) (Entered: 05/09/2016) |
| 05/09/2016 | 349 | | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 347 Notice (Other) *Addendum to Statement re Confidentiality Assertions by Defendants* (Attachments: # 1 Exhibit Business Associate Agreement)(Brancart, Christopher) Modified on 5/10/2016 to remove terminated plaintiff as a filer (Dustin Dean). (as) (Entered: 05/09/2016) |
| 05/10/2016 | | | DOCKET CORRECTION re: 348 NOTICE. Clerk's office removed terminated plaintiffs Dustin Dean and Mitchell Holbach as filers. DOCKET CORRECTION re: 349 NOTICE. Clerk's office removed incorrect filer Dustin Dean. (as) (Entered: 05/10/2016) |
| 05/11/2016 | 350 | | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 345 Affidavit, *Declaration of Travis Wedmore Fully Executed* (Brancart, Christopher) Modified on 5/12/2016 remove terminated filer (Dustin Dean and Mitchell David Holbach)(js). (Entered: 05/11/2016) |
| 05/12/2016 | | | DOCKET CORRECTION re: 350 (NOTICE). Modified entry to remove terminated filers (Dustin Dean and Mitchell David Holbach). On 5/10/2016, 5/9/2016, 4/21/2016, and 4/18/2016, and today (5/12/2016), Attorney Brancart is again reminded to not select terminated parties when filing. (js) (Entered: 05/12/2016) |
| 05/16/2016 | 351 | | RESPONSE to Motion re 342 MOTION *to Add Additional Plaintiff as Class Representative Pursuant to FRCP 21* filed by Maggie D. Anderson. (Gaustad, Daniel) (Entered: 05/16/2016) |
| 05/19/2016 | 352 | | |

| | | | |
|---|---|---|---|
| | | | ORDER by Magistrate Judge Alice R. Senechal granting in part and denying in part 311 Motion to Compel. (AS) (Entered: 05/19/2016) |
| 05/23/2016 | 353 | | REPLY to Response to Motion re 342 MOTION *to Add Additional Plaintiff as Class Representative Pursuant to FRCP 21* filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 05/23/2016) |
| 05/24/2016 | 354 | | STATUS REPORT *re May 25, 2016 Status Conference* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 05/24/2016) |
| 05/25/2016 | 355 | | STATUS REPORT *re May 25, 2016 Status Conference* by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 05/25/2016) |
| 05/25/2016 | 357 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference held on 5/25/2016. (DR #160525.000) (as) (Entered: 05/26/2016) |
| 05/26/2016 | 356 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. Per discussion at the 5/25/2016 status conference, plaintiffs' response to defendants' 223 MOTION for Partial Summary Judgment is due by 6/17/2016. Defendants' reply is due 7/8/2016. (AS) (Entered: 05/26/2016) |
| 05/26/2016 | | | Set/Reset Deadlines as to 223 MOTION for Partial Summary Judgment. Response due by 6/17/2016. Reply due by 7/8/2016. (AS) (Entered: 05/26/2016) |
| 05/26/2016 | 358 | | SURREPLY to 342 MOTION *to Add Additional Plaintiff as Class Representative Pursuant to FRCP 21* filed by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 05/26/2016) |
| 05/31/2016 | 359 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 6/7/2016 at 02:30 PM by telephone before Magistrate Judge Alice R. Senechal. Plaintiffs shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 05/31/2016) |
| 05/31/2016 | 360 | | NOTICE of Hearing: Status Conference re: Discovery Dispute RESET for 6/7/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. |

| | | | |
|---|---|---|---|
| | | | Senechal. (Previously set for 2:30 PM. Time change only.) Plaintiffs shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 05/31/2016) |
| 06/02/2016 | 361 | | RESPONSE to Motion re 343 MOTION to Certify Class filed by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 06/02/2016) |
| 06/02/2016 | 362 | | AFFIDAVIT *of Daniel L. Gaustad in Support of Defendants' Memorandum in Response to Plaintiffs' Motion for Certification, Appointment of Class Counsel and Class Notice* re 361 Response to Motion by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Exhibit Example of a Transfer Order)(Gaustad, Daniel) (Entered: 06/02/2016) |
| 06/07/2016 | 363 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 6/7/2016. (DR #160607–000) (lc) (Entered: 06/07/2016) |
| 06/08/2016 | 364 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 6/21/2016 at 02:30 PM by telephone before Magistrate Judge Alice R. Senechal. Plaintiffs shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 06/08/2016) |
| 06/08/2016 | 365 | | NOTICE of Hearing: Status Conference set for 7/26/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 06/08/2016) |
| 06/17/2016 | 366 | | MOTION for Partial Summary Judgment *in Response to Defendants' Motion for Partial Summary Judgment [ECF 223]* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 06/17/2016) |
| 06/17/2016 | 367 | | RESPONSE to Motion re 223 MOTION for Partial Summary Judgment *and in Support of Plaintiffs' Cross–Motion for Partial Summary Judgment [ECF 366]* filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – N.D.C.C. ch. 25–03.3, # 2 Exhibit 2 – N.D.C.C. ch. 25–03.1)(Brancart, Elizabeth) (Entered: 06/17/2016) |
| 06/21/2016 | 368 | | |

| | | | REPLY to Response to Motion re 343 MOTION to Certify Class filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 06/21/2016) |
|---|---|---|---|
| 06/21/2016 | 371 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 6/21/2016. (DR #160622.000–mp3 JS Chambers Digital Recorder) (as) (Entered: 06/22/2016) |
| 06/22/2016 | 369 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. Defendants' reply in support of their 223 MOTION for Partial Summary Judgment and their response to plaintiffs' 366 MOTION for Partial Summary Judgment are due by 7/18/2016. (AS) (Entered: 06/22/2016) |
| 06/22/2016 | 370 | | ORDER to Produce Documents (CCI Subpoena) by Magistrate Judge Alice R. Senechal. (AS) (Entered: 06/22/2016) |
| 06/22/2016 | | | Set/Reset Deadlines as to 223 MOTION for Partial Summary Judgment. Replies due by 7/18/2016. Set/Reset Deadlines as to 366 MOTION for Partial Summary Judgment. Responses due by 7/18/2016. (as) (Entered: 06/22/2016) |
| 07/05/2016 | 372 | | ORDER by Magistrate Judge Alice R. Senechal granting 342 Motion to Add Additional Plaintiff as Class Representative Pursuant to FRCP 21. (AS) (Entered: 07/05/2016) |
| 07/08/2016 | 373 | | MOTION for Leave to File Excess Pages *for ECF 371* by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 07/08/2016) |
| 07/08/2016 | 374 | | MOTION for Extension of Time to File Response/Reply as to 223 MOTION for Partial Summary Judgment; 366 MOTION for Partial Summary Judgment by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) Modified on 7/11/2016 to correct links. (as) (Entered: 07/08/2016) |
| 07/11/2016 | 375 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 373 Motion for Leave to File Excess Pages. Defendants' combined response to plaintiffs' motion for partial summary judgment and reply in support of its motion for partial summary judgment shall not exceed fifty pages. (AS) (Entered: 07/11/2016) |
| 07/11/2016 | 376 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 374 Motion for Extension of Time to File Reply re 223 MOTION for Partial Summary Judgment and response re 366 MOTION for Partial Summary Judgment. Combined Response and Reply due by 8/1/2016. (AS) (Entered: 07/11/2016) |
| 07/11/2016 | | | DOCKET CORRECTION re: 374 MOTION for Extension of Time. Clerk's office corrected links. (as) (Entered: 07/11/2016) |

| 07/24/2016 | 377 | | STATUS REPORT *for July 26, 2016 Conference* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 07/24/2016) |
| 07/25/2016 | 378 | | SUPPLEMENT to document: 377 Status Report,, by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 07/25/2016) |
| 07/26/2016 | 379 | | STATUS REPORT *for July 26, 2016 Conference* by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 07/26/2016) |
| 07/26/2016 | 380 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference held on 7/26/2016. (DR #160726–000.mp3) (as) (Entered: 07/26/2016) |
| 07/27/2016 | 381 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. Per discussion at the 7/26/2016 status conference, deadlines and a hearing are set as follows: The parties shall serve written discovery by 8/31/2016. The parties shall complete depositions of fact witnesses by 11/30/2016. Plaintiffs' Expert Witness Disclosures and Reports due by 1/31/2017. Defendants' Expert Witness Disclosures and Reports due by 3/31/2017. Expert Discovery due by 5/31/2017. Status Conference set for 9/27/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 07/27/2016) |
| 08/01/2016 | 382 | | MOTION for Leave to File Under Seal by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Brief in Support of Motion for Leave to File Under Seal)(Gaustad, Daniel) (Additional attachment(s) added on 8/2/2016: # 2 Proposed Sealed Document: Exhibit A – Commitment Statistics) (lh). Modified on 8/2/2016 to add proposed sealed document; NEF regenerated. (lh) (Entered: 08/01/2016) |
| 08/01/2016 | 383 | | REPLY to Response to Motion re 223 MOTION for Partial Summary Judgment , *in Response to Defendants' Motion for Partial Summary Judgment Defendants' Combined Reply Memorandum in Support of Defendants' Motion for Partial Summary Judgment and Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment* filed by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Exhibit Affidavit of |

| | | |
|---|---|---|
| | | Dr. Rosalie Etherington in Support of Defendants' Combined Reply Memorandum in Support of Defendants' Motion for Partial Summary Judgment and Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment)(Gaustad, Daniel) (Entered: 08/01/2016) |
| 08/01/2016 | 384 | RESPONSE to Motion re 366 MOTION for Partial Summary Judgment *in Response to Defendants' Motion for Partial Summary Judgment* filed by Maggie D. Anderson, North Dakota Department of Human Services. (See Document 383 .) (rh) (Entered: 08/02/2016) |
| 08/04/2016 | 385 | RESPONSE to Motion re 382 MOTION for Leave to File Under Seal filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 08/04/2016) |
| 08/05/2016 | 386 | ORDER by Magistrate Judge Alice R. Senechal granting in part and denying in part 382 Motion for Leave to File Under Seal. (AS) (Entered: 08/05/2016) |
| 08/09/2016 | 387 | SEALED DOCUMENT *Exhibit A to the Affidavit of Dr. Rosalie Etherington* re 383 Reply to Response to Motion,, by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 08/09/2016) |
| 08/09/2016 | 388 | REDACTION to 387 Sealed Document by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 08/09/2016) |
| 08/09/2016 | 389 | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Mitchell David Holbach, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 380 Status Conference *Ordering Digital Recording* (Brancart, Christopher) (Entered: 08/09/2016) |
| 08/20/2016 | 390 | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie *Audio Recording Order Form* |

| | | | |
|---|---|---|---|
| | | | (Brancart, Christopher) (Entered: 08/20/2016) |
| 08/22/2016 | 391 | | MOTION to Strike 383 Reply to Response to Motion,, *Exhibit A to Etherington Affidavit* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer. (Brancart, Christopher) (Entered: 08/22/2016) |
| 08/22/2016 | 392 | | AFFIDAVIT *in support of* re 391 MOTION to Strike 383 Reply to Response to Motion,, *Exhibit A to Etherington Affidavit* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Dustin Dean, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian. (Attachments: # 1 Exhibit – Letter emailed March 28, 2016)(Brancart, Christopher) Modified on 8/23/2016 to add description to attachment(jt). (Entered: 08/22/2016) |
| 08/23/2016 | 393 | | REPLY to Response to Motion re 366 MOTION for Partial Summary Judgment *in Response to Defendants' Motion for Partial Summary Judgment [ECF 223]* filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Sex Offender Website)(Brancart, Elizabeth) Modified on 8/24/2016 to add exhibit number. (rh) (Entered: 08/23/2016) |
| 08/29/2016 | 394 | | REPORT AND RECOMMENDATIONS by Magistrate Judge Alice R. Senechal re 343 MOTION to Certify Class. (Objections to R&R due by 9/10/2016). (AS) (Entered: 08/29/2016) |
| 09/07/2016 | 395 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 9/21/2016 at 02:00 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 09/07/2016) |
| 09/07/2016 | 396 | | RESPONSE to Motion re 391 MOTION to Strike 383 Reply to Response to Motion,, *Exhibit A to Etherington Affidavit* filed by Maggie D. Anderson, North Dakota State Hospital. (Gaustad, Daniel) (Entered: 09/07/2016) |
| 09/07/2016 | 397 | | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 343 MOTION to Certify Class – *Correction to Plaintiffs' Brief in Support of Class Certification (ECF 343–1)* (Brancart, Christopher) (Entered: 09/07/2016) |

| 09/08/2016 | 398 | | MOTION from Court's May 19, 2016 Order to provide each named Plaintiff and each individual who has signed releases, a compilation of the information requested in Interrogatory 24 re 352 Order on Motion to Compel by Maggie D. Anderson, North Dakota State Hospital. (Attachments: # 1 Exhibit Affidavit of Melanie Flynn in Support of Defendants' Motion for Partial Relief, # 2 Exhibit Affidavit of Daniel L. Gaustad in Support of Defendants' Motion for Partial Relief, # 3 Exhibit Exhibit A to Daniel L. Gaustad's Affidavit)(Gaustad, Daniel) (Entered: 09/08/2016) |
| --- | --- | --- | --- |
| 09/08/2016 | 399 | | SUPPLEMENT to 394 Report and Recommendations by Magistrate Judge Alice R. Senechal. (AS) (Entered: 09/08/2016) |
| 09/09/2016 | 400 | | ORDER by Magistrate Judge Alice R. Senechal denying 398 Motion re Court's May 19, 2016 Order. (AS) (Entered: 09/09/2016) |
| 09/09/2016 | 401 | | OBJECTION by North Dakota State Hospital, Maggie D. Anderson to 399 , 394 Report and Recommendations . (Gaustad, Daniel) (Entered: 09/09/2016) |
| 09/14/2016 | 402 | | REPLY to Response to Motion re 391 MOTION to Strike 383 Reply to Response to Motion,, *Exhibit A to Etherington Affidavit* filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 09/14/2016) |
| 09/21/2016 | 404 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 9/21/2016. (DR #160921−001.mp3) (as) (Entered: 09/22/2016) |
| 09/22/2016 | 403 | 103 | REPORT AND RECOMMENDATIONS by Magistrate Judge Alice R. Senechal re defendants' 223 MOTION for Partial Summary Judgment, plaintiffs' 366 MOTION for Partial Summary Judgment, and plaintiffs' 391 MOTION to Strike Exhibit A to the Etherington Affidavit. (Objections to R&R due by 10/7/2016). (AS) (Entered: 09/22/2016) |
| 09/22/2016 | 405 | | NOTICE of Hearing: Status Conference RESET for 10/26/2016 at 02:00 PM by telephone before Magistrate Judge Alice R. Senechal. (Previously set for 9/27/2016 at 01:30 PM). Defendants shall initiate the call. The telephone number for chambers is 701−297−7070. (AS) (Entered: 09/22/2016) |
| 09/24/2016 | 406 | | RESPONSE to Objection to Report & Recommendations by Raymond Voisine, Andrew Olafson, David Anderson, Cruz Muscha, Robert Lilley, Darin Napier, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Robert Beauchamp, Timothy Olpin, Garrett Loy, Robert Hoff, Kyle Aune, Jason Gores, Oliver Wardlow, Jeremy Johnson, William Carter, Kelly Tanner, Joshua Keeping, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Darl Hehn, Glenn Halton, Stanton Quilt, Terry Greak, Sandy Mangelsen, Michael Kruk, Eugene Wegley, Matthew Dyer, Matthew Graham, Marcus Bartole, Eugene Hinson, Kevette Moore, Gerald DeCoteau, Eugene Fluge, Larry Rubey, Christopher Simon re 401 Objection to Report and |

| | | | |
|---|---|---|---|
| | | | Recommendations. (Brancart, Elizabeth) (Entered: 09/24/2016) |
| 09/26/2016 | 407 | | (Text Only) ORDER Cancelling Hearings by Magistrate Judge Alice R. Senechal. The Status Conference set for 4/24/2017, Final Pretrial Conference set for 5/16/2017, and Pretrial Conference and Jury Trial set for 6/20/2017 are CANCELLED. The hearings will be reset at a later date. (AS) (Entered: 09/26/2016) |
| 09/27/2016 | 408 | | Position Papers by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie: re 404 Status Conference – Discovery Dispute. (Attachments: # 1 Sex Offender Pre–release Staffing) (as) (Entered: 09/27/2016) |
| 09/27/2016 | 409 | | Position Papers by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota: re 404 Status Conference – Discovery Dispute. (as) (Entered: 09/27/2016) |
| 09/27/2016 | 410 | | Position Papers (2nd) by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie: re 404 Status Conference – Discovery Dispute. (Attachments: # 1 Exhibit 1 – Progress notes, # 2 Exhibit 2 – SOTEP Group Weekly Summary) (as) (Entered: 09/27/2016) |
| 09/27/2016 | 411 | | Position Papers (follow–up) by Maggie D. Anderson, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota: re 404 Status Conference – Discovery Dispute. (as) (Entered: 09/27/2016) |
| 09/28/2016 | 412 | | ORDER by Magistrate Judge Alice R. Senechal Regarding Production of Records. (AS) (Entered: 09/28/2016) |
| 10/07/2016 | 413 | | OBJECTION by North Dakota Department of Human Services, Maggie D. Anderson to 403 Report and Recommendations . (Gaustad, Daniel) (Entered: 10/07/2016) |
| 10/07/2016 | 414 | | MOTION for Leave to File *Supplemental Briefing re Standing issue Raised Sua Sponte in Report and Recommendation [ECF 403] or, in the Alternative, Rule 72 Objection* by David Anderson, Kyle Aune, Marcus Bartole, Robert |

| | | | |
|---|---|---|---|
| | | | Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Elizabeth Brancart)(Brancart, Elizabeth) (Entered: 10/07/2016) |
| 10/07/2016 | 415 | | OBJECTION by Raymond Voisine, Andrew Olafson, David Anderson, Cruz Muscha, Robert Lilley, Darin Napier, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Robert Beauchamp, Timothy Olpin, Garrett Loy, Robert Hoff, Kyle Aune, Jason Gores, Oliver Wardlow, Jeremy Johnson, William Carter, Kelly Tanner, Joshua Keeping, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Darl Hehn, Glenn Halton, Stanton Quilt, Terry Greak, Sandy Mangelsen, Michael Kruk, Eugene Wegley, Matthew Dyer, Matthew Graham, Marcus Bartole, Eugene Hinson, Kevette Moore, Gerald DeCoteau, Eugene Fluge, Larry Rubey, Christopher Simon to 403 Report and Recommendations . (Brancart, Elizabeth) (Entered: 10/07/2016) |
| 10/11/2016 | 416 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 414 Motion for Leave to File Supplemental Briefing re Standing Issue. The parties may file supplemental briefs of up to 5 pages within 14 days of the date of this order. (LS) (Entered: 10/11/2016) |
| 10/11/2016 | 417 | | MOTION *for Permission to Add Jeffrey Wright as an Additional Plaintiff and Representative of a Certified DOCR Class* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Christopher Brancart, # 2 Exhibit 1 – Draft Declaration of Jeffrey Wright, # 3 Exhibit 2 – Mangelsen Evaluation Excerpt, # 4 Exhibit 3 – Tanner Evaluation Excerpt, # 5 Exhibit 4 – Wedmore Orders)(Brancart, Christopher) (Entered: 10/11/2016) |
| 10/14/2016 | 418 | | MOTION for Extension of Time to File Response/Reply as to 415 Objection to Report and Recommendations,, 416 Order on Motion for Leave to File, 413 Objection to Report and Recommendations *Pursuant to the Stipulation of the Parties* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) |

| | | | |
|---|---|---|---|
| | | | (Entered: 10/14/2016) |
| 10/17/2016 | 419 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting joint 418 Motion for Extension of Time to File Response/Reply. This court's 416 Order Granting Motion for Leave to File Supplemental Briefing re Standing Issue is modified to allow the parties to file supplemental briefs of up to 5 pages on or before 10/31/16. (LS) (Entered: 10/17/2016) |
| 10/18/2016 | 420 | | RESPONSE to Motion re 417 MOTION *for Permision to Add Jeffrey Wright as an Additional Plaintiff and Representative of a Certified DOCR Class* filed by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. (Bahr, Douglas) (Entered: 10/18/2016) |
| 10/25/2016 | 421 | | STATUS REPORT *by Plaintiffs for October 26, 2016 Status Conference* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 10/25/2016) |
| 10/25/2016 | 422 | | REPLY to Response to Motion re 417 MOTION *for Permision to Add Jeffrey Wright as an Additional Plaintiff and Representative of a Certified DOCR Class* filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Declaration of Jeffrey Wright, # 2 Exhibit 2 – DOCR Policy)(Brancart, Elizabeth) (Entered: 10/25/2016) |
| 10/26/2016 | 423 | | STATUS REPORT *by Defendants for October 26, 2016 Status Conference* by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 10/26/2016) |
| 10/26/2016 | 424 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference held on 10/26/2016. (DR #161026–000 JS Chambers Recorder) (lc) (Entered: 10/26/2016) |
| 10/26/2016 | | | (Text Only) by Magistrate Judge Alice R. Senechal. Per discussion at the 10/26/2016 status conference, deadlines and a hearing are set as follows: The parties shall complete depositions of fact witnesses by 3/1/2017. Plaintiffs' Expert Witness Disclosures and Reports due by 4/3/2017. Defendants' Expert Witness Disclosures and Reports due by 5/15/2017. Expert Discovery due by |

| | | |
|---|---|---|
| | | 7/15/2017. Status Conference set for 12/21/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701−297−7070. (AS) (Entered: 10/26/2016) |
| 10/26/2016 | 434 | (Text Only) ORDER by Magistrate Judge Alice R. Senechal re 424 Status Conference held 10/26/2016: The parties shall complete depositions of fact witnesses by 3/1/2017. Plaintiffs' Expert Witness Disclosures and Reports due by 4/3/2017. Defendants' Expert Witness Disclosures and Reports due by 5/15/2017. Expert Discovery due by 7/15/2017. Status Conference set for 12/21/2016 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701−297−7070.(lf) (Entered: 11/03/2016) |
| 10/28/2016 | 425 | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 11/3/2016 02:30 PM by telephone before Magistrate Judge Alice R. Senechal. Plaintiff shall initiate the call. The telephone number for chambers is 701−297−7070. (LS) (Entered: 10/28/2016) |
| 10/31/2016 | 426 | MOTION for Leave to File Under Seal by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Defendants' Brief in Support of Motion for Leave to File Under Seal, # 2 Affidavit of Daniel L. Gaustad in Support of Defendants' Supplemental Standing Brief (Pursuant to ECF 416), # 3 Proposed Sealed Document Exhibit A to Daniel L. Gaustad's Affidavit, # 4 Proposed Sealed Document Exhibit B to Daniel L. Gaustad's Affidavit, # 5 Proposed Sealed Document Exhibit C to Daniel L. Gaustad's Affidavit)(Gaustad, Daniel) (Entered: 10/31/2016) |
| 10/31/2016 | 427 | SUPPLEMENT *Defendants' Supplemental Standing Brief* to document: 416 Order on Motion for Leave to File, 414 MOTION for Leave to File *Supplemental Briefing re Standing issue Raised Sua Sponte in Report and Recommendation [ECF 403] or, in the Alternative, Rule 72 Objection* by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Affidavit of Daniel L. Gaustad in Support of Defendants' Supplemental Standing Brief)(Gaustad, Daniel) (Entered: 10/31/2016) |
| 10/31/2016 | 428 | RESPONSE to Motion re 403 Report and Recommendations,, Set Deadlines, *Defendants' Response to Plaintiffs' Objections to Report and Recommendation on Cross−Motions for Partial Summary Judgment* filed by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 10/31/2016) |
| 10/31/2016 | 429 | RESPONSE to Motion re 403 Report and Recommendations,, Set Deadlines, filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Elizabeth Brancart, # 2 Exhibit 1 − NDSH letters dated 1999 and 2015, # 3 Exhibit 2 − Dyer Discharge Order (excerpts), # 4 Exhibit 3 − |

| | | | |
|---|---|---|---|
| | | | Halton Discharge Order (excerpts))(Brancart, Elizabeth) (Entered: 10/31/2016) |
| 10/31/2016 | 430 | | SUPPLEMENT *Brief* to document: 416 Order on Motion for Leave to File, 414 MOTION for Leave to File *Supplemental Briefing re Standing issue Raised Sua Sponte in Report and Recommendation [ECF 403] or, in the Alternative, Rule 72 Objection* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Elizabeth Brancart, # 2 Exhibit 1 – NDSH bill re Jason Gores, # 3 Exhibit 2 – NDSH Bill re Kyle Aune, # 4 Exhibit 3 – NDSH bill re Andrew Olafson, # 5 Exhibit 4 – CCI Subpoena Response re Matthew Graham, # 6 Exhibit 5 – 1997 Senate Standing Committee Minutes on HB 1047, # 7 Exhibit 6–10 (Filed with Motion to Seal))(Brancart, Elizabeth) (Entered: 10/31/2016) |
| 10/31/2016 | 431 | | MOTION for Leave to File Under Seal by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Proposed Sealed Document Exhibit 6 to Declaration of Elizabeth Brancart [ECF 430–1], # 2 Proposed Sealed Document Exhibit 7 to Declaration of Elizabeth Brancart, # 3 Proposed Sealed Document Exhibit 8 to Declaration of Elizabeth Brancart, # 4 Proposed Sealed Document Exhibit 9 to Declaration of Elizabeth Brancart, # 5 Proposed Sealed Document Exhibit 10 to Declaration of Elizabeth Brancart)(Brancart, Elizabeth) (Entered: 10/31/2016) |
| 11/02/2016 | 432 | | MOTION for Leave to File *Defendants' Motion and Brief to Request for Leave to Submit Additional Argument and Evidence in Response to Plaintiffs' Supplemental Brief re Cross−Motion for Partial Summary Judgment* at 430 by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) Modified on 11/2/2016 to add link to document 430 . (as) (Entered: 11/02/2016) |
| 11/03/2016 | 433 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 432 Motion for Leave to File. Defendants may file a supplemental brief which does not exceed three pages. That brief is due by 11/10/2016. The parties may not file any further briefing without advance permission from the court. (AS) (Entered: 11/03/2016) |
| 11/03/2016 | 436 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: |

| | | | |
|---|---|---|---|
| | | | Status Conference re: Discovery Dispute held on 11/3/2016. (DR #161103−000 JS Chambers Recorder) (lc) (Entered: 11/04/2016) |
| 11/04/2016 | 435 | | ORDER by Magistrate Judge Alice R. Senechal granting 426 Motion for Leave to File Under Seal; granting 431 Motion for Leave to File Under Seal. (AS) (Entered: 11/04/2016) |
| 11/08/2016 | 437 | | SEALED DOCUMENT *Exhibits 6−10 to the Declaration of Elizabeth Brancart [430−1]* re 430 Supplement,,,,, by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 6 to Declaration of Elizabeth Brancart [ECF 430−1], # 2 Exhibit 7 to Declaration of Elizabeth Brancart, # 3 Exhibit 8 to Declaration of Elizabeth Brancart, # 4 Exhibit 9 to Declaration of Elizabeth Brancart, # 5 Exhibit 10 to Declaration of Elizabeth Brancart)(Brancart, Elizabeth) (Entered: 11/08/2016) |
| 11/10/2016 | 438 | | SEALED DOCUMENT *Exhibits A−C in support of Affidavit of Daniel L. Gaustad 426* and re 435 Order on Motion for Leave to File Under Seal by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Exhibit A to Daniel L. Gaustad's Affidavit, # 2 Exhibit B to Daniel L. Gaustad's Affidavit, # 3 Exhibit C to Daniel L. Gaustad's Affidavit)(Gaustad, Daniel) Modified on 11/21/2016 to add a link to document 426 (lf). (Entered: 11/10/2016) |
| 11/10/2016 | 439 | | MOTION for Leave to File Under Seal by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Exhibit Defendants Brief in Support of Motion for Leave to File Under Seal, # 2 Exhibit Affidavit of Daniel L. Gaustad in Support of Defendants' Additional Argument and Evidence re Standing, # 3 Proposed Sealed Document Exhibit A to Daniel L. Gaustad's Affidavit)(Gaustad, Daniel) (Entered: 11/10/2016) |
| 11/10/2016 | 440 | | SUPPLEMENT *Defendants' Additional Argument and Evidence re Standing* to document: 433 Order on Motion for Leave to File, by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Exhibit Affidavit of Daniel L. Gaustad in Support of Defendants' Additional Argument and Evidence Re Standing)(Gaustad, Daniel) (Entered: 11/10/2016) |
| 11/10/2016 | 441 | | MOTION for Leave to File *Reply to Defendants' Additional Argument and Evidence re Standing [ECF 440]* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John |

| | | | |
|---|---|---|---|
| | | | Westlie. (Attachments: # 1 [Proposed] Reply to Defendants' Additional Argument and Evidence re Standing)(Brancart, Elizabeth) (Entered: 11/10/2016) |
| 11/14/2016 | 442 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 441 Motion for Leave to File. (AS) (Entered: 11/14/2016) |
| 11/14/2016 | 443 | | ORDER by Magistrate Judge Alice R. Senechal granting 439 Motion for Leave to File Under Seal. (AS) (Entered: 11/14/2016) |
| 11/14/2016 | 444 | | *RESTRICTED – WRONG EVENT SELECTED* REPLY to Response to Motion re 366 MOTION for Partial Summary Judgment *in Response to Defendants' Motion for Partial Summary Judgment [ECF 223]* filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Elizabeth Brancart, # 2 Exhibit 1 – ND Sex Offender Website Page re Andrew Olafson)(Brancart, Elizabeth) Modified on 11/15/2016 to remove link and restrict access. (js) (Entered: 11/14/2016) |
| 11/15/2016 | 445 | | SEALED DOCUMENT *Exhibit A to the Affidavit of Daniel L. Gaustad* re 443 Order on Motion for Leave to File Under Seal by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Exhibit A to Daniel L. Gaustad's Affidavit)(Gaustad, Daniel) (Entered: 11/15/2016) |
| 11/15/2016 | 446 | | BRIEF re 440 Supplement, by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Declaration of Elizabeth Brancart, # 2 Exhibit 1 – ND Sex Offender Website Page re Andrew Olafson)(Brancart, Elizabeth) (Entered: 11/15/2016) |
| 11/15/2016 | | | DOCKET CORRECTION re: 444 REPLY to Response. Wrong event selected and duplicate documents filed. Clerks office restricted access to document. Counsel re–filed as BRIEF at 446 , removed proposed language, and duplicate filings. (js) (Entered: 11/15/2016) |
| 11/18/2016 | 447 | | MOTION to Withdraw as Attorney *for Thomas Kayes* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua |

| | | | Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Proposed Order)(Kayes, Thomas) Modified on 11/29/2016 to remove terminated filer (Dustin Dean). (as) (Entered: 11/18/2016) |
|---|---|---|---|
| 11/21/2016 | 448 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 447 Motion to Withdraw as Attorney. Attorney Thomas Kayes terminated. (AS) (Entered: 11/21/2016) |
| 11/21/2016 | 449 | 145 | SUPPLEMENTAL REPORT AND RECOMMENDATIONS by Magistrate Judge Alice R. Senechal re the 403 REPORT AND RECOMMENDATIONS re defendants' 223 MOTION for Partial Summary Judgment, plaintiffs' 366 MOTION for Partial Summary Judgment, and plaintiffs' 391 MOTION to Strike Exhibit A to the Etherington Affidavit. (Objections to R&R due by 12/1/2016). (AS) (Entered: 11/21/2016) |
| 11/21/2016 | 450 | | ORDER by Magistrate Judge Alice R. Senechal denying 417 Motion for Permission to Add Jeffrey Wright as an Additional Plaintiff and Representative of a Certified DOCR Class. (AS) (Entered: 11/21/2016) |
| 11/28/2016 | 451 | | NOTICE by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota (Bahr, Douglas) (Entered: 11/28/2016) |
| 11/28/2016 | 452 | | NOTICE of Substitution of Attorney by Elizabeth Ann Fischer on behalf of Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, State of North Dakota (Fischer, Elizabeth) (Entered: 11/28/2016) |
| 11/30/2016 | 453 | | MOTION for Leave to File Under Seal *Plaintiffs Objection to Supplemental Report and Recommendation on Cross–motions for Partial Summary Judgment [ECF 449]* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Memorandum in Support of Motion to Seal, # 2 Proposed Sealed Document Plaintiffs Objection to Supplemental Report and Recommendation on Cross–motions for Partial Summary Judgment [ECF 449])(Brancart, Elizabeth) (Entered: 11/30/2016) |
| 12/01/2016 | 454 | | ORDER by Magistrate Judge Alice R. Senechal granting 453 Motion for Leave to File Under Seal. (LS) (Entered: 12/01/2016) |
| 12/05/2016 | 455 | | SEALED DOCUMENT *Plaintiffs Objection* re 449 Report and Recommendations, Set Deadlines,, by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, |

| | | | |
|---|---|---|---|
| | | | Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 12/05/2016) |
| 12/05/2016 | 456 | | REDACTION *Plaintiffs Objection* to 449 Report and Recommendations, Set Deadlines,, by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 12/05/2016) |
| 12/05/2016 | 457 | | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 450 Order on Motion for Miscellaneous Relief (Attachments: # 1 Declaration of Christopher Brancart in Support, # 2 Exhibit 1 – Emails with JRCC re Wright, # 3 Exhibit 2 – Emails with Douglas Bahr re JRCC)(Brancart, Christopher) (Entered: 12/05/2016) |
| 12/13/2016 | 458 | | NOTICE of Hearing: Status Conference RESET for 12/21/2016 at 04:00 PM by telephone before Magistrate Judge Alice R. Senechal. (Previously set for 01:30 PM–time change only). Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 12/13/2016) |
| 12/14/2016 | 459 | | BRIEF re 455 Sealed Document,, *Defendants' Response to Plaintiffs' Objection to Supplemental Report and Recommendation on Cross−Motions for Partial Summary Judgment 449* by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 12/14/2016) |
| 12/15/2016 | 460 | | MOTION for Extension of Time to File Response/Reply , MOTION for Leave to File *Response to Appeal from Order* by Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, State of North Dakota. (Attachments: # 1 Memorandum in Support of Motion)(Fischer, Elizabeth) Modified on 12/16/2016 to delete excess docket text(cjs). (Entered: 12/15/2016) |
| 12/16/2016 | 461 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 460 Motion for Leave to File and Motion for Extension of Time to File Response/Reply re 457 APPEAL OF MAGISTRATE JUDGE DECISION to |

| | | | District Court. Response is due by 12/30/2016. (LS) (Entered: 12/16/2016) |
|---|---|---|---|
| 12/20/2016 | 462 | | STATUS REPORT *re December 21, 2016 Status Conference* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Defendants' Proposed Protective Order, # 2 Exhibit 2 – Correspondence re Temporal Scope of Discovery)(Brancart, Elizabeth) (Entered: 12/20/2016) |
| 12/21/2016 | 463 | | STATUS REPORT *by Defendants for December 21, 2016 Status Conference* by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Exhibit A – Correspondence re Responses, # 2 Exhibit B – Correspondence re Stipulation)(Gaustad, Daniel) (Entered: 12/21/2016) |
| 12/21/2016 | 464 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference held on 12/21/2016. (DR #161221–000 JS Chambers Recorder) (lc) (Entered: 12/21/2016) |
| 12/22/2016 | 465 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 12/22/2016 10:15 AM in by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (as) Modified on 12/22/2016 to correct party initiating the call. (as) (Entered: 12/22/2016) |
| 12/22/2016 | 466 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 1/13/2017 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (LS) (Entered: 12/22/2016) |
| 12/22/2016 | 467 | | (Text Only) ORDER regarding deadlines by Magistrate Judge Alice R. Senechal. Fact depositions due by 5/1/2017. Plaintiff(s) Expert Witness Disclosures and Reports due by 6/5/2017. Defendant(s) Expert Witness Disclosures and Reports due by 7/17/2017. Expert Discovery due by 8/15/2017. Dispositive Motions due by 9/15/2017. Other Nondispositive Motions due by 5/31/2017. (LS) (Entered: 12/22/2016) |
| 12/22/2016 | 468 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 12/22/2016. (DR #161222–000.mp3 JS Chambers Digital Recorder) (as) (Entered: 12/23/2016) |
| 12/30/2016 | 469 | | RESPONSE to Objection to Report & Recommendations by State of North Dakota, North Dakota Department of Corrections and Rehabilitation, Leann Bertsch re 457 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl. (Fischer, Elizabeth) (Entered: 12/30/2016) |
| 01/05/2017 | 470 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to File *Defendants' Request to File Citation of Supplemental Authority* by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Exhibit Proposed Citation of Supplemental Authority)(Gaustad, Daniel) (Entered: 01/05/2017) |
| 01/06/2017 | 471 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 470 Motion for Leave to File. Plaintiffs may make a similar filing, up to three pages in length, by 1/17/2017. (AS) (Entered: 01/06/2017) |
| 01/06/2017 | 472 | | SUPPLEMENT *Defendants' Citation of Supplemental Authority* to document: 403 Report and Recommendations, Set Deadlines, by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) Modified on 1/6/2017 to remove link. (js) (Entered: 01/06/2017) |
| 01/06/2017 | | | DOCKET CORRECTION re: 472 SUPPLEMENT. Clerks office removed link to docket entry 471 . (js) (Entered: 01/06/2017) |
| 01/11/2017 | 473 | | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 328 Status Conference – Discovery Dispute (Attachments: # 1 Exhibit TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE – DISCOVERY DISPUTE CONDUCTED ON APRIL 1, 2016)(Brancart, Christopher) (Entered: 01/11/2017) |
| 01/11/2017 | 474 | | NOTICE by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie re 338 Status Conference, (Attachments: # 1 Exhibit TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE CONDUCTED ON APRIL 27, 2016)(Brancart, Christopher) (Entered: 01/11/2017) |
| 01/12/2017 | 475 | | STATUS REPORT *Joint Status Report for January 13, 2017 Status Conference* by Maggie D. Anderson, North Dakota Department of Human Services. (Attachments: # 1 Exhibit Defendants' Chart of U Drive Searches for Alex Schweitzer & Rosalie Etherington)(Gaustad, Daniel) (Entered: 01/12/2017) |
| 01/13/2017 | 476 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 1/13/2017. (DR #170113–000.mp3 JS Chambers Recorder) (as) (Entered: 01/13/2017) |
| 01/17/2017 | 477 | | |

| | | | |
|---|---|---|---|
| | | | SUPPLEMENT *Plaintiffs' Citation of Supplemental Authority* to document: 415 Objection to Report and Recommendations,, 457 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl 455 Sealed Document,, 429 Response to Motion,,, by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 01/17/2017) |
| 01/17/2017 | 478 | | MOTION for Leave to File *Supplemental Evidence in Support of Rule 72 Objection (ECF 455) re Supplemental Report and Recommendation on Cross−Motions for Partial Summary Judgment [ECF 449]* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 [Proposed] Declaration of Elizabeth Brancart and Exhibit 1 in Support of Rule 72 Objection (ECF 455))(Brancart, Elizabeth) (Entered: 01/17/2017) |
| 01/18/2017 | 479 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 478 Motion for Leave to File. (AS) (Entered: 01/18/2017) |
| 01/18/2017 | 480 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 2/3/2017 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701−297−7070. (AS) (Entered: 01/18/2017) |
| 01/24/2017 | 481 | | STIPULATION *and Acknowledgement Re Scope and Effect of Confidentiality Order (ECF 141)* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) Modified on 1/25/2017 to add plaintiffs: Ryan Corman, Gerald Decoteau, Matthew Dyer, Stanton Quilt, and Larry Rubey. (js) (Entered: 01/24/2017) |

| 01/25/2017 | | | DOCKET CORRECTION re: 481 STIPULATION. Modified entry to reflect additional filers: Ryan Corman, Gerald Decoteau, Matthew Dyer, Stanton Quilt, and Larry Rubey. (js) (Entered: 01/25/2017) |
|---|---|---|---|
| 01/26/2017 | 482 | | ORDER by Magistrate Judge Alice R. Senechal regarding discovery dispute. (AS) (Entered: 01/26/2017) |
| 01/26/2017 | 483 | | QUALIFIED PROTECTIVE ORDER by Magistrate Judge Alice R. Senechal. (AS) (Entered: 01/26/2017) |
| 02/02/2017 | 484 | | STATUS REPORT by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Attachments: # 1 Exhibit 1 – Letters from Christopher Brancart to Daniel Gaustad, # 2 Exhibit 2 – Letters from Daniel Gaustad to Christopher Brancart, # 3 Exhibit 3 – Letter from Daniel Gaustad to Plaintiffs' Counsel dated 10/14/2016)(Brancart, Elizabeth) (Entered: 02/02/2017) |
| 02/03/2017 | 485 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference held on 2/3/2017. (DR #170203–000 JS Chambers Recorder) (lc) (Entered: 02/03/2017) |
| 02/07/2017 | 486 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 3/3/2017 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (AS) (Entered: 02/07/2017) |
| 02/09/2017 | 487 | | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Maggie D. Anderson, North Dakota Department of Human Services re 483 Protective Order, 482 Order (Attachments: # 1 Defendants' Appeal Of U.S. Magistrate Judges Qualified Protective Order (ECF 483) And Order Regarding Entry Of HIPAA Qualified Protective Order (ECF 482), # 2 Affidavit of Dr. Rosalie Etherington)(Gaustad, Daniel) (Entered: 02/09/2017) |
| 02/09/2017 | 488 | | MOTION to Stay re 483 Protective Order, 482 Order, 487 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Maggie D. Anderson, North Dakota Department of Human Services re 483 Protective Order, 482 Order by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 02/09/2017) |
| 02/14/2017 | 489 | | MOTION to Expedite *Defendants' Expedited Request for Clarification of ECF 482 and ECF 483*, MOTION Expedited Request for Additional Time to Respond to Pending Discovery re 483 Protective Order, 482 Order by Maggie D. Anderson, North Dakota Department of Human Services. (Gaustad, Daniel) (Entered: 02/14/2017) |
| 02/15/2017 | 490 | | ORDER by Magistrate Judge Alice R. Senechal granting 489 Motion for Clarification, finding as moot 489 Motion for Additional Time, and modifying 482 Order regarding discovery dispute. (AS) (Entered: 02/15/2017) |

Appellate Case: 17-1923   Page: 95   Date Filed: 05/01/2017 Entry ID: 4530774

| | | | |
|---|---|---|---|
| 02/15/2017 | 491 | | MOTION for Leave to File *Response to Defendants' FRCP Appeal of Magistrate Judge's Orders [ECF 482 and 483]* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 02/15/2017) |
| 02/16/2017 | 492 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 491 Motion for Leave to File Response to Defendants' Appeal of Magistrate Judge's Orders. Plaintiffs may file a responsive brief of up to 20 pages by 2/23/2017. (LS) (Entered: 02/16/2017) |
| 02/16/2017 | | | Set/Reset Deadlines as to 487 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Maggie D. Anderson, North Dakota Department of Human Services re 483 Protective Order, 482 Order. Response due by 2/23/2017. (js) (Entered: 02/16/2017) |
| 02/22/2017 | 493 | | AMENDED QUALIFIED PROTECTIVE ORDER by Magistrate Judge Alice R. Senechal. (AS) (Entered: 02/22/2017) |
| 02/22/2017 | 494 | | ORDER by Magistrate Judge Alice R. Senechal Regarding Discovery and Directing the Parties to File a Joint Status Report. (AS) (Entered: 02/22/2017) |
| 02/22/2017 | 495 | | ORDER by Magistrate Judge Alice R. Senechal denying 488 Motion to Stay. (AS) (Entered: 02/22/2017) |
| 02/22/2017 | 496 | | Position Papers by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota: re 436 Status Conference – Discovery Dispute. (Attachments: # 1 Letter, # 2 Answer to Interrogatories) (as) (Entered: 02/22/2017) |
| 02/22/2017 | 497 | | Position Papers by Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie: re 436 Status Conference – Discovery Dispute. (Attachments: # 1 1st set of Interrogatories, # 2 Answer to Interrogatories, # 3 Plaintiff's Request for Supplementation, # 4 Answers to Plaintiff's Request for Supplementation) (as) (Entered: 02/22/2017) |
| 02/22/2017 | 498 | | Position Papers by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, |

| | | | |
|---|---|---|---|
| | | | Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie: re 464 Status Conference. (Attachments: # 1 Plaintiff's Request for Supplementation, # 2 Letter, # 3 Plaintiffs Request for Supplementation, # 4 Letter dated December 6, 2016, # 5 Letter dated December 13, 2016, # 6 E–mail dated September 4, 2015, # 7 Powerpoint) (as) (Entered: 02/22/2017) |
| 02/22/2017 | 499 | | Position Papers by Maggie D. Anderson, Leann Bertsch, Rosalie Etherington, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota: re 464 Status Conference. (Attachments: # 1 Supplemental Requests for Production) (as) (Entered: 02/22/2017) |
| 02/22/2017 | 500 | | MOTION for Extension of Time to File Response/Reply as to 487 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Maggie D. Anderson, North Dakota Department of Human Services as to 483 Protective Order, 482 Order by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 02/22/2017) |
| 02/23/2017 | 501 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 500 Motion for Extension of Time to File Response/Reply re 487 APPEAL OF MAGISTRATE JUDGE DECISION. Plaintiffs' response is due by 3/2/2017. (LS) (Entered: 02/23/2017) |
| 03/01/2017 | 502 | | MOTION for Extension of Time to File Response/Reply as to 487 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) Modified on 3/2/2017 to add link and remove incorrect filer (Dustin Dean). (as) (Entered: 03/01/2017) |
| 03/02/2017 | | | DOCKET CORRECTION re: 502 MOTION. Clerk's office added link and removed incorrect filer (Dustin Dean). (as) (Entered: 03/02/2017) |
| 03/02/2017 | 503 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 502 Motion for Extension of Time to File Response/Reply re 487 APPEAL OF MAGISTRATE JUDGE DECISION. Plaintiffs' response is due by 3/7/2017. |

| | | | |
|---|---|---|---|
| | | | (LS) (Entered: 03/02/2017) |
| 03/02/2017 | 504 | | STATUS REPORT *re March 3, 2017 Status Conference* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Christopher) (Entered: 03/02/2017) |
| 03/03/2017 | 505 | | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Maggie D. Anderson, North Dakota Department of Human Services re 493 Protective Order (Attachments: # 1 Appeal of U.S. Magistrate Judge's Amended Qualified Protective Order)(Gaustad, Daniel) (Entered: 03/03/2017) |
| 03/03/2017 | 506 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 3/3/2017. (DR #170303–000.mp3 JS Chambers Recorder) (as) (Entered: 03/03/2017) |
| 03/03/2017 | 507 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 4/5/2017 01:30 PM CT by telephone before Magistrate Judge Alice R. Senechal. Defendants to initiate the call.(as) (Entered: 03/03/2017) |
| 03/03/2017 | 508 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. Per discussion at the March 3, 3017 status conference, the following deadlines are amended: Plaintiffs' combined response to defendants' 487 APPEAL OF MAGISTRATE JUDGE DECISION to District Court and defendants' 505 APPEAL OF MAGISTRATE JUDGE DECISION to District Court is due by 3/10/2017. Discovery due by 8/1/2017. Other Nondispositive Motions due by 8/31/2017. Plaintiffs' Expert Witness Disclosures and Reports due by 9/15/2017. Defendants' Expert Witness Disclosures and Reports due by 10/17/2017. Expert Discovery due by 11/15/2017. Dispositive Motions due by 12/15/2017. (AS) (Entered: 03/03/2017) |
| 03/03/2017 | | | Set/Reset Deadlines as to 505 APPEAL OF MAGISTRATE JUDGE DECISION to District Court, re 487 APPEAL OF MAGISTRATE JUDGE DECISION to District Court. Plaintiffs' combined Response due by 3/10/2017. See Order at 508 . (js) (Entered: 03/08/2017) |
| 03/08/2017 | 509 | | STIPULATION *to Approve Order, Order to Produce Documents and Affidavit of Service* by David Anderson. (Fremstad, Joel) (Entered: 03/08/2017) |
| 03/08/2017 | 510 | | MOTION for Clarification of Amended Qualified Protective Order, re 493 Protective Order by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, |

| | | | |
|---|---|---|---|
| | | | Christopher) Modified on 3/9/2017 to correct motion relief. (js) (Entered: 03/08/2017) |
| 03/09/2017 | 511 | | ORDER Adopting Stipulation re 509 Stipulation filed by David Anderson and Order to Produce Documents by Magistrate Judge Alice R. Senechal. (LS) (Entered: 03/09/2017) |
| 03/09/2017 | | | DOCKET CORRECTION re: 510 MOTION to Amend/Correct. Corrected motion relief from MOTION to Amend/Correct to MOTION for Miscellaneous relief (Clarification of Amended Qualified Protective Order). (js) (Entered: 03/09/2017) |
| 03/09/2017 | 512 | | RESPONSE re 505 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Raymond Voisine, Andrew Olafson, David Anderson, Cruz Muscha, Robert Lilley, Darin Napier, Monte Hojian, John Westlie, Estel Naser, Travis Wedmore, Robert Beauchamp, Timothy Olpin, Garrett Loy, Robert Hoff, Kyle Aune, Jason Gores, Oliver Wardlow, Jeremy Johnson, William Carter, Kelly Tanner, Joshua Keeping, Paul Oie, Ryan Corman, Lester McGillis, Rodney J. Ireland, Darl Hehn, Glenn Halton, Stanton Quilt, Terry Greak, Sandy Mangelsen, Michael Kruk, Eugene Wegley, Matthew Dyer, Matthew Graham, Marcus Bartole, Eugene Hinson, Kevette Moore, Gerald DeCoteau, Eugene Fluge, Larry Rubey, Christopher Simon (Brancart, Elizabeth) Modified on 3/10/2017 to correct docket text. (as) (Entered: 03/09/2017) |
| 03/15/2017 | 513 | | ORDER by Magistrate Judge Alice R. Senechal denying 510 Motion for Clarification/Modification of the Amended Qualified Protective Order. (AS) (Entered: 03/15/2017) |
| 03/21/2017 | 514 | | NOTICE by Maggie D. Anderson, North Dakota Department of Human Services *Notice of Substitution of Successor to Public Officer* (Gaustad, Daniel) (Entered: 03/21/2017) |
| 03/21/2017 | 515 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. Pursuant to Federal Rule of Civil Procedure 25(d), defendants filed a 514 Notice of Substitution of Christopher D. Jones as the successor Executive Director of the North Dakota Department of Human Services to Maggie D. Anderson. Jones is therefore substituted for Anderson on the official capacity claims. The Clerk is directed to amend the docket accordingly. (AS) (Entered: 03/21/2017) |
| 03/21/2017 | 516 | | ORDER by Judge Ralph R. Erickson affirming magistrate judge's order denying the plaintiffs' motion to add a plaintiff and dismissing 457 Appeal of Magistrate Judge Decision. (SH) (Entered: 03/21/2017) |
| 03/21/2017 | 517 | | ORDER by Judge Ralph R. Erickson affirming magistrate judge's amended qualified protective order and dismissing 487 Appeal of Magistrate Judge Decision; and dismissing 505 Appeal of Magistrate Judge Decision. (SH) (Entered: 03/21/2017) |
| 03/21/2017 | 518 | | ORDER ADOPTING 394 and 399 REPORT AND RECOMMENDATIONS; and granting in part and denying in part 343 Motion to Certify Class by Judge Ralph R. Erickson.(SH) (Entered: 03/21/2017) |
| 03/22/2017 | 519 | 157 | ORDER ADOPTING 403 and 449 REPORT AND RECOMMENDATIONS; granting in part and denying in part 366 Motion for Partial Summary |

| | | | Judgment; granting 391 Motion to Strike/Exclude; and granting in part and denying in part 223 Motion for Partial Summary Judgment by Judge Ralph R. Erickson.(SH) (Entered: 03/22/2017) |
|---|---|---|---|
| 03/30/2017 | 520 | | NOTICE of Hearing: Status Conference re: Discovery Dispute RESET for 4/12/2017 at 01:30 PM by telephone before Magistrate Judge Alice R. Senechal. (Previously set for 4/5/2017). Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. The parties' joint status report shall be filed 24 hours in advance of the conference. (AS) (Entered: 03/30/2017) |
| 03/30/2017 | 521 | | MOTION to Continue *April 5, 2017 Status Conference [ECF 507]* by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Christopher Simon, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie. (Brancart, Elizabeth) (Entered: 03/30/2017) |
| 03/30/2017 | 522 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 521 Motion to Continue. The status conference has been reset. See Doc. # 520 . (AS) (Entered: 03/30/2017) |
| 04/06/2017 | 523 | | MOTION for Reconsideration re 519 Order Adopting Report and Recommendations MOTION to Stay by North Dakota State Hospital, State of North Dakota, North Dakota Department of Human Services, Christopher D. Jones and Rosalie Etherington. (Attachments: # 1 Brief in Support of Motion)(Gaustad, Daniel) Modified on 4/7/2017 to clarify docket text and add correct filers(cjs). (Entered: 04/06/2017) |
| 04/07/2017 | | | DOCKET CORRECTION re: 523 Motion for Reconsideration, Motion for Stay. Modified entry to reflect correct filers North Dakota State Hospital, State of North Dakota, North Dakota Department of Human Services, Rosalie Etherington and Christopher D. Jones. (cjs) (Entered: 04/07/2017) |
| 04/10/2017 | 524 | | NOTICE of Hearing: Status Conference re: Discovery Dispute RESET for 4/12/2017 02:00 PM by telephone before Magistrate Judge Alice R. Senechal. (Previously set for 4/12/2017 at 1:30 PM). Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (LS) (Entered: 04/10/2017) |
| 04/10/2017 | 525 | 162 | NOTICE OF INTERLOCUTORY APPEAL as to 519 ORDER adopting 449 Report and Recommendations and 403 Report and Recommendations, by Leann Bertsch, Rosalie Etherington, Christopher D. Jones, North Dakota Department of Corrections and Rehabilitation, North Dakota Department of Human Services, North Dakota State Hospital, State of North Dakota. Filing fee: PAID. (as) (Entered: 04/11/2017) |
| 04/11/2017 | 526 | 165 | Transmittal of Notice of Appeal Supplement to 8th Circuit Court of Appeals re 525 Notice of Interlocutory Appeal, (as) (Entered: 04/11/2017) |
| 04/11/2017 | 527 | | |

Appellate Case: 17-1923     Page: 100     Date Filed: 05/01/2017 Entry ID: 4530774

| | | | STATUS REPORT *Joint Status Report for April 12, 2017 Status Conference* by Rosalie Etherington, Christopher D. Jones, North Dakota Department of Human Services, North Dakota State Hospital. (Attachments: # 1 Exhibit 1: Plaintiff Jason Gores's Second Set of Interrogatories, # 2 Exhibit 2: Plaintiffs' Request for Supplementation or, in the alternative, Request for Production re Advice of Counsel, # 3 Exhibit 3: Plaintiffs' Renewed Request for Supplementation)(Gaustad, Daniel) (Entered: 04/11/2017) |
|---|---|---|---|
| 04/12/2017 | 528 | | Minute Entry for proceedings held before Magistrate Judge Alice R. Senechal: Status Conference re: Discovery Dispute held on 4/12/2017. (DR #170412–000 JS Chambers Recorder) (lc) (Entered: 04/13/2017) |
| 04/13/2017 | 529 | | NOTICE of Hearing: Status Conference re: Discovery Dispute set for 5/19/2017 1:30 PM (CT) by telephone before Magistrate Judge Alice R. Senechal. Defendants shall initiate the call. The telephone number for chambers is 701–297–7070. (lc) (Entered: 04/13/2017) |
| 04/20/2017 | 530 | | RESPONSE to Motion re 523 MOTION for Reconsideration re 519 Order Adopting Report and Recommendations,, Order on Motion for Partial Summary Judgment,, Order on Motion to Strike,, Order on Report and Recommendations,,,,, MOTION to Stay filed by David Anderson, Kyle Aune, Marcus Bartole, Robert Beauchamp, William Carter, Ryan Corman, Gerald DeCoteau, Matthew Dyer, Eugene Fluge, Jason Gores, Matthew Graham, Terry Greak, Glenn Halton, Darl Hehn, Eugene Hinson, Robert Hoff, Monte Hojian, Rodney J. Ireland, Jeremy Johnson, Joshua Keeping, Michael Kruk, Robert Lilley, Garrett Loy, Sandy Mangelsen, Lester McGillis, Kevette Moore, Cruz Muscha, Darin Napier, Estel Naser, Paul Oie, Andrew Olafson, Timothy Olpin, Stanton Quilt, Larry Rubey, Kelly Tanner, Raymond Voisine, Oliver Wardlow, Travis Wedmore, Eugene Wegley, John Westlie and Christopher Simon. (Attachments: # 1 Declaration of Christopher Brancart in Support)(Brancart, Elizabeth) Modified on 4/21/2017 to add filer Christopher Simon (cjs). (Entered: 04/20/2017) |
| 04/21/2017 | | | DOCKET CORRECTION re: 530 Response to Motion. Modified entry to add filer Christopher Simon. (cjs) (Entered: 04/21/2017) |
| 04/24/2017 | 531 | | NOTICE by Rosalie Etherington, Christopher D. Jones, North Dakota Department of Human Services, North Dakota State Hospital and State of North Dakota re 525 Notice of Interlocutory Appeal, *Certification of No Transcript* (Gaustad, Daniel) Modified on 4/25/2017 to add filer State of North Dakota (cjs). (Entered: 04/24/2017) |
| 04/24/2017 | 532 | | NOTICE by Rosalie Etherington, Christopher D. Jones, North Dakota Department of Human Services, North Dakota State Hospital and State of North Dakota re 525 Notice of Interlocutory Appeal, *Statement of Issues on Appeal* (Gaustad, Daniel) Modified on 4/25/2017 to add filer State of North Dakota (cjs). (Entered: 04/24/2017) |
| 04/25/2017 | | | DOCKET CORRECTION re: 531 Notice and 532 Notice. Modified entries to add filer State of North Dakota. (cjs) (Entered: 04/25/2017) |
| 04/27/2017 | 533 | | *RESTRICTED – ERROR IN DOCUMENT* MOTION for Reconsideration re 449 Report and Recommendations,, Set Deadlines, 403 Report and Recommendations,, Set Deadlines, *Defendants' Motion for Reconsideration, or in the Alternative,* MOTION to Stay *Application of Order* by Rosalie |

| | | | |
|---|---|---|---|
| | | | Etherington, Christopher D. Jones, North Dakota Department of Human Services, North Dakota State Hospital. (Attachments: # 1 Defendants' Brief in Support of Motion for Reconsideration, Or in the Alternative, Motion to Stay Application of Order)(Gaustad, Daniel) Modified on 4/27/2017 to restrict access per request of filer. (js) (Entered: 04/27/2017) |
| 04/27/2017 | 534 | | REPLY to Response to Motion re 523 MOTION for Reconsideration re 519 Order Adopting Report and Recommendations,, Order on Motion for Partial Summary Judgment,, Order on Motion to Strike,, Order on Report and Recommendations,,,,, MOTION to Stay *Defendants' Reply Brief in Support of Motion for Reconsideration, or in the Alternative, Motion to Stay Application of Order* filed by Rosalie Etherington, Christopher D. Jones, North Dakota Department of Human Services, North Dakota State Hospital. (Gaustad, Daniel) (Entered: 04/27/2017) |
| 04/27/2017 | | | DOCKET CORRECTION re: 533 MOTION for Reconsideration. Clerks office restricted access to document per request of filer. (js) (Entered: 04/27/2017) |
| 04/28/2017 | 535 | 166 | ORDER by Judge Ralph R. Erickson denying 523 Motion for Reconsideration; and denying 523 Motion to Stay. (SH) NEF Regenerated to the 8th Circuit Court of Appeals. (js) (Entered: 04/28/2017) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

Rodney J. Ireland, Lester McGillis, Gerald )
DeCoteau, William Carter, Ryan Corman, )
Matthew Graham, Terry Greak, Glenn )
Halton, Robert Hoff, Monte Hojian, )
Jeremy Johnson, Michael Kruk, Garrett )
Loy, Kevette Moore, Cruz Muscha, Darin )
Napier, Paul Oie, Timothy Olpin, Larry )
Rubey, Christopher Simon, Kelly Tanner, )
John Westlie, Robert Lilley, Darl Hehn, )
Oliver Wardlow, Joshua Keeping, Matthew )
Dyer, Travis Wedmore, Kyle Aune, )
Marcus Bartole, Jason Gores, Estel Naser, )
Andrew Olafson, Stanton Quilt, Raymond )
Voisine, Eugene Wegley, David Anderson, )
Eugene Fluge, Robert Beauchamp, Sandy )
Mangelsen, and Eugene Hinson, )
                                   )
         Plaintiffs, )
                                  )      Case No.  3:13-cv-3
    vs. )
                                    )  **REPORT AND RECOMMENDATION**
Maggie D. Anderson, Executive Director, )  **ON CROSS-MOTIONS FOR**
North Dakota Department of Human )  **PARTIAL SUMMARY JUDGMENT**
Services, in her official capacity, Leann )
Bertsch, Director, North Dakota )
Department of Corrections and )
Rehabilitation, in her official capacity, )
State of North Dakota, North Dakota )
Department of Human Services, North )
Dakota Department of Corrections and )
Rehabilitation, North Dakota State )
Hospital, and Dr. Rosalie Etherington, )
Superintendent of the North Dakota State )
Hospital, in her official capacity, )
                                     )
         Defendants. )

      Forty-one named plaintiffs challenge various aspects of North Dakota's system

for civil commitment of persons who have been found to be sexually dangerous

individuals (SDIs). They bring claims for injunctive relief against three state

entities—the Department of Human Services (DHS), the North Dakota State Hospital

(NDSH), and the Department of Corrections and Rehabilitation (DOCR)—and the directors of each of those entities.

The defendants filed a motion for partial summary judgment, and the plaintiffs filed a cross-motion for partial summary judgment. In their briefing, the plaintiffs state that they do not intend to pursue some of the claims on which the defendants seek partial summary judgment. The issues remaining concern questions of facial validity of certain provisions of the statutory framework governing North Dakota's SDI system, and raise issues of denial of equal protection and denial of substantive due process.

Additionally, the plaintiffs move to strike a document submitted by the defendants in support of their position on the motions, contending that the information compiled in that document was requested, but not produced, in response to discovery requests.

## Summary

Some of the issues raised in the defendants' motion are no longer contested, and the defendants should therefore be granted partial summary judgment as to those issues. Earlier motions to dismiss plaintiffs who are no longer civilly committed were denied, and this court recommends that the defendants' motion for summary judgment on the claims of Larry Rubey be denied for the same reasons. To the extent the remaining issues require determination of the standard of review to be employed in reviewing constitutional claims of SDIs, this court recommends application of a rational basis standard.

As to the plaintiffs' Eighth Amendment claims, this court recommends that the defendants' motion for partial summary judgment be denied insofar as it concerns those

Apr 28 2017 p 104

Appellate Case: 17-1923   Page: 104   Date Filed: 05/01/2017 Entry ID: 4530774

plaintiffs whose only sexually predatory conduct occurred while they were juveniles, but that defendants be granted partial summary judgment on the plaintiffs' other Eighth Amendment claims.

As to the plaintiffs' claim that the statutes governing civil commitment of SDIs violate their right to equal protection, insofar as SDIs are treated differently than persons who are civilly committed for treatment for serious mental disorders or chemical dependency, this court recommends that the defendants' motion for partial summary judgment be granted.

Because no plaintiff has standing to raise the claim, this court recommends that the plaintiffs' cross-motion for partial summary judgment be denied, insofar as it concerns a claim that chapter 25-03.3 is facially unconstitutional because it allows SDI commitment <u>both</u> without a prior criminal conviction and without requiring proof beyond a reasonable doubt of sexually predatory conduct.

Finally, this court recommends that the plaintiffs' cross-motion for partial summary judgment be granted, insofar as it concerns a claim that North Dakota Century Code chapter 25-03.3 is unconstitutional on its face, because it does not require that the defendants initiate court proceedings for release of individuals who no longer meet SDI criteria.

## Background

Another recent Report and Recommendation, regarding a pending motion for class certification, summarized relevant background information:

> North Dakota, like at least twenty other states, has adopted a statutory process for civil commitment of SDIs. <u>See</u> N.D. Cent. Code ch. 25-03.3. Under that statutory framework, a state's attorney can initiate a civil commitment

Apr 28 2017 p 105

Appellate Case: 17-1923     Page: 105     Date Filed: 05/01/2017 Entry ID: 4530774

proceeding by filing a petition with a district court. Id. § 25-03.3-03(1). If a petition is filed, the person alleged to be an SDI has a statutory right to notice, a right to counsel, a right to a hearing, and a right to services of an expert witness at state expense. Id. §§ 25-03.3-09 to -13.

The SDI civil commitment process usually begins while a person is serving a prison term in custody of the DOCR. If a person who has been convicted of "an offense that includes sexually predatory conduct" is in DOCR's custody, DOCR is required to assess the person and to decide whether to recommend civil commitment as an SDI. Id. § 25-03.3-03.1(1). DOCR's assessment is to occur approximately six months prior to the person's projected date of release from custody. If DOCR determines that a person may meet the statutory definition of an SDI, DOCR is required to refer that person to one or more state's attorneys for possible civil commitment proceedings. Id. § 25-03.3-03(2). If a state's attorney files a petition after getting DOCR's recommendation, the person is transferred from DOCR custody to custody of the county where the petition was filed, pending a preliminary hearing. Id. § 25-03.3-03.11.

At a preliminary hearing, the state court determines whether there is probable cause to believe the individual is an SDI. If the court does not find probable cause, the petition is dismissed. Id. If the state court finds probable cause, the person is transferred to the North Dakota State Hospital (NDSH) for evaluation. Following evaluation, the state district court conducts a commitment hearing. The governing statute provides that a commitment hearing is to be held within 60 days of a finding of probable cause, unless the court finds good cause to extend that time. Id. § 25-03.3-13. But, declarations in the record describe plaintiffs being in the evaluation process at NDSH for as long as 197 days, 234 days, and 1 year. (Doc. #345-2, p. 2; Doc. #345-4, p. 2; Doc. #345-5, p. 2).

At a commitment hearing, the state has the burden to prove, by clear and convincing evidence, that the person meets the statutory definition of an SDI. To meet that burden, the state must prove (1) that the person has engaged in sexually predatory conduct, (2) that the person has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or another mental disorder or dysfunction, and (3) that the disorder makes that person likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others. N.D. Cent. Code § 25-03.3-01(8).

Under North Dakota's system, individuals who are found to be SDIs are committed to the custody of the Department of Human Services (DHS) for placement in "an appropriate facility or program at which treatment is available." Id. § 25-03.3-13. The placement is to be in the "least restrictive

4

available treatment facility or program necessary to achieve the purposes of [the SDI statutes]," though DHS is not required to "create a less restrictive treatment facility or treatment program specifically for [a] respondent or committed individual." Id.

   Upon their commitment, DHS places SDIs in a facility on the NDSH campus—the Gronewald/Middleton Building. (Doc. #246, p. 27). DHS may initiate a petition seeking a court's approval for a community placement—rather than placement at NDSH—but an SDI may not petition for community placement, and the state courts have determined that a court cannot order community placement in the absence of a DHS request. N.D. Cent. Code § 25-03.3-24(1); In re Whitetail, 868 N.W.2d 833, 840 (N.D. 2015). SDI treatment stages are described in a resident handbook, and it appears that handbook contemplates a minimum of two to three years to complete the treatment program. (Doc. #344-3, pp. 15-23).

   The governing statutes require that an individual who is committed as an SDI have an annual examination, with an exam report to be provided to the court that ordered the commitment. If an SDI is indigent, the statutes also give the SDI a right to an annual examination by a court-appointed expert at state expense. N.D. Cent. Code § 25-03.3-17(2). After receiving an annual report, the court may order further examination and may hold a hearing to determine whether the commitment should continue. Id. § 25-03.3-17(4).

   Once committed, an SDI remains committed indefinitely, unless a court orders discharge. Discharge petitions can be initiated by an SDI or by DHS. Id. § 25-03.3-17(5). There is a statutory requirement that an SDI receive annual notice of the right to petition for discharge, id. § 25-03.3-18(1), and an SDI is entitled to a discharge hearing every twelve months, id. § 25-03.3-18(2). At a hearing on a discharge petition, the SDI again has a right to a court-appointed expert at state expense. Id. § 25-03.3-18(3). In a discharge hearing, as in an initial commitment hearing, the state must prove, by clear and convincing evidence, that the person meets the statutory definition of an SDI. Id. § 25-03.3-18(4). Both initial orders for commitment as an SDI and orders denying petitions for discharge are appealable to the state supreme court. Id. § 25-03.3-19.

   North Dakota began implementation of chapter 25-03.3 in 1997 through its Sex Offender Treatment and Evaluation Program (SOTEP). According to the defendants, approximately 170 individuals have been evaluated by SOTEP to date, and approximately 100 of those individuals have been committed as SDIs. (Doc. #361, pp. 6-7). Of those who have been committed, approximately 46 were subsequently discharged from NDSH. Id.
. . .

Apr 28 2017 p 107
Appellate Case: 17-1923   Page: 107   Date Filed: 05/01/2017 Entry ID: 4530774

The plaintiffs' compilation of discovery data, which defendants have not questioned, shows that, of those currently confined at NDSH as SDIs, over half have been there for 8 or more years, and at least 25% have been there more than 10 years. Id. at 1.

(Doc. #394, pp. 2-6) (footnote omitted).

## Summary of Issues Presented

First, the defendants move for dismissal of Larry Rubey's claims, because he was released from DHS custody pursuant to a June 23, 2015 state court order. An earlier order of this court, however, denied motions to dismiss as to other persons who are no longer in DHS custody. (Doc. #244, p. 4). The motion as to Rubey should be denied for the same reasons, and is not further addressed in this opinion.

Next, the defendants move for summary judgment on claims concerning the six plaintiffs who comprise the plaintiffs' proposed Juvenile Sublcass. (Doc. #249, pp. 11-16); (see also Doc. #343, p. 3). The defendants assert that, contrary to contentions in the Sixth Amended Complaint, none of those six plaintiffs were juveniles at the time of their commitment proceedings. In filings subsequent to the Sixth Amended Complaint, the plaintiffs have focused their claims regarding these six plaintiffs on them being juveniles at the time of the sexually predatory conduct which led to their commitment as SDIs, rather than at the time of their commitment proceedings. The plaintiffs no longer allege that any of the six were juveniles at the time of their commitment proceedings, (Doc. #367, p. 4), and the defendants should be granted summary judgment dismissing all claims based on allegations that the six plaintiffs were juveniles when committed as SDIs.[1] This issue is not further addressed in this opinion.

---

[1] The defendants' motion does not address the plaintiffs' claims based on juvenile status at the time of the sexually predatory conduct, but defendants' reply brief states

Next, the defendants seek summary judgment on the plaintiffs' Eighth Amendment claims, insofar as the plaintiffs assert that civil commitment of a person who has not been convicted of a sex offense constitutes cruel and unusual punishment. In their response, the plaintiffs state that, assuming the SDI system is considered civil in nature and not punitive in nature, for purposes of this motion they concede that the Eighth Amendment's prohibition of cruel and unusual punishment does not apply, except as to those whose SDI commitment was based on sexually predatory conduct committed while they were juveniles. (Doc. #367, p. 31). The Eighth Amendment issue as to the proposed Juvenile Subclass is addressed below, but the other Eighth Amendment claims included in the Sixth Amended Complaint are not further addressed in this opinion.

Next, the defendants seek summary judgment on two equal protection claims—that SDIs are treated differently from persons who have been criminally convicted and incarcerated, and that SDIs are treated differently from persons who are civilly committed because of serious mental disorders or chemical dependency (persons requiring treatment, or PRTs, under North Dakota Century Code chapter 25-03.1). Plaintiffs respond that they do not intend to pursue an equal protection claim comparing SDIs to those who are incarcerated, id. at 4, so summary judgment should be granted as to that claim, and it is not further addressed in this opinion. The plaintiffs' equal protection claim concerning SDIs and PRTs is addressed below.

---

that they may bring a future motion addressing those claims. (Doc. #383, p. 4 n.1).

Apr 28 2017 p 109
Appellate Case: 17-1923   Page: 109   Date Filed: 05/01/2017 Entry ID: 4530774

The defendants also seek summary judgment as to the plaintiffs' facial challenges to those portions of North Dakota Century Code chapter 25-03.3 which (1) allow indefinite civil commitment of SDIs; (2) provide for a "clear and convincing" standard of proof for SDI commitment; (3) concern the judicial release process; and (4) do not provide a right to jury trial in SDI commitment proceedings. The plaintiffs respond that they do not intend to pursue claims regarding lack of a jury trial, id. at 2, so summary judgment should be granted as to that claim. The defendants' motion as to other facial challenges to the statute is addressed below.

Finally, the defendants request summary judgment on the plaintiffs' claims that SDI commitment in the absence of a criminal conviction violates due process. The plaintiffs cross-move for partial summary judgment, contending that chapter 25-03.3 is unconstitutional on its face in not requiring proof of a criminal conviction for an SDI commitment, while at the same time allowing proof of sexually predatory conduct which forms the basis for an SDI commitment to be based on a "clear and convincing" standard rather than a "beyond a reasonable doubt" standard. Those issues are addressed below.

The plaintiffs also seek partial summary judgment on their claim that chapter 25-03.3 is unconstitutional on its face in not imposing a duty on DHS to take affirmative action to release individuals who no longer satisfy criteria for SDI commitment. That issue is addressed in conjunction with the defendants' motion concerning constitutionality of indefinite civil commitment, the defendants' motion concerning judicial release process, and the plaintiffs' motion to strike an exhibit to an affidavit.

8

**Law and Discussion**

Summary judgment should be granted if, drawing all inferences in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Except as to DHS practices concerning release of committed individuals who no longer meet the SDI definition, the parties raise no factual disputes in the instant motions.

In this litigation, the plaintiffs bring substantive due process claims, with the primary contention that the defendants apply chapter 25-03.3 in a manner that results in the system being punitive in nature; if the court concludes that is true, the plaintiffs will then argue that constitutional protections applicable to criminal statutes must be applied. (Doc. #367, p. 3). But, for purposes of the instant motions, the plaintiffs assume that standards applicable to a system of civil commitment apply.

Consideration of the issues raised in the pending motions is guided by Kansas v. Hendricks, where the Supreme Court upheld Kansas statutes governing civil commitment of "sexually violent predators."[2] In doing so, the Court stated:

> Although freedom from physical restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action, that liberty interest is not absolute, . . . and [i]t thus cannot be said that the involuntary civil confinement of a limited subclass of dangerous persons is contrary to our understanding of ordered liberty.

521 U.S. 346, 356 (1997). The purpose of civil commitment, however, cannot be

---

[2] Statutory terminology varies among the states—e.g., sexually violent predator, sexually violent person, sexually dangerous individual, sexually dangerous person, dangerous sexual offender, sexual psychopath. When not specifically discussing the North Dakota statute, this opinion uses the term "sex offender" to encompass the varied terms used in other states.

Apr 28 2017 p 111
Appellate Case: 17-1923   Page: 111   Date Filed: 05/01/2017 Entry ID: 4530774

punitive, and involuntary commitment is constitutional only if a state employs proper procedures and evidentiary standards. Id. at 357. Under Hendricks, "[a] finding of dangerousness, standing alone, is ordinarily not a sufficient ground upon which to justify indefinite involuntary commitment." Id. at 358. Rather, proof of dangerousness must be coupled with proof of "some additional factor, such as a 'mental illness' or 'mental abnormality.'" Id.

In addition to Hendricks, both parties cite two recent cases involving sex offender commitment systems in other states in this circuit. In Van Orden v. Schafer, the court found that the "overwhelming evidence at trial" showed that Missouri's sex offender commitment system "suffers from systemic failures regarding risk assessment and release that have resulted in the continued confinement of individuals who no longer meet the criteria for commitment, in violation of the Due Process Clause." 129 F. Supp. 3d 839, 844 (E.D. Mo. 2015), on reconsideration in part sub nom. Orden v. Schafer, No. 4:09-cv-971, 2015 WL 9269251 (E.D. Mo. Dec. 21, 2015). In the same post-trial order, however, the court denied relief on (1) the plaintiffs' claims that the state statute was facially unconstitutional; (2) the plaintiffs' challenge to the constitutional adequacy of treatment modalities because of staff and funding shortages; and (3) the plaintiffs' challenge to the state's reimbursement scheme. Id. at 865-70. The Van Orden court declined to apply a strict scrutiny standard; rather, in considering the plaintiffs' as-applied claims, the court applied a "shocks the conscience" standard, and required that the plaintiffs prove that the "nature and duration of the commitment of [sex offenders] bears no reasonable relation to the non-punitive purpose for which they were committed." Id. at 867.

Apr 28 2017 p 112

Appellate Case: 17-1923   Page: 112   Date Filed: 05/01/2017 Entry ID: 4530774

Unlike the Van Orden court, the court in Karsjens v. Jesson, applied a strict scrutiny standard, and found that Minnesota's sex offender civil commitment scheme was unconstitutional both on its face and as applied. 109 F. Supp. 3d 1139, 1166-67 (D. Minn. 2015), appeal docketed, No. 15-3485 (8th Cir. argued Apr. 12, 2016). The court found the Minnesota statutes facially unconstitutional in (1) not requiring periodic risk assessments; (2) providing no judicial bypass mechanism for plaintiffs to challenge their ongoing commitment outside the statutory discharge process; (3) making the statutory discharge criteria more stringent than the statutory commitment criteria; (4) authorizing the burden to petition for a reduction in custody to shift to committed individuals; (5) contemplating, but not providing, less restrictive alternatives; and (6) not requiring the state to take affirmative action on behalf of individuals who no longer meet criteria for commitment. Id. at 1173. Further, the court found Minnesota's system unconstitutional as applied in (1) not conducting periodic independent risk assessments; (2) not performing risk assessments in a constitutional manner; (3) continuing confinement of individuals who had completed treatment or sufficiently reduced their risk; (4) discharge procedures not working properly; (5) having insufficient less restrictive alternatives; and (6) the treatment program's structure being an "institutional failure," with "no meaningful relationship between the treatment program and an end to indefinite detention." Id. at 1173-74.

The plaintiffs also cite a recent decision from the Northern District of Iowa, Willis v. Palmer, No. C12-4086, 2016 WL 1267766 (N.D. Iowa Mar. 30, 2016), involving claims of nine individuals who were civilly committed to Iowa's sex offender treatment program. As to the plaintiffs' claims that the Iowa program violated the Fourteenth

Amendment, the court applied a "shocks the conscience" standard, and denied summary judgment as to claims that the treatment was inadequate, that the system was punitive as applied, and that the program was the least restrictive means to achieve the state's goals. <u>Id.</u> at *27.

### 1.    Facial Invalidity

Claims that a statute is unconstitutional on its face are disfavored for several reasons.[3] Such claims may risk a premature interpretation of statutes on "factually barebones records," are contrary to the fundamental principle of judicial restraint, and frustrate the intent of the legislative body. <u>Wash. State Grange v. Wash. State Republican Party</u>, 552 U.S. 442, 450-51 (2008) (citations and internal quotation marks omitted). Recently, the Supreme Court stated:

> A facial challenge is an attack on a statute itself as opposed to a particular application. While such challenges are "the most difficult . . . to mount successfully," the Court has never held that these claims cannot be brought under any otherwise enforceable provision of the Constitution. Instead, the Court has allowed such challenges to proceed under a diverse array of constitutional provisions.

<u>City of Los Angeles v. Patel</u>, 135 S. Ct. 2443, 2449 (2015) (citations omitted).

---

[3] The plaintiffs assert that the defendants' motion on facial invalidity claims is of "limited utility" at this stage, because any issues on which the defendants' motion is granted will also be presented as challenges to the statutes as applied. In the plaintiffs' view, "any facial analysis would be better presented in conjunction with the factual record, still being developed, so that the statute and system administering that statute could be reviewed and understood as a whole." (Doc. #367, p. 3). But, the plaintiffs nonetheless assert facial invalidity claims in their cross-motion.

The court has granted the plaintiffs several extensions of time to respond to the defendants' motion, so that further discovery could be conducted. The defendants have not completed required document production, and the court recognizes that the plaintiffs were required to respond to the defendants' motion before that was complete.

Apr 28 2017 p 114
Appellate Case: 17-1923    Page: 114    Date Filed: 05/01/2017 Entry ID: 4530774

The parties disagree on the standard to be employed in determining whether portions of chapter 25-03.3 are unconstitutional on their face. In <u>United States v. Salerno</u>, a facial challenge to the federal Bail Reform Act as violative of substantive due process rights, the Supreme Court stated the challenger was required to "establish that no set of circumstances exists under which the [statute] would be valid." 418 U.S. 739, 745 (1987). The plaintiffs refer to a Tenth Circuit case[4] which questions the breadth of proper application of <u>Salerno</u>'s test, and point to the <u>Patel</u> Court's recent guidance on analysis of facial challenges:

> Under the most exacting standard the Court has prescribed for facial challenges, a plaintiff must establish that a "law is unconstitutional in all of its applications." <u>Washington State Grange v. Washington State Republican Party</u>, 552 U.S. 442, 449, 128 S. Ct. 1184, 170 L. Ed.2d 151 (2008). But when assessing whether a statute meets this standard, the Court has considered only applications of the statute in which it actually authorizes or prohibits conduct. . . . The "[l]egislation is measured for consistency with the Constitution by its impact on those whose conduct it affects. . . . The proper focus of the constitutional inquiry is the group for whom the law is a restriction, not the group for whom the law is irrelevant." [<u>Planned Parenthood of Se. Pa. v. Casey</u>, 505 U.S. 833, 894 (1992)].

135 S. Ct. at 2451. The plaintiffs argue, "Where a statute fails to provide constitutionally required substantive or procedural protections, the fact that the statute does not explicitly prohibit those protections cannot protect against a facial challenge." (Doc. #367, p. 24).

Along with their reliance on <u>Salerno</u>'s "no set of circumstances" language, the defendants also point to language of <u>Washington State Grange</u>, where the Court stated, "While some Members of the Court have criticized the <u>Salerno</u> formulation, all agree

---

[4] <u>Doe v. City of Albuquerque</u>, 667 F.3d 1111, 1123-28 (10th Cir. 2012).

Apr 28 2017 p 115
Appellate Case: 17-1923   Page: 115   Date Filed: 05/01/2017 Entry ID: 4530774

that a facial challenge must fail where the statute has a 'plainly legitimate sweep.' Washington's primary system survives under either standard . . . ." 552 U.S. at 449 (emphasis added) (quoting Washington v. Glucksberg, 521 U.S. 702, 739-40 and n.7 (1997 ) (Stevens, J., concurring)). The defendants criticize the plaintiffs' failure to address the plainly legitimate sweep standard. (Doc. #383, p. 17). However, Washington State Grange addressed a First Amendment issue, and, though not entirely clear, it appears that the Eighth Circuit reserves the "plainly legitimate sweep" test for First Amendment overbreadth challenges.[5] Since the pending motions involve no First Amendment questions, this opinion analyzes the facial challenges under the standard recently described in Patel, without regard for the "plainly legitimate sweep" standard.

## 2.    Standard of Review on Equal Protection and Substantive Due Process Claims

As discussed above, the Karsjens and Van Orden courts reached differing conclusions on the standard to be applied in analyzing constitutional claims of civilly committed sex offenders. In concluding that the strict scrutiny standard applied, the Karsjens court found that the plaintiffs' "fundamental right to live free of physical

---

[5] The Eighth Circuit discussed both standards in Neely v. McDaniel, a habeas case challenging Arkansas' statute criminalizing solicitation of sexual indecency with a child. 677 F.2d 346 (8th Cir. 2012). Neely challenged the statute as unconstitutionally vague on its face under the due process clause, and facially violative of the First Amendment because of overbreadth. In addressing the due process challenge, the court stated, "To succeed on his facial challenge to the statute, Neely must establish that 'no set of circumstances exists under which the Act would be valid.'" Id. at 350 (quoting Salerno, 481 U.S. at 745). But, in addressing the First Amendment challenge, the court stated, "The overbreadth doctrine permits a court to invalidate a statute that restricts expression if 'a substantial number of its applications are unconstitutional' in relation to its 'plainly legitimate sweep.'" Id. (quoting United States v. Stevens, 559 U.S. 460, 473 (2010)).

14

Appellate Case: 17-1923   Page: 116   Date Filed: 05/01/2017 Entry ID: 4530774

restraint [was] constrained by the curtailment of their liberty." 109 F. Supp. 3d at 1167.

Karsjens distinguished other cases challenging sex offender commitment schemes,

because no offender had ever been released from the Minnesota treatment program:

> This case is distinguishable from other challenges to the involuntary confinement of sex offenders where it was represented to the court that the program's anticipated duration of completion was a few years or only *potentially* indefinite; here, not one offender has been released from the [Minnesota Sex Offender Program] after over twenty years. See, e.g., Kansas v. Hendricks, 521 U.S. 346, 364 (1997) (stating that "commitment under the Act is only *potentially* indefinite" because "[t]he maximum amount of time an individual can be incapacitated pursuant to a single judicial proceeding is one year" and "[i]f Kansas seeks to continue the detention beyond that year, a court must once again determine beyond a reasonable doubt that the detainee satisfies the same standards as required for the initial confinement"); In re Linehan, 557 N.W.2d 171, 188 (Minn. 1996) (finding that "model patients" were expected to complete the program in approximately thirty-two months and finding that, in light of this finding, the program was remedial and not punitive in nature); Call [v. Gomez, 535 N.W.2d 312, 318 n.5 (Minn. 1995)] (noting the state's representation that "[a]n average patient is expected to complete the program in a minimum of 24 months").

> . . . .

> The United States Supreme Court has held that a civil commitment statutory scheme is permitted provided that an individual is not detained past the time they are no longer dangerous or no longer have a mental illness without rendering the statute punitive in purpose or effect as to negate a legitimate nonpunitive civil objective. See Hendricks, 521 U.S. at 361-62. Thus, where, notwithstanding a "civil label," a statutory scheme "is so punitive either in purpose or effect as to negate the State's intention to deem it 'civil,'" a court will reject a legislature's "manifest intent" to create a civil proceeding and "will consider the statute to have established criminal proceedings for constitutional purposes." Id. at 361. Moreover, "[i]f the object or purpose" of a civil commitment law is to provide treatment, "but the treatment provisions were adopted as a sham or mere pretext," such a scheme would indicate "the forbidden purpose to punish." Id. at 371 (Kennedy, J., concurring).

109 F. Supp. 3d at 1167-68.[6]

_____

[6] An appeal of the Karsjens decision is pending, and one of the issues on appeal is application of the strict scrutiny standard.

Apr 28 2017 p 117
Appellate Case: 17-1923   Page: 117   Date Filed: 05/01/2017 Entry ID: 4530774

In declining to follow <u>Karsjens</u>' application of strict scrutiny, the <u>Van Orden</u> court explained:

> The United States Supreme Court has "repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." <u>Addington v. Texas</u>, 441 U.S. 418, 425 (1979). But it has never held that strict scrutiny applies to civil commitment statutes. <u>See</u> <u>Kansas v. Hendricks</u>, 521 U.S. 346, 356 (1997) ("Although freedom from physical restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action, that liberty interest is not absolute," and "[i]t thus cannot be said that the involuntary civil confinement of a limited subclass of dangerous persons is contrary to our understanding of ordered liberty") . . . ; <u>Foucha v. Louisiana</u>, 504 U.S. 71, 117 (Thomas, J., dissenting) (noting that "a liberty interest per se is not the same thing as a fundamental right," and that the Supreme Court "has never applied strict scrutiny to the substance of state laws involving involuntary confinement of the mentally ill"); <u>but see</u> <u>Karsjens</u>, 109 F. Supp. 3d at 1166, 2015 WL 3755870, at *26 (concluding that strict scrutiny applied to the plaintiffs' claims regarding the constitutionality of Minnesota's [Sexually Violent Predator] civil commitment statute because the plaintiffs' "fundamental right to live free of physical restraint is constrained by the curtailment of their liberty."); [<u>In re Care & Treatment of</u> ]Coffman, 225 S.W.3d [839,] 445 [(E.D. Mo. Dec. 22, 2015)] (concluding that Missouri's SVP Act is "subject to strict scrutiny because it affects the fundamental right of liberty.").
>
> Although it has not applied strict scrutiny to civil commitment statutes, the Supreme Court has held that "[a]t the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." <u>Jackson v. Indiana</u>, 406 U.S. 715, 738 (1972); <u>Foucha</u>, 504 U.S. at 79 (same). That purpose must not be punitive, as punishment is reserved for the criminal system. <u>Bell v. Wolfish</u>, 41 U.S. 520, 535 (1979); <u>Hendricks</u>, 521 U.S. at 373 (Kennedy, J., concurring). ("[W]hile incapacitation is a goal common to both the criminal and civil systems of confinement, retribution and general deterrence are reserved for the criminal system alone."). And a failure to consider or use "alternative and less harsh" restrictions may indicate an unconstitutional purpose to punish. <u>Bell</u>, 441 U.S. at 539 n.20. Moreover, 'even if [a person's] involuntary confinement was initially permissible, it could not constitutionally continue after th[e] basis [for it] no longer existed.' <u>O'Connor v. Donaldson</u>, 422 U.S. 563, 575 (1975).
>
> As construed by the Missouri Supreme Court, the purpose for which individuals are involuntarily committed under the SVP Act is to "protect[]

society from persons who are likely to commit sexually violent crimes if not committed." <u>Coffman</u>, 225 S.W.3d at 445. The United States Supreme Court has recognized that, ordinarily, "[w]e must . . . accept the state court's view of the purpose of its own law." <u>U.S. Term Limits, Inc. v. Thornton</u>, 514 U.S. 779, 829 (1995).

129 F. Supp. 3d at 863-64 (internal parallel citations omitted). The <u>Willis</u> court also discussed, but declined to follow, <u>Karsjens</u>' application of a strict scrutiny standard. 2016 WL 1267766, at *20-22.

A critical fact in <u>Karsjens</u>' use of the strict scrutiny standard was that Minnesota had never released anyone from its sex offender treatment program in the more than twenty years since the program's inception, thus leading to that court's conclusion that the program was punitive in nature. Missouri had conditionally released at least a few individuals from its sex offender program. But, at least 46 persons have been released from SOTEP. Like the Missouri courts, the North Dakota courts have interpreted the purposes of chapter 25-03.3 as protecting the public, especially children, and providing treatment. <u>In re P.F.</u>, 744 N.W.2d 724, 732 (N.D. 2008). Given that North Dakota has discharged a significant number of SDIs, this case is distinguished from <u>Karsjens</u>. Because of that difference, this court recommends application of the rational basis standard stated in <u>Hendricks</u> and <u>Van Orden</u>—whether the nature and duration of commitment bears some reasonable relation to the purpose for which the individual is committed.

### 3.    Substantive Due Process

The right to substantive due process provides protection from arbitrary governmental action. Substantive due process limits civil commitments to those who are both mentally ill and pose a substantial danger to the public as a result of their illness.

Apr 28 2017 p 119
Appellate Case: 17-1923   Page: 119   Date Filed: 05/01/2017 Entry ID: 4530774

Foucha v. Louisiana, 504 U.S. 71, 77 (1992). Once either of those criteria—mental illness or dangerousness—is no longer met, continued confinement is not constitutionally permissible. Id. at 77-78. Due process also requires that "the nature of commitment bear some reasonable relation to the purpose for which the individual is committed, " and there must be constitutionally adequate procedures to establish the basis of the confinement. Id. at 79.

In Foucha, the Supreme Court held unconstitutional a Louisiana law "which permitt[ed] the indefinite detention of insanity acquittees who [were] not mentally ill but who [did] not prove they would not be dangerous to others." Id. at 83. Louisiana claimed that "it may continue to confine Foucha, who [was not] considered to be mentally ill, solely because he [was] deemed dangerous, but without assuming the burden of proving [that] ground for confinement by clear and convincing evidence." Id. at 86. The court found "at least three difficulties with this position." Id. at 78. "First, even if his continued confinement were constitutionally permissible, keeping Foucha against his will in a mental institution is improper absent a determination in civil commitment proceedings of current mental illness and dangerousness." Id. "Second, if Foucha can no longer be held as an insanity acquittee in a mental hospital, he is entitled to constitutionally adequate procedures to establish the grounds for his confinement." Id. at 79. Lastly, "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" Id. at 80 (quoting Zinermon v. Burch, 494 U.S. 113, 125 (1990)).

18

### 4. Defendants' Motion for Partial Summary Judgment—Eighth Amendment Challenge by Proposed Juvenile Subclass

The defendants move for summary judgment on all of the plaintiffs' Eighth Amendment claims. The plaintiffs oppose that motion only insofar as it concerns those whose only sexually predatory conducted occurred while they were juveniles. The plaintiffs contend that, if chapter 25-03.3 is found to be punitive on its face, the court should hold that commitment of persons whose only sexually predatory conduct occurred while they were juveniles constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Doc. #367, pp. 31, 33). But, if the court does not conclude that the chapter is punitive on its face, the plaintiffs argue that it should be found unconstitutional in its application to those whose only sexually predatory conduct occurred while they were juveniles.

The plaintiffs point to a series of recent Supreme Court cases in which the Court has treated juveniles differently from adults. Miller v. Alabama, 132 S. Ct. 2455, 2464 (2012), held it was unconstitutional to impose mandatory life imprisonment without parole for crimes committed as a juvenile. Graham v. Florida, 560 U.S. 48, 74 (2010), declared imprisonment for life without parole for non-homicide crimes committed as a juvenile unconstitutional. Roper v. Simmons, 543 U.S. 551, 568 (2005), found it unconstitutional to impose the death penalty on those who committed offenses as juveniles. Each of the three decisions was based on the punishment being cruel and unusual in violation of the Eighth Amendment when imposed on juveniles.

The record is insufficient to decide whether, as applied to those whose only sexually predatory conduct occurred while they were juveniles, chapter 25-03.3 imposes

19

unconstitutional cruel and unusual punishment to those in the proposed Juvenile Subclass. The defendants' motion, to the extent is seeks a dismissal of the as-applied Eighth Amendment claims involving those whose only sexually predatory conduct occurred while they were minors, should be denied.

### 5.    Defendants' Motion for Partial Summary Judgment—Equal Protection Challenge

The plaintiffs contend that, for purposes of equal protection analysis, SDIs are similarly situated to persons civilly committed under North Dakota Century Code chapter 25-03.1, which governs commitment of PRTs because of serious mental disorders or chemical dependency. They point to In re M.D., 598 N.W.2d 799 (N.D. 1999), in which a person found to be an SDI challenged the constitutionality of chapter 25-03.3 on double jeopardy grounds. The North Dakota Supreme Court affirmed the order for SDI commitment, finding that chapter 25-03.3 created a process which is civil in nature and which therefore does not violate the double jeopardy clause. In reaching that conclusion, the court considered that chapter 25-03.1 and chapter 25-03.3—governing PRT commitment and SDI commitment, respectively—are "close in proximity and content," thus demonstrating the legislature's intent to create a civil proceeding for SDIs as it did for PRTs. Id. at 805-06. In addition to relying on In re M.D., the plaintiffs assert that SDIs are similarly situated to PRTs because both can be committed without proof beyond a reasonable doubt of commission of criminal conduct. (Doc. #367, p. 26).

In the plaintiffs' view, chapter 25-03.3 allows a person to be committed as an SDI based on a lesser probability of future dangerous conduct than is required for

commitment as a PRT, and based on a probability of less dangerous conduct. (Doc. #367, pp. 25-26). A person can be committed as a PRT only if "there is a <u>reasonable expectation</u> that if the individual is not treated for the mental illness or chemical dependency there exists a serious risk of harm to that individual, to others, or to property." N.D. Cent. Code § 25-03.1-02(13) (emphasis added). Commitment as an SDI requires proof that the person is "<u>likely</u> to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others." <u>Id.</u> § 25-03.3-01(18) (emphasis added). In other words, the plaintiffs view "likelihood" as a lesser standard than "reasonable expectation."

The plaintiffs identify various procedural protections statutorily provided to PRTs but not to SDIs: (1) SDIs are placed in county jails pending probable cause hearings, while PRTs cannot be held in county jails absent actual emergency and lack of other secure facilities; (2) if a court finds probable cause that a person is an SDI, the person is transferred to NDSH for evaluation, while if a court finds probable cause that a person is a PRT, the person can be confined for evaluation only at a treatment facility, and only for up to fourteen days; (3) hearsay evidence and evidence of prior bad acts is excluded from PRT hearings, but explicitly allowed in SDI hearings; (4) SDIs are committed indefinitely, while PRTs can be committed for no more than 90 days without further court involvement; and (5) an SDI who commits a simple assault against an NDSH employee is subject to Class C felony charges, while a PRT who commits the same offense against an NDSH employee is subject to only a misdemeanor charge. (Doc. #367, p. 30).

Apr 28 2017 p 123
Appellate Case: 17-1923   Page: 123   Date Filed: 05/01/2017 Entry ID: 4530774

The defendants contend that SDIs and PRTs are not similarly situated, because of the differing purposes and standards for their civil commitment, and the length of treatment required. Though not questioning the commonality in applicable standards of proof, the defendants argue that single commonality is not sufficient to negate other differences between the two groups. (Doc. #383, p. 6). They argue that both the nature of potential harm and the probability of potential harm are constitutionally significant distinctions. The defendants view the <u>likelihood</u> of future sexually predatory conduct required for SDI commitment as greater than the <u>reasonable expectation</u> of future harm required for PRT commitment. (Put differently, the plaintiffs and defendants have contrary views on which is greater—a likelihood or a reasonable expectation.) As to the nature of potential future harm, the defendants argue that SDI commitment addresses potential future harm only to other persons—and especially to children—whereas PRT commitment addresses potential future harm to property, to the individual being considered for commitment, and to other persons.

The defendants cite a number of cases in which courts in other states, and other federal courts, have rejected equal protection challenges to some aspects of sex offender commitment statutes. (Doc. #249, pp. 27-29). The plaintiffs counter that each of those cases is distinguishable because they involved persons who had been convicted of or found by proof beyond a reasonable doubt to have committed sexually violent acts. (Doc. #367, pp. 26-29). A careful reading of those cases shows that a prior conviction or previous finding by proof beyond a reasonable doubt is among the factors considered, but not the sole determining factor in any of these cases. The court also notes that those cases appear to have used a rational basis standard, rather than the strict scrutiny

Apr 28 2017 p 124

Appellate Case: 17-1923    Page: 124    Date Filed: 05/01/2017 Entry ID: 4530774

standard plaintiffs argue here. And, as discussed below, see infra Section 10, pp. 37-40, there is no allegation that any named plaintiff was not found to have committed sexually predatory conduct beyond a reasonable doubt.

Though acknowledging that no other court has reached the conclusion they urge on their equal protection claim,[7] the plaintiffs cite two cases for their proposition that North Dakota's statutory distinctions between SDIs and PRTs are arbitrary and lack a rational basis. (Doc. #367, p. 29). Neither case, however, directly addresses the questions presented here. In the first case, Jackson v. Indiana, 406 U.S. 715, 729 (1972), the Supreme Court found an equal protection violation where persons subject to a commitment proceeding while criminal charges were pending were treated differently from those subject to commitment proceedings when no criminal charges were pending. The plaintiffs also cite a habeas case, in which the Supreme Court concluded a sex offender was entitled to a hearing on his claim that he was denied equal protection because he was not afforded a jury determination in a commitment proceeding, when other persons subject to commitment proceedings were allowed jury determinations; that opinion reached no decision on the petitioner's underlying equal protection claim, but held only that he was entitled to a hearing on that claim. Humphrey v. Cady, 405 U.S. 504 (1972).

In this court's opinion, SDIs and PRTs are not similarly situated for purposes of equal protection analysis. As other courts have recognized in deciding similar challenges, there are significant differences between the two groups with respect to the

---

[7] Neither Karsjens, Van Orden, nor Willis included equal protection claims similar to that raised in this case.

Apr 28 2017 p 125
Appellate Case: 17-1923   Page: 125   Date Filed: 05/01/2017 Entry ID: 4530774

nature of risk, the type and length of treatment required, and the criteria required for commitment of the two groups. But for those differences between the two groups, the legislature would have had no reason to enact chapter 25-03.3.

If, however, SDIs <u>were</u> found to be similarly situated to PRTs, the court must determine the standard of review to be employed. If a fundamental right is found, the court must then consider whether, under a strict scrutiny standard, the statutes are narrowly tailored to serve a compelling governmental interest. If no fundamental right is found, the court conducts a rational basis review rather than applying strict scrutiny. <u>Aune v. Ludeman</u>, No. 09-0015, 2010 WL 145276, at *9-10 (D. Minn. Jan. 8, 2010). As discussed above, this court recommends review on a rational basis standard.

The plaintiffs do not contend that chapter 25-03.3 violates equal protection under a rational basis standard. In this court's opinion, even if SDIs and PRTs were found to be similarly situated for purposes of equal protection analysis, the plaintiffs' equal protection claim would fail under a rational basis analysis. The defendants' motion for summary judgment on the equal protection claim should therefore be granted.

## 6.     Defendants' Motion for Summary Judgment on Facial Unconstitutionality of Indefinite Commitment

The defendants argue that indefinite commitment of SDIs is constitutional under <u>Hendricks</u> and seek summary judgment dismissing the plaintiffs' claim that chapter 25-03.3 is facially unconstitutional because it allows indefinite commitment. Under the Kansas scheme upheld in <u>Hendricks</u>, a sex offender could be involuntarily committed for a maximum of one year "pursuant to a single judicial proceeding." 521 U.S. at 364.

Apr 28 2017 p 126

Appellate Case: 17-1923   Page: 126   Date Filed: 05/01/2017 Entry ID: 4530774

The defendants argue that North Dakota provides a sufficiently similar limitation on duration of confinement, through the statutory requirement for an annual examination, with a report of that examination provided to the committing court, and the annual notice of the right to petition for a discharge hearing. (Doc. #249, p. 30).

The plaintiffs' briefing does not argue that indefinite commitment by itself is unconstitutional; rather the plaintiffs contend indefinite commitment together with the absence of an affirmative duty to petition for release when a person no longer meets SDI criteria violates substantive due process. Given the plaintiffs' position in that regard, the defendants should be granted summary judgment insofar as the Sixth Amended Complaint alleges that chapter 25-03.3 violates substantive due process on its face solely by allowing for indefinite commitment.

**7.      Motion to Strike Exhibit A**

Since it relates to the plaintiffs' cross-motion concerning the duty to initiate discharge proceedings, the court next addresses the plaintiffs' "motion to strike." Along with their responsive brief, the defendants filed an affidavit of NDSH Superintendent Dr. Rosalie Etherington, describing the process NDSH follows in conducting annual evaluations of SDIs. (Doc. #383-1). The plaintiffs move to strike Exhibit A to that affidavit—a spreadsheet summarizing information about each individual who has ever been evaluated by or committed to SOTEP—contending it references evidence which has not been provided during discovery.

The gravamen of this dispute centers on confidential records of nonparties who have not signed authorizations to release their records to plaintiffs' counsel. Plaintiffs made broad discovery requests, seeking virtually all records of each person who has

25

been evaluated by and/or committed to SOTEP, and the court has considered several discovery disputes involving this issue. The court has consistently limited required production to records of named plaintiffs and those who have signed authorizations for release of information, and the court has directed redaction of confidential information about nonparties who have not signed releases. (Doc. #287, p. 7; Doc. #324, pp. 3-4; Doc. #352, pp. 23-24). In Exhibit A, which they produced in discovery prior to filing it with the court, the defendants included information compiled from records which have not been ordered to be provided to the plaintiffs. Thus, the plaintiffs have no means to verify accuracy of the compilation, and move to strike Exhibit A for that reason.[8]

Federal Rule of Civil Procedure 12(f) allows motions to strike pleadings, but the document at issue is not a pleading within the meaning of Rule 7(a). "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly." 2 James W. Moore et al., Moore's Federal Practice § 12.37[2] (3d ed. 2012). See also Shea v. Peoples Nat'l Bank, No. 4:11-CV-1415, 2013 WL 74374, at *1 (E.D. Mo. Jan. 7, 2013); Carlson Mktg. Group, Inc. v. Royal Indem. Co., No. 04-CV-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006). Since Exhibit A is not a pleading, Rule 12(f) does not apply. This court instead considers plaintiffs' motion to strike as a request to exclude the exhibit as evidence for purposes of these motions.

---

[8] The defendants state that disclosure of the records "remains unnecessary," but ask that if the court finds otherwise, an order be issued "to assure disclosure of such confidential records was authorized." (Doc. #383, p. 27 n.12).

Appellate Case: 17-1923    Page: 128    Date Filed: 05/01/2017 Entry ID: 4530774

Rule 56(c)(4) requires that an affidavit used to support a motion for summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Since the plaintiffs have not had access to all of the records which the defendants used in preparing Exhibit A, it is not clear that Exhibit A would be admissible in evidence. See Brooks v. Tri-Systems, Inc., 425 F.3d 1109, 1111 (8th Cir. 2005); Maytag Corp. v. Electrolux Home Prods., Inc., 448 F. Supp. 2d 1034, 1062 (N.D. Iowa 2006). This court has therefore not considered Exhibit A to the Etherington affidavit, and recommends that the district judge likewise not consider it.

The plaintiffs objected only to Exhibit A, and not to the Etherington affidavit itself. In fact, the plaintiffs contend that the affidavit itself supports their position. (Doc. #393, p. 9). In her affidavit, Etherington describes the NDSH process for preparing annual examination reports and submitting those reports to the court which ordered commitment of an SDI. (Doc. #383-1). She describes NDSH not preparing petitions when filing annual reports with committing courts, but treating the annual reports "as requesting the receiving court to adopt the recommendation made." Id. at 4. Etherington states that, "even though not labeled a 'petition,' providing the annual report to the court has the same effect and is treated by NDSH the same way as a means to communicate its request that the court issue an order consistent with what was recommended." Id.

## 8.   Plaintiffs' Motion—Absence of Affirmative Duty to Petition for Discharge

The plaintiffs' cross-motion argues that chapter 25-03.3 violates due process on its face, because it allows for indefinite commitment without requiring the defendants to

Appellate Case: 17-1923   Page: 129   Date Filed: 05/01/2017 Entry ID: 4530774

take any affirmative action when a civilly committed person no longer meets the statutory definition of an SDI. The plaintiffs contend that the North Dakota statute is akin to that invalidated in <u>Karsjens</u>, in that it <u>permits</u>, but does not <u>require</u>, the custodial agency to petition for discharge if a person no longer satisfies SDI criteria. (Doc. #367, p. 12). The plaintiffs assert that, though due process mandates release of persons who no longer meet SDI criteria, chapter 25-03.3 makes defendants' initiation of that release discretionary. <u>Id.</u> at 14. The plaintiffs contend that chapter 25-03.3's lack of that affirmative duty violates substantive due process, on its face, regardless of the standard of scrutiny applied.

In support of their motion for class certification, the plaintiffs identified four cases where DHS did not oppose an SDI's discharge petition, arguing that the absence of opposition to discharge indicated the person no longer met SDI criteria, and that DHS should have initiated discharge in those circumstances rather than leaving initiation of discharge to the SDI. (Doc. #343-1, pp. 6-7; Doc. #367, p. 15). They argue that, in the absence of an affirmative duty, "there may be a significant time lapse between the time when a person no longer meets the criteria for civil commitment and the time that he is able to have his petition for discharge heard by the court or the information is made available to the court," resulting in a person being confined after the state no longer has a legitimate interest in that confinement. (Doc. #367, p. 16). The plaintiffs also point to statutory provisions regarding community placement—that DHS has no affirmative duty to petition for community placement or to conduct risk assessments to determine whether community placement is appropriate for an SDI. <u>Id.</u> Additionally, the plaintiffs point to the statutory requirement for annual examinations not being accompanied by a

28

Appellate Case: 17-1923   Page: 130   Date Filed: 05/01/2017 Entry ID: 4530774

requirement for any court hearing after the committing court receives the annual examination report, or by any requirement for a periodic order for continued commitment.

Further, the plaintiffs argue that chapter 25-03.3 sets a higher standard for discharge than for initial commitment. Section 25-03.3-17(1) provides that a committed person is to remain in DHS custody "until, in the opinion of the executive director, the individual is safe to be at large," whereas initial commitment requires that a person be found "likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others," N.D. Cent. Code § 25-03.3-01(8). The plaintiffs argue that chapter 25-03.3 is like the law found unconstitutional in Karsjens, which based initial commitment on a "highly likely to reoffend" standard, but based discharge on a "no longer dangerous to the public" standard. 109 F. Supp. 3d at 1169.

The defendants respond that the "'safe to be at large' language is wholly consistent with the criteria for a 'sexually dangerous individual.'" (Doc. #383, p. 30). They point to In re G.R.H., 793 N.W.2d 460, 466 (N.D. 2011), where the North Dakota Supreme Court interpreted "likely to engage in further acts of sexually predatory conduct" to mean "the individual's propensity toward sexual violence is of such a degree as to pose a threat to others." The defendants argue that if a propensity toward sexual violence poses a threat to others, it logically follows that the person is not safe to be at large. (Doc. #383, p. 30). Regardless of the "safe to be at large" language, in reviewing a petition for discharge, the state court applies the same statutory criteria used to decide an initial commitment petition. In this court's opinion, therefore, chapter 25-03.3 does not set a higher standard for discharge than for initial commitment.

Apr 28 2017 p 131

Appellate Case: 17-1923    Page: 131    Date Filed: 05/01/2017 Entry ID: 4530774

There is no question that a civilly committed individual "may be held as long as he is both mentally ill and dangerous, but no longer." Foucha, 504 U.S. at 77 (emphasis added). The state "has no interest in confining individuals involuntarily if they are not mentally ill or if they do not pose some danger to themselves or others." Addington v. Texas, 441 U.S. 418, 426 (1979).

The defendants' primary argument on this claim is that chapter 25-03.3's annual examination process defeats the plaintiffs' facial challenge, because the "clear import of [the statutory annual examination process] is to establish a continual evaluation of each committee to determine whether the person does or does not meet the criteria of an SDI and in turn to determine whether or not continued commitment and treatment is warranted." (Doc. #383, p. 25). The plaintiffs respond that the defendants' position is an admission that they interpret their "duty to petition for release or community placement of SDIs who no longer meet the criteria for civil commitment [to] arise[] only in connection with [] annual review." (Doc. #393, p. 10).

The defendants contend that no case law supports the claim that chapter 25-03.3's lack of an affirmative duty to petition for discharge makes the statute facially unconstitutional. (Doc. #383, p. 19). The plaintiffs acknowledge the absence of supporting case law, but attribute that to North Dakota's system being "an outlier in that regard." (Doc. #393, p. 4). The plaintiffs cite statutes of thirteen other states that mandate governmental action if a civilly committed sex offender no longer meets criteria for civil commitment. (Doc. #393, p. 4 n.1).

The defendants contend that chapter 25-03.3's differences from Minnesota's civil commitment statutes are significant, so that the Karsjens decision is distinguishable.

30

Appellate Case: 17-1923   Page: 132   Date Filed: 05/01/2017 Entry ID: 4530774

Karsjens, applying a strict scrutiny standard, found Minnesota's absence of a requirement for periodic risk assessments of civilly committed sex offenders to violate substantive due process, both on its face and as applied. 109 F. Supp. 3d at 1172-73. The defendants identify six ways in which chapter 25-03.3 differs from the Minnesota statutes found deficient in Karsjens: (1) chapter 25-03.3 requires annual examinations; (2) all proceedings under chapter 25-03.3 are "premised upon a judicial process [of] court involvement"; (3) chapter 25-03.3's criteria for discharge are the same as those for initial commitment—clear and convincing evidence that the person is an SDI; (4) under chapter 25-03.3, the burden of proof—clear and convincing evidence that the person remains an SDI—remains with the state at discharge hearings; (5) chapter 25-03.3 mandates commitment to the least restrictive available treatment facility; and (6) chapter 25-03.3 requires that reports of annual examinations be filed with the court. (Doc. #383, pp. 22-23).

The defendants also contend Van Orden rejected the plaintiffs' facial challenge, even though Missouri statutes did not specifically require the state to initiate discharge of a sex offender who no longer met statutory criteria. (Doc. #383, p. 21). But Van Orden is unavailing to defendants' position, because that case did not address a challenge based on absence of an affirmative duty to petition for discharge. The defendants also contend that chapter 25-03.3 is like the Kansas statute upheld in Hendricks, in that the Kansas statute provided for annual examinations to be forwarded to the committing court. But, as the plaintiffs identify, the Kansas statute at issue in Hendricks also required that a court conduct an annual review hearing. In addition to the required annual report, the statute considered in Hendricks required the custodial agency to

31

authorize a petition for transitional release if the person was no longer likely to engage in acts of sexual violence. Relying on <u>Hendricks</u> and <u>Van Orden</u>, the defendants argue that:

> the only reasoned conclusion . . . is the statutes are construed to make sense—that when, as a result of a statutory examination process, it is found the committed person no longer meets the criteria for commitment, the construction of the statute is that the process of discharge ensues, even though the statutes do not have specific language mandating the filing of a petition for discharge by the state agency.

(Doc. #383, p. 21). In other words, the defendants contend that chapter 25-03.3 should be interpreted to include an affirmative duty to initiate release, even though that duty is not explicit in the language of the statute.

The defendants argue that the plaintiffs' arguments conflict with basic rules of statutory construction and interpretation. Principles of statutory construction defendants cite include: (1) that the objective be to determine the legislature's intent; (2) that words be given their plain, ordinary, and commonly understood meaning; (3) that statutes be construed as a whole and harmonized to give meaning to related provisions; (4) that statutory language be interpreted in context and according to rules of grammar, giving meaning and effect to every word, phrase, and sentence; (5) that statutes be construed to give effect to all provisions, so that no part is rendered inoperative or superfluous; (6) that statutes be construed to avoid absurd or illogical results; and (7) that statutes be construed so as to avoid constitutional infirmities. (Doc. #383, pp. 24-25) (citing <u>Sandberg v. Am. Family Ins. Co.</u>, 722 N.W.2d 359 (2006); <u>Teigen v. State</u>, 749 N.W.2d 505 (N.D. 2008)). The defendants argue that application of those principles of statutory construction leads to the conclusion that chapter 25-03.3 establishes a

mandatory "continual evaluation" to determine whether an individual continues to meet SDI criteria. They argue that construction is consistent with chapter 25-03.3's stated purpose of protecting the public while at the same time treating SDIs so that they may safely return to the community. Id. at 25. The defendants characterize the Etherington affidavit as demonstrating that they have applied and utilized the annual examination process in a manner that comports with due process—"to evaluate, assess, and make recommendations to the court as to whether the person does or does not meet the criteria as a 'sexually dangerous individual.'" Id. at 26.

According to the defendants, "the construction of the word 'may' [in North Dakota Century Code section 25-03.3-17(5)] must be mandatory when NDSH has found the person no longer is a sexually dangerous individual or NDSH has concluded successful treatment of the person can be achieved by a change in commitment status." Id. at 31. But, the defendants identify no North Dakota court having interpreted the word "may" in section 25-03.3-17(5) as establishing a mandatory duty to petition for discharge.[9] Rather, they rely on rulings involving other aspects of chapter 25-03.3. The defendants argue that, "even though specific language may not necessarily be found within the statutes, the North Dakota Supreme Court concluded the due process principles, as outlined by the United States Supreme Court, are incorporated into N.D.C.C. Chapter 25-03.3" Id. at 18. Defendants cite case law where, interpreting chapter 25-03.3 to require a nexus between a mental disorder and future

---

[9] The court also notes that chapter 25-03.1, dealing with civil commitment of PRTs, provides that if a person is no longer a PRT, the superintendent or director "shall discharge" the person. No court order is required; only notice to the court is required.

Apr 28 2017 p 135

Appellate Case: 17-1923   Page: 135   Date Filed: 05/01/2017 Entry ID: 4530774

dangerousness, the North Dakota Supreme Court stated that it reached that holding "[c]onsistent with the language in [the] statute and to avoid any possible constitutional infirmity." In re G.R.H., 711 N.W.2d at 594-95; In re M.D., 757 N.W.2d at 561.

As recognized in Van Orden, in considering a facial challenge to a state statute, a federal court must consider "any limiting construction that a state court . . . has proffered." 129 F.Supp 3d at 865. But, the VanOrden court referred to an explicit holding of the Missouri Supreme Court—that a civilly committed sex offender must be released if he is "no longer dangerous, regardless of whether the reason he is no longer dangerous is primarily mental or physical." Id. In so holding, the Missouri Supreme Court rejected the state's argument that release was limited to those whose mental abnormality had changed, regardless of whether they continued to be dangerous.

The North Dakota courts, however, have not specifically construed chapter 25-03.3 to include an affirmative duty to initiate discharge of those who no longer meet SDI criteria. The defendants ask this court to consider the statutory interpretation they advance in their motion as if it were authoritative state case law. But, it is not authoritative case law; rather, it is the defendants' assertion that they apply chapter 25-03.3 so as to satisfy substantive due process. The plaintiffs vigorously contest that assertion.

The defendants argue the statutory construction which the plaintiffs urge would make the statutory annual examination process useless. (Doc. #383, pp. 27-28). This court disagrees. The plaintiffs do not challenge the annual examination process itself; rather, they challenge chapter 25-03.3 not requiring action between annual exams if an SDI no longer meets statutory criteria.

34

In this motion, the court is not asked to decide whether the defendants <u>apply</u> chapter 25-03.3 in a manner that avoids constitutional infirmities. If, in fact, the defendants are doing "continual evaluations" to determine whether individuals still meet SDI criteria, and timely initiating release of those individuals who do not meet those criteria, the plaintiffs' as-applied challenge may well fail. But, this motion is a challenge to facial validity, and the court's task is to determine whether the plaintiffs have established that, because of the absence of an affirmative duty to initiate release for an SDI who no longer meets statutory criteria, no set of circumstances exists under which chapter 25-03.3 is constitutional. To make that determination, <u>Patel</u> mandates focusing on "the group for whom the law is a restriction, not the group for whom the law is irrelevant." 135 S.Ct. at 2451 (quoting <u>Casey</u>, 505 U.S. at 894).

<u>Patel</u> was a challenge to a city ordinance which required hotel operators to keep records of certain information about guests, and to make those records available to law enforcement without a search warrant. <u>Id.</u> at 2448. The court held the ordinance was facially invalid, because it did not provide for precompliance review. <u>Id.</u> at 2451. Hypothetical situations that were not unconstitutional—e.g., exigent circumstances or consent of the hotel operator—were considered irrelevant in determining facial constitutionality, since they did not involve actual application of the ordinance. <u>Id.</u> The plaintiffs contend:

> That there may be cases in which the executive director petitions for release of an SDI who no longer satisfies the commitment criteria does not prevent plaintiffs from satisfying the "no set of circumstances" standard. Those hypothetical petitions are not relevant in the analysis because they do not result from application of the statute—since Chapter 25-03.3 never *requires* the executive director to petition for release, any petition filed is filed despite

35

the terms of the statute. Thus, like in <u>Patel</u>, the statute's failure to provide the constitutionally required protections renders it facially invalid.

(Doc. #393, p. 12).

<u>Patel</u> directs that the focus be on "the group for whom the law is a restriction, not the group for whom the law is irrelevant." Thus, the focus of this court's inquiry is on SDIs who no longer meet criteria as to whom DHS <u>has not</u> initiated release, rather than on SDIs who no longer meet criteria as to whom DHS <u>has</u> initiated release. If an SDI no longer meets criteria, due process requires that he be discharged. But, if he has had a discharge hearing within the preceding twelve months, chapter 25-03.3 does not allow him to petition the court for discharge until the twelve month period ends. Thus, he could be discharged only if DHS initiates the process with the state court. Whether DHS does that through filing an annual examination report or through filing a document labeled a "petition," is not the critical question. The critical question is when that filing is made with the state court. On its face, chapter 25-03.3 does not require that DHS file anything with the court between annual examination reports. Thus, on its face chapter 25-03.3 allows a person to continue to be confined as an SDI, for up to one year, even though he no longer meets statutory criteria. In this court's opinion, chapter 25-03.3, on its face, violates substantive due process rights in that respect, because it is not reasonably related to the purposes of chapter 25-03.3. The plaintiffs' cross-motion for partial summary judgment on that issue should be granted.

## 9.   Defendants' Motion—Judicial Release Process

One of the defendants' requests for partial summary judgment is stated very generally and addressed in only one paragraph of their brief:

> Other concerns the Minnesota court raised with the facial constitutionality of Minnesota's statute do not apply to N.D.C.C. ch. 25-03.3. For example, as previously explained, N.D.C.C. 25-03.3 has a judicial release process which includes a right to legal counsel, a right to a medical expert, and places the burden of proof on the State. Moreover, N.D.C.C. ch. 25-03.3 requires the State to take affirmative action annually. The State is required to examine the committed individual annually and provide the examination report to the court that ordered the civil commitment and to give the committed individual annual notice of the right to petition for discharge from the commitment.

(Doc. #249, pp. 32-33) (citations omitted). The plaintiffs have not addressed this aspect of the defense motion directly, but, as discussed above, have addressed chapter 25-03.3's annual examination requirement extensively.

This section of the defendants' motion could be interpreted to seek summary judgment on <u>all</u> of the plaintiffs' claims of facial unconstitutionality; or, it could be interpreted to seek summary judgment <u>only</u> on any claim that chapter 25-03.3's annual examination requirement does not meet substantive due process standards. If the first interpretation was intended, the parties' briefing is not adequate to allow the court to decide the issue; if the second interpretation was intended, the issue is addressed above in the context of the plaintiffs' cross-motion. To the extent the defendants' motion as stated in Document #249, Section VI(C), pp. 32-33, seeks summary judgment on any matter other than the plaintiffs' claim that chapter 25-03.3's annual examination requirement does not meet substantive due process standards because it does not include an affirmative duty to seek discharge of those who no longer meet statutory criteria, that motion should be denied.

## 10. Cross-Motions—No Requirement for Criminal Conviction and SDI Commitment Based on Clear and Convincing Evidence

The defendants move for summary judgment on plaintiffs' claim that chapter 25-03.3 violates due process in that it does not require that an individual have been

criminally convicted of a sex offense to be committed as an SDI. They assert that North Dakota's statutory requirements for findings of both future dangerousness and a related mental disorder satisfy substantive due process requirements of <u>Hendricks</u>.[10] The defendants also move for summary judgment on the plaintiffs' claim that chapter 25-03.3 is unconstitutional because it allows SDI commitment based on a finding of sexually predatory conduct by clear and convincing evidence rather than requiring proof beyond a reasonable doubt.

The plaintiffs' briefing does not assert that either of those provisions—not requiring a criminal conviction, or allowing commitment based on clear and convincing evidence—is, by itself facially violative of substantive due process. In light of the plaintiffs' position, the defendants should be granted summary judgment insofar as the Sixth Amended Complaint alleges that chapter 25-03.3 violates substantive due process on its face solely by allowing for commitment without a criminal conviction, or solely by allowing for commitment based on clear and convincing evidence of sexually predatory conduct.

The plaintiffs, however, cross-move for a declaration that chapter 25-03.3, on its face, violates substantive due process rights, insofar as it allows an SDI commitment <u>both</u> without a prior criminal conviction and without requiring proof of sexually predatory conduct beyond a reasonable doubt. But, the Sixth Amended Complaint does not allege that any named plaintiff was civilly committed in the absence of either a prior

---

[10] Since the plaintiffs now acknowledge that, unless North Dakota's SDI system is found to be punitive in nature, the Eighth Amendment does not apply, this opinion does not address the defendants' arguments that the Eighth Amendment does not prohibit commitment without a prior criminal conviction. (Doc. #249, pp. 11-16).

Apr 28 2017 p 140
Appellate Case: 17-1923   Page: 140   Date Filed: 05/01/2017 Entry ID: 4530774

criminal conviction or a prior juvenile adjudication. The court notes that cases from other states addressing similar issues primarily concern persons found incompetent to stand trial or not guilty because of insanity, and the Sixth Amended Complaint does not allege any named plaintiff was subject to a similar finding. Both an adult criminal conviction and a juvenile adjudication require proof beyond a reasonable doubt. Thus, there is no allegation that any named plaintiff was civilly committed in the absence of proof of sexually predatory conduct beyond a reasonable doubt.

Though not raised by the defendants in these motions, it appears to the court that standing is lacking as to these claims. "[A] plaintiff must demonstrate standing for each claim he seeks to press." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 335 (2006). The recent Report and Recommendation concerning class certification described standing requirements:

> In . . . any . . . federal case, plaintiffs must establish standing to sue. The purpose of the standing requirement is to ensure that a plaintiff has "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." Baker v. Carr, 369 U.S. 186, 204 (1962). Federal courts use a well-known three-part test to determine whether a plaintiff has standing to sue. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered "injury in fact." Second, the injury must be traceable to the defendant's action which is being challenged. Id. Finally, the injury must be one that would be redressed by a decision favorable to the plaintiff. Id. at 561. The first element—injury in fact—requires a showing that an injury is concrete and particularized and "actual or imminent," not conjectural or hypothetical. Id. at 560.

(Doc. #394, pp. 12-13).

It appears to this court that none of the named plaintiffs meet any of the three requirements as to the claims concerning absence of a requirement for a criminal conviction or absence of a requirement for a finding of past sexually predatory conduct

Apr 28 2017 p 141

Appellate Case: 17-1923   Page: 141   Date Filed: 05/01/2017 Entry ID: 4530774

beyond a reasonable doubt. Since each plaintiff has been either criminally convicted or juvenilely adjudicated delinquent of sexually predatory conduct, none has suffered injury because chapter 25-03.3 does not require a prior criminal conviction or previous sexually predatory conduct proved beyond a reasonable doubt. Even if any of them had suffered injury because of those provisions of chapter 25-03.3, that injury would not be fairly traceable to any actions of any of these defendants. Nor would any named plaintiff be able to demonstrate that he would be subject to the same standards again in the future. It is well recognized that a plaintiff who has suffered an actual injury but is unlikely to suffer further injury in the future may have standing to bring a claim for damages but not to seek equitable relief. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)); Elizabeth M. v. Montenez, 458 F.3d 779, 784 (8th Cir. 2006).

Because no named plaintiff has the requisite standing, this court recommends that the plaintiffs' cross-motion for summary judgment on these claims be denied.

## Conclusion

The court recommends that the plaintiffs' motion to strike be considered as a motion to exclude evidence for purposes of these motions, and that the document which is the subject of that motion not be considered in connection with the pending motions.

This court recommends that partial summary judgment be granted in favor of all defendants as to:

(1)     all claims based on allegations that Rodney J. Ireland, Matthew Graham, Christopher Simon, John Westlie, Michael Kruk, and Robert Lilley were minors during their SDI commitment proceedings;

40

Appellate Case: 17-1923     Page: 142     Date Filed: 05/01/2017 Entry ID: 4530774

(2)     plaintiffs' equal protection claim based on plaintiffs being similarly situated to persons incarcerated because of criminal convictions;

(3)     plaintiffs' equal protection claim based on plaintiffs being similarly situated to persons requiring treatment under chapter 25-03.1;

(4)     plaintiffs' claim that chapter 25-03.3 is unconstitutional on its face because it does not include a right to a jury trial in SDI commitment proceedings; and

(5)     allegations of the Sixth Amended Complaint that chapter 25-03.3's (1) allowing for indefinite commitment; (2) allowing for commitment without a criminal conviction; or (3) allowing for commitment based on clear and convincing evidence violates substantive due process on its face.

This court recommends that the plaintiffs' cross-motion for partial summary judgment be denied insofar as it concerns a claim that chapter 25-03.3 is facially unconstitutional because it allows SDI commitment <u>both</u> without a prior criminal conviction and without requiring proof beyond a reasonable doubt of sexually predatory conduct.

Further, this court recommends that the plaintiffs' cross-motion for partial summary judgment be granted insofar as it concerns a claim that chapter 25-03.3 is unconstitutional on its face because it does not <u>require</u> that the defendants initiate court proceedings for release of individuals who no longer meet SDI criteria.

Finally, this court recommends that the defendants' motion for partial summary judgment be denied:

Apr 28 2017 p 143
Appellate Case: 17-1923   Page: 143   Date Filed: 05/01/2017 Entry ID: 4530774

(1)     as to Larry Rubey's claims;

(2)     as to plaintiffs' claim that application of chapter 25-03.3 to those whose only sexually predatory conduct occurred while they were juveniles constitutes unconstitutional cruel and unusual punishment; and

(3)     To the extent the motion as stated in Document #249, Section VI(C), pp. 32-33, seeks summary judgment on any matter other than the plaintiffs' claim that Chapter 25-03.3's annual examination requirement does not meet substantive due process standards.

Dated this 22nd day of September, 2016.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **October 7, 2016**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Apr 28 2017 p 144
Appellate Case: 17-1923   Page: 144   Date Filed: 05/01/2017 Entry ID: 4530774

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Rodney J. Ireland, Lester McGillis, Gerald DeCoteau, William Carter, Ryan Corman, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Jeremy Johnson, Michael Kruk, Garrett Loy, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie, Robert Lilley, Darl Hehn, Oliver Wardlow, Joshua Keeping, Matthew Dyer, Travis Wedmore, Kyle Aune, Marcus Bartole, Jason Gores, Estel Naser, Andrew Olafson, Stanton Quilt, Raymond Voisine, Eugene Wegley, David Anderson, Eugene Fluge, Robert Beauchamp, Sandy Mangelsen, and Eugene Hinson, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.  3:13-cv-3 |
| vs. | ) ) | **SUPPLEMENTAL** |
| Maggie D. Anderson, Executive Director, North Dakota Department of Human Services, in her official capacity, Leann Bertsch, Director, North Dakota Department of Corrections and Rehabilitation, in her official capacity, State of North Dakota, North Dakota Department of Human Services, North Dakota Department of Corrections and Rehabilitation, North Dakota State Hospital, and Dr. Rosalie Etherington, Superintendent of the North Dakota State Hospital, in her official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |
| Defendants. | ) ) | |

On September 22, 2016, this court recommended denial of the plaintiffs' cross-motion for partial summary to the extent they requested a declaration that North Dakota Century Code chapter 25-03.3, on its face, violates substantive due process rights, insofar as it allows commitment as a sexually dangerous individual (SDI) <u>both</u>

without a prior criminal conviction and without requiring proof of sexually predatory conduct beyond a reasonable doubt (hereafter "standard of proof claim"). That recommendation was based on a conclusion that no named plaintiff had the requisite standing to pursue the claim.

Because the Report and Recommendation (September 22nd R&R) raised the standing issue sua sponte, the plaintiffs asked that supplemental briefing be allowed on that issue. The court granted that request, and issues this Supplemental Report and Recommendation after consideration of the supplemental briefs. (See Doc. #427; Doc. #430; Doc. #440; Doc. #446).

In relevant part, the September 22nd R&R stated:

> The plaintiffs, however, cross-move for a declaration that chapter 25-03.3, on its face, violates substantive due process rights, insofar as it allows an SDI commitment both without a prior criminal conviction and without requiring proof of sexually predatory conduct beyond a reasonable doubt. But, the Sixth Amended Complaint does not allege that any named plaintiff was civilly committed in the absence of either a prior criminal conviction or a prior juvenile adjudication. The court notes that cases from other states addressing similar issues primarily concern persons found incompetent to stand trial or not guilty because of insanity, and the Sixth Amended Complaint does not allege any named plaintiff was subject to a similar finding. Both an adult criminal conviction and a juvenile adjudication require proof beyond a reasonable doubt. Thus, there is no allegation that any named plaintiff was civilly committed in the absence of proof of sexually predatory conduct beyond a reasonable doubt.

> Though not raised by the defendants in these motions, it appears to the court that standing is lacking as to these claims. "[A] plaintiff must demonstrate standing for each claim he seeks to press." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 335 (2006). The recent Report and Recommendation concerning class certification described standing requirements:

> > In . . . any . . . federal case, plaintiffs must establish standing to sue. The purpose of the standing requirement is to ensure that a plaintiff has "such a personal stake in the outcome of the

2

controversy as to assure that concrete adverseness which sharpens the presentation of issues." Baker v. Carr, 369 U.S. 186, 204 (1962). Federal courts use a well-known three-part test to determine whether a plaintiff has standing to sue. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered "injury in fact." Second, the injury must be traceable to the defendant's action which is being challenged. Id. Finally, the injury must be one that would be redressed by a decision favorable to the plaintiff. Id. at 561. The first element—injury in fact—requires a showing that an injury is concrete and particularized and "actual or imminent," not conjectural or hypothetical. Id. at 560.

(Doc. #394, pp. 12-13).

It appears to this court that none of the named plaintiffs meet any of the three requirements as to the claims concerning absence of a requirement for a criminal conviction or absence of a requirement for a finding of past sexually predatory conduct beyond a reasonable doubt. Since each plaintiff has been either criminally convicted or juvenilely adjudicated delinquent of sexually predatory conduct, none has suffered injury because chapter 25-03.3 does not require a prior criminal conviction or previous sexually predatory conduct proved beyond a reasonable doubt. Even if any of them had suffered injury because of those provisions of chapter 25-03.3, that injury would not be fairly traceable to any actions of any of these defendants. Nor would any named plaintiff be able to demonstrate that he would be subject to the same standards again in the future. It is well recognized that a plaintiff who has suffered an actual injury but is unlikely to suffer further injury in the future may have standing to bring a claim for damages but not to seek equitable relief. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)); Elizabeth M. v. Montenez, 458 F.3d 779, 784 (8th Cir. 2006).

Because no named plaintiff has the requisite standing, this court recommends that the plaintiffs' cross-motion for summary judgment on these claims be denied.

(Doc. # 403, pp. 38-40).

In their supplemental briefing, the plaintiffs identify four plaintiffs whom they contend have been neither criminally convicted nor juvenilely adjudicated delinquent of sexually predatory conduct. The four—Jason Gores, Kyle Aune, Matthew Graham, and

3

Andrew Olafson—are described as having been adjudicated beyond a reasonable doubt only of juvenile charges of indecent exposure. The plaintiffs argue that indecent exposure is not "sexually predatory conduct," and that therefore none of the four has been found beyond a reasonable doubt to have engaged in sexually predatory conduct. Thus, the plaintiffs contend that each of the four has the requisite standing to pursue their standard of proof claim.

In response, the defendants argue that a state court found each of the three had in fact engaged in criminal acts which constituted sexually predatory conduct, and that res judicata and the <u>Rooker-Feldman</u>[1] doctrine prohibit this court from considering that question.

## Law and Discussion

The September 22nd R&R's recommendation as to standing was based on the premise that each plaintiff had been either criminally convicted or juvenilely adjudicated delinquent, by proof beyond a reasonable doubt, of sexually predatory conduct. The plaintiffs now contend that premise was in error as to Gores, Aune, Graham, and Olafson. The plaintiffs assert that each of the four has been adjudicated delinquent only of indecent exposure—which plaintiffs argue is not sexually predatory conduct—and that therefore none of the four has been found beyond a reasonable doubt to have engaged in sexually predatory conduct.

---

[1] The <u>Rooker-Feldman</u> doctrine derives from two United State Supreme Court cases in which the Court held that federal district courts lack subject matter jurisdiction to review state court judgments, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

Apr 28 2017 p 148
Appellate Case: 17-1923   Page: 148   Date Filed: 05/01/2017 Entry ID: 4530774

The defendants contend that, because the Sixth Amended Complaint does not allege that any plaintiff was committed without either a prior criminal conviction or a prior juvenile adjudication of sexually predatory conduct, the court should not consider the evidence which the plaintiffs have now offered in support of their standing argument. But, "standing is to be assessed under the facts existing when the complaint is filed, not what is pled in the original complaint, frozen for all time." Royal Am. Mgmt., Inc. v. WCA Waste Corp., 154 F. Supp. 3d 1278, 1284 (N.D. Fla. 2016) (internal quotation marks and citation omitted); see also Maytag Corp. v. Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am., No. 4:08-cv-291, 2009 WL 350649, at *4 (S.D. Iowa Feb. 11, 2009) (Although the plaintiff "did not plead sufficient facts" regarding the first element of standing in the complaint, the court considered facts presented with a motion and found that the plaintiff had suffered an injury in fact). The defendants assert that the evidence which the plaintiffs filed in conjunction with their supplemental briefing should instead have been submitted with the plaintiffs' initial cross-motion for summary judgment. Despite that objection, the defendants also filed evidence in conjunction with their supplemental briefing. This court has considered the evidence which both sides filed along with their supplemental briefing and recommends that the district judge also do so.

One of chapter 25-03.3's requirements for SDI commitment is proof, by clear and convincing evidence, that the individual engaged "in sexually predatory conduct," which is defined as:

> (a) Engaging or attempting to engage in a sexual act or sexual contact with another individual, or causing or attempting to cause another individual to engage in a sexual act or sexual contact, if:

(1) The victim is compelled to submit by force or by threat . . . ;

(2) The victim's power to appraise or control the victim's conduct has been substantially impaired . . . ;

(3) The actor knows or should have known that the victim is unaware that a sexual act is being committed upon the victim;

(4) The victim is less than fifteen years old;

(5) The actor knows or should have known that the victim has a disability that substantially impairs the victim's understanding of the nature of the sexual act or contact;

(6) The victim is in official custody . . . and is under the supervisory authority, disciplinary control, or care of the actor;

(7) The victim is a minor and the actor is an adult; or

(8) The other individual is a person related to the actor within a degree of consanguinity within which marriages are declared incestuous and void . . . ; or

(b) Engaging in or attempting to engage in sexual contact with another individual or causing or attempting to cause another individual to have sexual contact, if:

(1) The actor knows or should have known that the contact is offensive to the victim; or

(2) The victim is a minor, fifteen years of age or older, and the actor is the minor's parent, guardian, or is otherwise responsible for general supervision of the victim's welfare.

N.D. Cent. Code § 25-03.3-01(9). The statute defines "sexual act" to include various forms of "sexual contact," and defines "sexual contact" to include "any touching of the sexual or other intimate parts of an individual for the purpose of arousing or satisfying sexual or aggressive desires." Id. § 25-03.3-01(6)-(7).

In asserting that indecent exposure is not considered sexually predatory conduct, the plaintiffs rely on In re Maedche, 788 N.W.2d 331 (N.D. 2010). Maedche involved a

6

challenge to North Dakota Century Code chapter 25-03.3 on grounds that it was void for vagueness and that use of treatment-related disclosures of sexual conduct in an SDI commitment proceeding violated due process rights and rights against self-incrimination. Maedche had been convicted of indecent exposure after exposing himself and masturbating in front of a nine-year-old child. 768 N.W.2d at 332. He pled guilty to that charge, and underwent a sex offender risk assessment and psychological evaluation as part of a pre-sentence investigation. Id. at 332-333. During his evaluation, Maedche admitted to "one past sexually-related incident with young girls when he was approximately twelve years old." Id. at 333. Maedche was sentenced to probation, and while on probation, he attended sex offender therapy; during that therapy Maedche admitted to previously unknown sexual contact with minors when he was an adult. Id. The admissions he had made in therapy were used against him in an SDI commitment hearing. Id.

On appeal, Maedche argued that the indecent exposure for which he had been convicted was not a "sexual act" or "sexual contact" for purposes of section 25-03.3-01's definition of sexually predatory conduct. Id. at 336. In analyzing that argument, the North Dakota Supreme Court stated:

> Maedche also contends his indecent exposure conviction is neither a "sexual act" nor "sexual contact" as defined in N.D.C.C. §§ 25-03.3-01(6) and (7), which illustrates the vagueness of ch. 25-03.3. The State agrees indecent exposure is neither a "sexual act" nor "sexual contact," as defined by N.D.C.C. § 25-03.3-01, but contends nothing in chapter 25-03.3 requires that the 'index offense' be the source of a civil commitment petition. . . . While Maedche's indecent exposure offense may not be a sexual act or sexual contact, he admitted to molesting young girls as an adult. Though the incidents were not charged or prosecuted, they were sexually predatory conduct that was permissible for the district court to consider.

7

Id. The court went on to conclude that chapter 25-03.3 is not unconstitutionally void for vagueness, and that Maedche's due process rights and right against self-incrimination were not violated when his admissions during therapy were used in the SDI proceeding. Id. at 336-38.

This court does not read Maedche as broadly as the plaintiffs do. In that case, the state did not argue that Maedche's indecent exposure conviction constituted sexually predatory conduct. But, this court does not read the opinion to mean that an act that forms the basis of a conviction for—or juvenile adjudication of—indecent exposure can never be considered sexually predatory conduct for purposes of chapter 25-03.3. Section 25-03.3-01's definition of "sexually predatory conduct" includes attempts to engage in sexual acts or sexual contact. For example, an act of indecent exposure that includes attempted sexual contact might come within the definition of "sexually predatory conduct."

The court has thoroughly reviewed the exhibits filed by both parties, to identify the specific offenses for which each of the four plaintiffs was adjudicated delinquent. Those exhibits show that Gores' adjudication involved indecent exposure "for the purpose of immediate sexual contact." (Doc. #438-1, p. 2). Graham was adjudicated delinquent based on an act of indecent exposure which included sexual contact with a five-year-old child. (Doc. #438-3, p. 1). It is difficult to discern the specific circumstances of the offense for which Aune was adjudicated delinquent, but it appears to have been indecent exposure involving a ten-year-old victim, with Aune having been age fifteen at the time of the offense. (Doc. #437-4, pp. 4-7). It is also difficult to discern details of the offense for which Olafson was adjudicated delinquent; in ordering his

commitment as an SDI, the state court described his delinquent conduct as including theft and "other acts of a more violent and sexual nature." (Doc. #437-3, p. 3).[2] The North Dakota sex offender registration website gives the following information about his offense, "Indecent exposure - Olafson exposed himself to female staff members at a residential treatment facility. He has a history of sexually abusing male and female victims, and all treatment efforts to date have been unsuccessful." (Doc. #444-2).

The defendants point to each of the four plaintiffs having been found—by virtue of their SDI commitments—to have committed sexually predatory conduct. Since, however, chapter 25-03.3 requires proof by clear and convincing evidence, rather than beyond a reasonable doubt, those state court findings do not conclusively establish that each of the four has been found <u>by proof beyond a reasonable doubt</u> to have committed sexually predatory conduct. The defendants also point to experts for Gores and Aune having conceded at commitment hearings that each had engaged in sexually predatory conduct. (<u>See</u> Doc. #438-1, p. 24; Doc. #438-2, p. 27). But, it is not clear whether the experts were referencing conduct that had been adjudicated by proof beyond a reasonable doubt or by clear and convincing evidence.

---

[2] The order for Olafson's SDI commitment states:

> While a juvenile, [Olafson] became the subject of multiple petitions in juvenile court for delinquent conduct. The delinquent conduct included theft of property. However, it also included other acts of a more violent and sexual nature. In the year 2000 for which the court takes judicial notice, numerous adjudications were made against the respondent for offenses that included simple assault and/or disorderly conduct.

(Doc. #431-3, p. 3).

The court cannot determine whether the acts of indecent exposure which led to juvenile adjudications of Gores, Graham, Aune, or Olafson fall within the parameters of section 25-03.3-01's definition of sexually predatory conduct. Thus, the court cannot determine whether any court has found, by proof beyond a reasonable doubt, that any of the four has engaged in sexually predatory conduct. It is therefore not clear whether any of the four has suffered injury because of the standard of proof which the plaintiffs challenge. Consequently, it is not clear that any of the four meet <u>Lujan</u>'s first element of standing—injury in fact—as to the standard of proof claims.

But, meeting the injury in fact requirement is not sufficient to establish standing. In addition to meeting the injury in fact element, the four plaintiffs must establish the other two <u>Lujan</u> elements—that their injuries are fairly traceable to the defendants' actions and that their injuries would be redressed by a favorable decision in this litigation. The plaintiffs argue that the North Dakota Department of Human Services (DHS) has injured each of the four plaintiffs by "confining them in highly restricted and punitive conditions." (Doc. #430, p. 3). They further contend that their injuries are "fairly traceable" to actions of DHS and the North Dakota State Hospital (NDSH) because those entities are wholly responsible for the conditions of their confinement and because DHS bills them for their commitment.[3] They argue that they meet the redressibility element of <u>Lujan</u> because they seek equitable relief, including that their debts for costs of commitment be vitiated. <u>Id.</u> at 3-4.

---

[3] Of the four plaintiffs discussed in this opinion, only one—Gores—is currently confined at NDSH. Olafson is currently serving a sentence in DOCR custody, and expects to be returned to NDSH when that sentence is completed. Both Aune and Graham have been released from the sex offender treatment program. (Doc. #430-1).

Apr 28 2017 p 154
Appellate Case: 17-1923   Page: 154   Date Filed: 05/01/2017 Entry ID: 4530774

In support of their position, the plaintiffs cite case law from another circuit for the proposition that an injury is "fairly traceable" to a defendant's conduct if that conduct contributed to the injury, even though not the sole cause of the injury.[4] That case concerned allegations that "produced water" discharged into Galveston Bay by oil and gas production companies adversely affected the water quality and wildlife in the bay. The opinion's language upon which the plaintiffs rely is from application of a standard specific to citizen suits under environmental regulations, a case far different from this one.

The alleged injury on plaintiffs' standard of proof claim is, in essence, that the four plaintiffs were committed based on a constitutionally inadequate standard of proof; it is not a challenge to conditions of confinement, but to confinement itself. If so defined, and assuming that none of the four plaintiffs has been adjudicated of sexually predatory conduct beyond a reasonable doubt, they would meet <u>Lujan</u>'s injury in fact requirement.[5] But, that injury would not be fairly traceable to actions to any of the defendants in this litigation. None of the defendants in this litigation were involved in the state court commitment proceedings; any injury any of the four might have suffered because of the standard of proof of their sexually predatory conduct cannot be traced to

---

[4] <u>Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.</u>, 73 F.3d 546, 558 (5th Cir. 1996).

[5] The plaintiffs' claims for continuing injury because of financial responsibility for costs of their confinement would meet the future injury requirement which <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983), imposes in cases seeking solely equitable relief.

Apr 28 2017 p 155
Appellate Case: 17-1923    Page: 155    Date Filed: 05/01/2017 Entry ID: 4530774

any of these defendants.[6] Therefore, none of the four plaintiffs has standing as to the standard of proof claim.

## Conclusion

Having considered the parties' additional briefing, this court reaches the same conclusion made in the September 22nd R&R: the plaintiffs' cross-motion for partial summary judgment should be denied insofar as it concerns a claim that chapter 25-03.3 is facially unconstitutional because it allows SDI commitment <u>both</u> without a prior criminal conviction and without requiring proof beyond a reasonable doubt of sexually predatory conduct.

The parties' objections to the September 22nd R&R address the standing issue discussed in this opinion. **Therefore, any objections they might make to this Supplemental Report and Recommendation must be limited to arguments not raised in their previous filings.** The parties shall have until **December 1, 2016**, to file objections to the Supplemental Report and Recommendation.

Dated this 21st day of November, 2016.

/s/    Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

---

[6] If, in fact, the four plaintiffs were found to have met the first two requirements of <u>Lujan</u>, the court could conclude that they have met the redressibility requirement. That is, the court could order an equitable remedy of cancellation of their debts for the cost of their commitment, if the commitment were found to have been based on a constitutionally inadequate standard of proof.

Apr 28 2017 p 156
Appellate Case: 17-1923     Page: 156     Date Filed: 05/01/2017 Entry ID: 4530774

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Rodney J. Ireland, et al.,

                Plaintiffs,

       -vs-

Maggie D. Anderson, Executive
Director, North Dakota Department of
Human Services, in her official capacity,
et al.,

                Defendants.

Case No. 3:13-cv-03

**ORDER ADOPTING REPORTS
AND RECOMMENDATIONS
(DOCS. #403 & #449)**

On September 22, 2016, the court received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that the defendants' motion for partial summary judgment be granted in part and denied in part and that the plaintiffs' cross-motion for partial summary judgment be granted in part and denied in part.[1]  The magistrate judge also recommended that the plaintiffs' motion to strike be considered a motion to exclude evidence for purposes of these motions and that the document at issue not be considered in connection with the pending motions.[2]

Both the plaintiffs and the defendants filed objections to the Report and Recommendation.[3] The defendants request that the undersigned deny the plaintiffs' cross-motion for partial summary judgment in its entirety because plaintiffs' facial challenge to North Dakota Century Code chapter 25-03.3 fails as a matter of law, and deny the plaintiffs'

---

[1] Doc. #403.

[2] Id.

[3] Docs. #413 & 415.

1

motion to strike because the motion seeks to limit the defendants' ability to defend against the allegations of unconstitutionality by punishing them for complying with HIPAA and disclosing the information in the form ordered by the court.[4]   The plaintiffs request that the undersigned reject the magistrate judge's finding that sexually dangerous individuals are not similarly situated for equal protection purposes with "persons requiring treatment" subject to civil commitment under North Dakota Century Code chapter 25-03.1.[5]  They also requested permission to brief the issue of whether the plaintiffs lack standing to raise certain claims under North Dakota Century Code chapter 25-03.3 regarding commitment without a prior criminal conviction and without requiring proof beyond a reasonable doubt of sexually predatory conduct.[6]   Both the defendants and the plaintiffs filed responses to the other side's objections.[7]

The magistrate judge permitted supplemental briefing on the standing issue related to the plaintiffs' request for a declaration that North Dakota Century Code chapter 25-03.3, on its face, violates substantive due process rights.   After completion of briefing and a review of the new evidence presented by the plaintiffs, on November 21, 2016, the magistrate judge filed a Supplemental Report and Recommendation, finding that none of the four individuals identified by the plaintiffs have standing to pursue the asserted claims.[8]

---

[4] Doc. #413.

[5] Doc. #415.

[6] Id.

[7] Docs. #428 & 429.

[8] Doc. #449.

Apr 28 2017 p 158
Appellate Case: 17-1923   Page: 158   Date Filed: 05/01/2017 Entry ID: 4530774

The plaintiffs filed objections to the Supplemental Report and Recommendation[9] and also filed citations to supplemental authority.[10]   The plaintiffs contend that the Supplemental Report and Recommendation erred in concluding that the identified plaintiffs have not established injury in fact by utilizing a flawed analysis of whether indecent exposure is sexually predatory conduct, misallocating the burden of proof, and construing the "fairly traceable" standard in a way that finds the plaintiffs have failed to establish the requirement. The defendants filed a response to the plaintiffs' objections[11] and also citations to supplemental authority.[12]

A *de novo* review of the record, the parties' arguments, and applicable case law establishes that with regard to the plaintiffs' Eighth Amendment claims, the only claims that survive summary judgment pertain to the plaintiffs whose only sexually predatory conduct occurred while they were juveniles.  No plaintiff, including those identified in the supplemental briefing, has standing to raise a claim that chapter 25-03.3 is facially unconstitutional because it allows SDI commitment both without prior criminal conviction and without requiring proof beyond a reasonably doubt of sexually predatory conduct.  As a matter of law, North Dakota Century Code chapter 25-03.3 is unconstitutional on its face because it does not require that the defendants initiate court proceedings for release of individuals who no longer meet SDI criteria.

In summary, the court hereby adopts the magistrate judge's Report and

---

[9] Doc. #455.

[10] Doc. #477.

[11] Doc. #459.

[12] Doc. #472.

Apr 28 2017 p 159

Appellate Case: 17-1923   Page: 159   Date Filed: 05/01/2017 Entry ID: 4530774

Recommendation and Supplemental Report and Recommendation in their entirety and hereby incorporates the analyses by reference in this order.  Upon *de novo* review, the undersigned is not persuaded by any of the evidence submitted or arguments advanced for reversing the magistrate judge's analysis set forth in the Report and Recommendation or Supplemental Report and Recommendation.  For the reasons stated therein, summary judgment is **GRANTED** in favor of all defendants as to the following claims:

(1)   all claims based on allegations that Rodney J. Ireland, Matthew Graham, Christopher Simon, John Westlie, Michael Kruk, and Roberty Lilley were minors during their SDI commitment proceedings;

(2)   plaintiffs' equal protection claim based on the plaintiffs being similarly situated to persons incarcerated because of criminal convictions;

(3)   plaintiffs' equal protection claim based on plaintiffs being similarly situated to persons requiring treatment under chapter 25-03.1;

(4)   plaintiffs' claim that chapter 25-03.3 is unconstitutional on its face because it does not include a right to a jury trial in SDI commitment proceedings; and

(5)   allegations in the Sixth Amended Complaint that chapter 25-03.3's allowing for indefinite commitment; allowing for commitment without a criminal conviction; or allowing for commitment based on clear and convincing evidence violates substantive due process on its face.

Summary judgment is **GRANTED** in favor of plaintiffs as to the following claim:

(1)   chapter 25-03.3 is unconstitutional on its face because it does not require that the defendants initiate court proceedings for release of individuals who no longer meet SDI criteria.

4

The plaintiffs' cross-motion for partial summary judgment as it relates to a claim that chapter 25-03.3 is facially unconstitutional because it allows SDI commitment both without a prior criminal conviction and without requiring proof beyond a reasonable doubt of sexually predatory conduct is **DENIED**.

The defendants' motion for partial summary judgment as it relates to (a) Larry Rubey's claims; (b) plaintiffs' claim that application of chapter 25-03.3 to those whose only sexually predatory conduct occurred while juveniles and constitutes unconstitutional cruel and unusual punishment; and (c) on any matter other than the plaintiffs' claim that chapter 25-03.3's annual examination requirement does not meet substantive due process standards is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of March, 2017.

/s/   *Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court

5

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NORTH DAKOTA

## NORTHEASTERN DIVISION

|  |  |
|---|---|
| Rodney J. Ireland, Lester McGillis, Gerald DeCoteau, William Carter, Ryan Corman, Matthew Graham, Terry Greak, Glenn Halton, Robert Hoff, Monte Hojian, Jeremy Johnson, Michael Kruk, Garrett Loy, Kevette Moore, Cruz Muscha, Darin Napier, Paul Oie, Timothy Olpin, Larry Rubey, Christopher Simon, Kelly Tanner, John Westlie, Robert Lilley, Darl Hehn, Oliver Wardlow, Joshua Keeping, Matthew Dyer, Travis Wedmore, Kyle Aune, Marcus Bartole, Jason Gores, Estel Naser, Andrew Olafson, Stanton Quilt, Raymond Voisine, Eugene Wegley, David Anderson, Eugene Fluge, Robert Beauchamp, Sandy Mangelsen, and Eugene Hinson,, | Civil No. 3:13-CV-0003-RRE-ARS |
| Plaintiffs, | **NOTICE OF APPEAL** |
| -vs- | |
| Christopher D. Jones, Executive Director, North Dakota Department of Human Services, in his official capacity, Leann Bertsch, Director, North Dakota Department of Corrections and Rehabilitation, in her official capacity, State of North Dakota, North Dakota Department of Human Services, North Dakota Department of Corrections and Rehabilitation, North Dakota State Hospital, and Dr. Rosalie Etherington, Superintendent of the North Dakota State Hospital, in her official capacity, | |
| Defendants. | |

The defendants in the above captioned case, by and through their duly authorized and undersigned counsel, and pursuant to, *inter alia*, 28 U.S.C. §1292(a)(1), hereby appeal to the United States Court of Appeals for the Eighth Circuit from the following:

Apr 28 2017 p 162

Appellate Case: 17-1923   Page: 162   Date Filed: 05/01/2017 Entry ID: 4530774

1.    March 22, 2017 [Doc. 519] **Order Adopting Reports and Recommendations**

**(Docs. #403 & #449)**[1] finding as a matter of law, and granting and ordering partial summary

judgment, that "North Dakota Century Code chapter 25-03.3 is unconstitutional on its face

because it does not require that the defendants initiate court proceedings for release of

individuals who no longer meet SDI [Sexually Dangerous Individual] criteria."  [Doc. 519, pages

3 and 4].[2]

**DATED** this 10th day of April, 2017.

**PEARSON CHRISTENSEN, PLLP**

|  | **STATE OF NORTH DAKOTA**<br>**WAYNE STENEHJEM**<br>**ATTORNEY GENERAL** |

/s/ Daniel L. Gaustad                          

Daniel L. Gaustad (ND ID #05282)
Ronald F. Fischer (ND ID #03707)
Joseph E. Quinn (ND ID #06538)
Special Assistant Attorneys General
24 North 4th Street
P. O. Box 5758
Grand Forks, ND  58206-5758
E-mail: dan@grandforkslaw.com
E-mail: rfischer@grandforkslaw.com
E-mail: jquinn@grandforkslaw.com
Phone:  701-775-0521
Facsimile:  701-775-0524
Attorneys for Defendants

/s/ Elizabeth Fischer                          

Matthew A. Sagsveen (ND ID #05613)
Elizabeth Fischer (ND ID # 07288)
Solicitor General/Assistant Atty General
State Bar ID No. 07288
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone: 701-328-3640
Facsimile: 701-328-4300
E-mail: masagsve@nd.gov
E-mail: elifischer@nd.gov
Attorney for Defendants

---

[1]  Because of the lack of clarity and the untenable position this Order has placed the defendants, North Dakota State's Attorneys, North Dakota state court judges and others who are charged with applying SOTEP [Sex Offender Treatment and Evaluation Program] and N.D.C.C. ch. 25-03.3, the defendants have moved the District Court to reconsider this order, or in the alternative to stay the application of its finding and order that N.D.C.C. ch. 25-03.3 is unconstitutional, until all issues in this case have been decided and a final and non-appealable order and judgment has been entered.  <u>See</u> Court Doc. 523 and 523-1.  That motion is currently pending in the District Court.

[2]  To the extent they are incorporated and adopted by the District Court's March 22, 2017 Order (Court Document 519), this appeal is also of the underlying Report and Recommendation at Court Documents 403 and 449 recommending "chapter 25-03.3 is unconstitutional on its face because it does not require that the defendants initiate court proceedings for release of individuals who no longer meet SDI criteria."  Court Doc. 403.

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2017, the following document:

> **Notice of Appeal**

was electronically mailed to the Clerk of Court and that ECF will send a Notice of Electronic

Filing (NEF) to the following:

Joel Fremstad
James Arthur Teigland
Fremstad Law Firm
300 32nd Ave S, Suite 240
P.O. Box 3143
Fargo, ND  58108

Christopher Brancart
Elizabeth N. Brancart
Brancart & Brancart
P.O. Box 686
Pescadero, CA  94060

Elizabeth A. Fischer
ND Attorney General
500 N. 9th Street
Bismarck, ND   58501-4509

**DATED** this 10th day of April, 2017.

**PEARSON CHRISTENSEN, PLLP**

/s/ Daniel L. Gaustad
Daniel L. Gaustad (ND ID #05282)
Ronald F. Fischer (ND ID #03707)
Joseph E. Quinn (ND ID #06538)
Special Assistant Attorney Generals
24 North 4th Street/ P. O. Box 5758
Grand Forks, ND  58206-5758
Telephone:  701-775-0521
Facsimile:  701-775-0524
E-mail:  dan@grandforkslaw.com
Attorneys for Defendants

# U. S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

*Please note any additions or deletions to the style of the case from the style listed on the docket sheet.*

Case No.  3:13-cv-03                    Ireland et al vs. Anderson et al

Length of trial:  none

Financial Status:       Fee Paid?                                    ☑ Yes          ☐ No
                        If **NO**, has IFP been granted?             ☐ Yes          ☐ No
                        Is there a pending motion for IFP?           ☐ Yes          ☑ No

Are there any other pending post-judgment motions?                  ☑ Yes          ☐ No

Please identify the court reporter:          ☐ No hearings held

    Name:  Kelly Kroke

    Address:  655 1st Avenue North, Fargo ND 58102

    Telephone Number:  701-297-7000

Criminal cases only:
    Is the defendant incarcerated?     ☐ Yes        ☐ No

    Please list all other defendants in this case if there were multiple defendants.

**SPECIAL COMMENTS:**

This is an interlocutory appeal.

Pending motions: Motion for Reconsideration of the Order at 519 adopting the Report and Recommendation.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Rodney J. Ireland, et al.,

            Plaintiffs,

      -vs-

Maggie D. Anderson, Executive
Director, North Dakota Department of
Human Services, et al.,

            Defendants.

Case No. 3:13-cv-03

**ORDER DENYING MOTION FOR
RECONSIDERATION AND
MOTION FOR STAY**

Before the court is the defendants' motion for reconsideration with regard to the court's March 22, 2017, order adopting the magistrate judge's Report and Recommendation or, in the alternative, motion to stay application of the order.[1] Defendants contend the court must reconsider its order because it did not discuss or cite to the Eighth Circuit's decision in Karsjens v. Piper,[2] which it believes controls issues raised in this case. In the alternative, the defendants request a stay of the order until all issues in the case have been fully adjudicated and final judgment has been entered. The plaintiffs resist both requests.[3] On April 27, 2017, the defendants filed a reply.[4] The briefing is now complete. For the reasons that follow, the court denies both requests for relief.

With regard to the Karsjens decision, the Eighth Circuit concluded that the appropriate standard of review to apply to a constitutional challenge to civil commitment

---

[1] Doc. #523.

[2] 845 F.3d 394 (8th Cir. 2017).

[3] Doc. #530.

[4] Doc. #534.

Apr 28 2017 p 166
Appellate Case: 17-1923    Page: 166    Date Filed: 05/01/2017 Entry ID: 4530774

statutes is whether the statute at issue bears a rational relationship to a legitimate government purpose.  This is the standard the magistrate judge applied in her Report and Recommendation[5] and the standard in which the undersigned adopted.[6]

Further, the magistrate judge correctly analyzed North Dakota's civil commitment statutes under the appropriate standard.  The undersigned found no error in the analysis. As such, the court found no reason to engage in further discussion regarding Karsjens or the magistrate judge's analysis.

Although the defendants now contend this court's order cannot be reconciled with the Karsjens decision,[7] they took a very different stance at the summary judgment stage. They asserted the differences between Minnesota and North Dakota's civil commitment statutes are so significant that Karsjens is distinguishable.[8]   Thus, the defendants discounted the applicability of Karsjens when the district court's decision did not favor them and then turn around and fully embrace Karsjens when they interpret the Eighth Circuit's decision as resolving the constitutional issues with regard to North Dakota's civil commitment process, despite their noted differences in North Dakota's and Minnesota's process.

In summary, nothing in the defendants' motion to reconsider persuades the undersigned that it should re-review or re-analyze its March 22, 2017, order.   The defendants' motion to reconsider is **DENIED**.

---

[5] Doc. #403, p. 17.

[6] Doc. #519.

[7] Doc. #523-1, p. 8.

[8] Doc. #403, pp. 30-31.

Apr 28 2017 p 167

Appellate Case: 17-1923    Page: 167    Date Filed: 05/01/2017 Entry ID: 4530774

In the alternative, the defendants request a stay because "the ability of defendants, and hundreds of other state actors, are left with confusion as to the continued viability of the NDSOTP and N.D.C.C. ch. 25-03.3."[9] The plaintiffs contend that nothing has changed in the state's pursuit of civil commitment of sexually dangerous individuals.[10] As all parties are aware, no final judgment has been entered.  The court's order does not direct the defendants to do anything. The defendants have made no changes as a result of the court's order.  The plaintiffs have made no demands on the defendants because of the court's order. Finally, the defendants seek to take an interlocutory appeal and have filed notice of the appeal.  Until there is evidence that a real issue or conflict has arisen as a result of the court's order, a stay by this court is unnecessary.  The defendants' motion for a stay is **DENIED**.

**IT IS SO ORDERED.**

Dated this 28th day of April, 2017.


/s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

---

[9] Doc. #523-1, pp. 10-11.

[10] Doc. #530, pp. 5-6.